**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARRYL GEORGE AND DARRESHA GEORGE** Plaintiffs, | § § § § § | |
| **v.** | § § | **NO.: 4:23-cv-03609** |
| **GREG ABBOTT, KEN PAXTON, BARBER'S HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY AND RYAN RODRIGUEZ.** Defendants. | § § § § § § § | |

<u>**PLAINTIFFS' FOURTH AMENDED COMPLAINT, REQUEST FOR DECLARATORY JUDGMENT, CONSTITUTIONAL CHALLENGE OF THE CROWN ACT OF TEXAS, AND REQUEST FOR TRO AND INJUNCTION**</u>

**TO THE HONORABLE JUDGE:**

Comes now the Plaintiffs, Darryl George, (herein referred to as D.G.) and Darresha George ("Plaintiffs'), represented by Allie Booker, files this Plaintiffs' Amended Complaint, along with a request for a declaratory judgment and request for temporary restraining order and injunction.

Plaintiffs would show unto the Court the following:

## A. INTRODUCTION

1. Plaintiffs D.G. brings a race discrimination disparate impact action pursuant to Title VI of the Civil Rights Act of 1964 and THE CROWN ACT (which in this instance, added Section 25.902 to the Texas Education Code)  against Barber's Hill Independent School District (herein referred to as BHISD), all BHISD employee defendants, and under the theory of bystander liability/failure to intervene against Greg Abbott and Ken Paxton. Whenever Plaintiffs state "THE CROWN ACT" they mean the *new* Section 25.902 to the Texas Education Code which states:

> **PROHIBITION ON CERTAIN DISCRIMINATION IN STUDENT DRESS OR GROOMING POLICY. (a) In this section, "protective hairstyle" includes braids, locks, and twists. (b) Any student dress or grooming policy adopted by a school**

1

**district, including a student dress or grooming policy for any extracurricular activity, may not discriminate against a hair texture or protective hairstyle commonly or historically associated with race, TEC § 25.902.**

2.   Plaintiff D.G. brings a sex discrimination action pursuant to the 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, and THE CROWN ACT  as to BHISD, all BHISD employee defendants, and under the theory of bystander liability/failure to intervene of  as to Greg Abbott and Ken Paxton.

3.   Plaintiff D.G.  brings a Freedom of Speech/ Freedom of Expression action under the First Amendment of the United States Constitution as to BHISD, all BHISD employee defendants, and under the theory of bystander liability/failure to intervene as to all Defendants.

4.   Plaintiff D.G. brings  a Due Process Violation under the 14th Amendment of the United States Constitution as to BHISD, all BHISD employee defendants, and under
 theory of bystander liability/failure to intervene as to Greg Abbott and Ken Paxton

5.   Plaintiff, D.G.  brings a breach of fiduciary duty state claim as to all Defendants.

6.   Plaintiffs (both) bring an intentional infliction of emotional distress claim as to all Defendants.

7.   Plaintiffs (both) brings a bystander liability/failure to intervene claim as to all Defendants for all causes of action, with the exception of failure to supervise/ negligent supervision, breach of fiduciary duty and intentional infliction of emotional distress claims which are three direct claims against all Defendants.

8.   Plaintiffs bring a federal failure to intervene/ bystander liability claim as to both government defendants (Greg Abbott and Ken Paxton) for standing idly by and refusing to use their executive and police powers to enforce THE CROWN ACT law against the peace and dignity of THE CROWN ACT, Title VI of the Civil Rights Act of 1964, the 14th Amendment Equal Protection Clause, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, 1st Amendment Freedom of Speech/Freedom of Expression, and Due Process under the 14th Amendment.

9.   Plaintiffs, Darresha and Plaintiff, D.G. bring this action due to a grooming and dress policy that has been illegally imposed against D.G. since August 31, 2023, by BHISD which has caused him to be subject to  improper discipline and an abrogation of both his Constitutional and state rights.

10. This action arises from the failure of managing executive officials and BHISD to
refrain from the following acts:

2

    a.  Violating Plaintiffs' equal protection;

    b.  Violating Plaintiffs' right to due process;

    c.  Discriminating against Plaintiffs based on race and sex (both directly and through disparate impact);

    d.  Violating their fiduciary duty to Plaintiffs;

    e.  Excessive punishment; and

    f.  Causing Plaintiffs emotional distress.

11. This action also rises from the failure of managing executive officials (govt defendants) Governor Greg Abbott and Attorney General Ken Paxton to perform the following acts:

    a.  Enforce the laws in paragraphs 1-10  above;

    b.  Provide equal protection under the laws for Plaintiffs;

    c.   Provide due process under the laws for the Plaintiffs;

    d.  Ensure that school districts and schools refrain from discrimination based on race and sex (both directly and through disparate impact); and

    e.  Ensure that school districts and schools refrain from using THE Crown Act to cause race and discrimination outright (direct discrimination) and through disparate impact.

12. All Defendants either subjected Plaintiffs' to, or knew or had reason to know that Plaintiffs were being subjected to Constitutional violations and that BHISD was **again**, (*given its history*) failing to adhere to federal and state law. The failure of the Defendants to otherwise abide by and/or enforce the laws above, have resulted in injury to Plaintiffs.

13. The direct acts or acts of omission of the Defendants left the Plaintiffs  no choice except to seek relief for these violations in federal court.

## B.    PARTIES

14.    DARRESHA GEORGE, PLAINTIFF, is the mother and legal guardian of D.G. (for educational purposes). She is a resident of Chambers County, Texas. Her son attends Barber's Hill High School, located in Mont Belvieu, (Chambers County) Texas. Barber's Hill High School is a school in Barber's Hill Independent School District (herein referred to as "BHISD"). She is suing in her own capacity as she has her own separate claim against the Defendants.

15. Darryl George, PLAINTIFF, is a junior who attends Barber's Hill High School in Mont Belvieu, Texas, located in Chamber's County. Plaintiff wears his hair locs as an expression of cultural pride. His

refusal to cut his locs forms the basis of this litigation.

16.    DEFENDANT, GREG ABBOT, is the governor of Texas. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high-ranking official, policymaker, and enforcer of the law. He is also the chief executive power for Texas and is the governing force behind the protection of individual liberties and governing education in Texas. The governor makes policy recommendations that the House and Senate chambers may sponsor and introduce as bills. The governor appoints and oversees the members of boards and commissions who oversee the heads of the state agencies and departments. He signs or vetoes bills passed by the Legislature, convenes special sessions of the Legislature for specific purposes, and orders the attorney general to make legal opinions, when necessary, See Exhibit 1, page 1. He is guilty by omission and as a bystander to BHISD's acts towards the Plaintiffs. He protects BHISDs improper actions and violations of law (found in above paragraphs  which are included but not limited to improper punishment of Plaintiff for violating a dress and grooming code that is unconstitutional and that is not proper under the CROWN ACT (of Texas) that he recently signed (which went into effect on September 1, 2023).  He allowed the acts committed by BHISD (See paragraphs 1-11)  to be committed and did **nothing** to prevent the acts despite the fact that he has  the ability to do so. He is sued both in his official and his individual capacities as to **all** causes of action. He may be served at wherever he may be found.

17.    DEFENDANT, KEN PAXTON, is the attorney general of Texas. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high- ranking official, policymaker, and enforcer of the law. He is also the chief lawyer for Texas and is the governing force behind the protection of individual liberties and governing education in Texas. The attorney general defends the laws of the Constitution of the United States, represents the state in litigation, and issues legal opinions. The attorney general serves as legal counsel to the boards and agencies of state government. He issues legal opinions when requested by the governor, heads of state agencies and other officials and agencies as provided by statute. He sits as an ex-officio member of state committees and commissions and defends challenges to state laws and suits against both state agencies and individual employees of the state. The attorney general also files civil suits upon referral by other state agencies and serves and protects the rights of all citizens of Texas through the activities of the various divisions of the agencies,  See Exhibit 1, page 2. He is guilty by omission and as a bystander to BHISD's acts towards the Plaintiffs. He protects BHISDs improper actions and violations of law (found in above paragraphs  which are included but not limited to improper punishment of Plaintiff for

violating a dress and grooming code that is unconstitutional and that is not proper under the CROWN ACT ((of Texas) which went into effect on September 1, 2023).  He allowed the acts (*See* paragraphs 1-11) by BHISD to be committed and did nothing to prevent the acts despite the fact that he has the ability to do so. He is sued both in his official and his individual capacities as to all causes of action. He may be served at wherever he may be found.

18. BHISD, is a political subdivision and a public school district duly organized under the laws of the State of Texas having its principal place of business in the city of Mont Belvieu, located in Chambers County, Texas.

19. Greg Poole is the Superintendent of BHISD. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high- ranking official, policymaker, and enforcer of dress and grooming code including the rules, and regulations of BHISD. He is the chief policy maker of BHISD, and he manages the day-to-day running of BHISD. He sits as an ex-officio member of the school Board. He asserts and protects BHISDs improper actions and violations of law (found in paragraphs 1-11). He is responsible for the improper punishment of Plaintiff for violating a dress and grooming code that is unconstitutional and that is not proper under the CROWN ACT. Greg Poole knew or had reason to know that THE CROWN ACT covers Plaintiff's hairstyle and that it went into effect on September 1, 2023. This Defendant is being sued in his official and his individual capacity as to all causes of action. He may be served at wherever he may be found for both BHISD and his self.

20. Lance Murphy is the principal at Barber's Hill High School. Barber's Hill High School is the school Plaintiff attends. Barber's Hill High School is located within and is managed by BHISD. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high-ranking official, policymaker, and enforcer at the high school that Plaintiff attends. He is the chief policy maker of the high school, and he manages the day-to-day running of the high school. He asserts and protects both his and BHISDs improper actions and violations of law (found in paragraphs 1-11). He is responsible for the improper punishment of Plaintiff for violating a dress and grooming code that is unconstitutional and that is not proper under the CROWN ACT. Lance Murphy knew or had reason to know that THE CROWN ACT covers Plaintiff's hairstyle and that it went into effect on September 1, 2023. He allowed the acts (See paragraphs 1-11) by BHISD to be committed and did nothing to prevent the acts despite the fact that he has the ability to do so. He is sued both in his official and his individual capacities as to all causes of action. He may be served at wherever he may be found.

21. Ryan Rodriguez is one of the main actors assigning the ISS and school discipline to

Plaintiff.  He is the assistant principal at Barber's Hill High School. Barber's Hill High School is the school Plaintiff attends. Barber's Hill High School is located within and is managed by BHISD. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high- ranking official, policymaker, and enforcer at the high school that Plaintiff attends. He is the one of the chief policy makers of the high school, and he co-manages the day-to-day running of the high school. He asserts and protects both his and BHISDs improper actions and violations of law (found in paragraphs 1-11). He is responsible for the improper punishment of Plaintiff for violating a dress and grooming code that is unconstitutional and that is not proper under the CROWN ACT. Ryan Rodriguez knew or had reason to know that THE CROWN ACT covers Plaintiff's hairstyle and that it went into effect on September 1, 2023. He allowed the acts (See paragraphs 1-11) by BHISD to be committed and did nothing to prevent the acts despite the fact that he has the ability to do so. He is sued both in his official and his individual capacities as to all causes of action. He may be served at wherever he may be found.

**Plaintiff reserves the right to add any other potential parties and/ or actors to this lawsuit.**

### C.  JURISDICTION AND VENUE

22.     This Court has jurisdiction over the subject matter of this civil action pursuant to Title VI of the Civil Rights Act of 1964, 28 U.S.C. §1331 and 28 U.S.C.§1343. This Court has jurisdiction pursuant to a federal question. Venue is proper in the Southern District of Texas because the unlawful acts of discrimination described herein occurred within Texas and all Parties to this action conduct business and/or reside in the Defendants.

### D.  FACTS

23.     The *ever-controversial* BHISD is a school district within Chambers County, Texas. Barber's Hill High School, a school within BHISD is the school that Plaintiff, D.G. attends as a junior (11th grader). BHISD is well-known for racial discrimination and their dress and grooming code. BHISD, like many Texas school districts, maintains and regularly revises their dress and grooming code that outlines the standards to which students are held. This particular school district has a dress and grooming code which includes a hair length policy, which provides in relevant part:

[Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes when let down. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down], *See* Exhibit 2.

24.     It must be noted that this school district actually **banned** loc's, braids, twists and protective hairstyles as a whole before being sued in federal court in May of 2020. It was after that that BHISD amended their grooming policy (mid-stroke) and added the additional hair length restriction, *Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511, 2020 U.S. Dist. LEXIS 148137, 2020 WL 4805038. The government defendants remained inactive within that litigation and have simply watched minors battle BHISD in federal. Luckily, the United States Attorney General's Office moved to enter its legal opinion to aid the United States District Court and the parties in the *DeAndre Arnold* case. The inaction of the government/state official defendants shows the very hand in which they play as they sit back and allow further discrimination to take place at the same school *even after* THE CROWN ACT was passed and instituted. The State official Defendants' adamant refusal to intervene, and culture of standing idly by has resulted in further discrimination and abrogation of the rights of **these** Plaintiffs.

25.     One day before the CROWN Act law (*See* Exhibit 3)  was to be active, or on August 31, 2023, BHISD began launching their "assault" against Plaintiff. Plaintiff was pulled out of class by assistant principal, Ryan Rodriguez, and the injuries for which Plaintiff complains of within this complaint began. At BHISD, district administrators discipline students who violate the dress and grooming code as those administrators deem appropriate (e.g., in-school suspension, sitting on a small stool for 8 hours with intent to cause pain to the buttock of the child, and feeding the child sandwiches like a prisoner with the intent to deny him hot food). Unfortunately, the disparate impact of the enforcement of their dress and grooming code is against black males and/or black males with locs, braids, twists, and protective styles. BHISD has other students presently (and in the past) that they have allowed to have long hair and/or hair that is against their dress code and grooming policy. BHISD is guilty of singling out Plaintiffs due to Plaintiff D.G.'s locs, despite the  hair length requirement being their pretextual reason for putting Plaintiff D.G. in ISS.  BHISD and BHISD employee defendants have only enacted and or applied their hair length grooming policy to black males and/or black males with locs, braids, twists, or protective styles. BHISD is essentially enforcing the **exact** same policy that they changed during the *DeAndre Arnold* case, and before they added the length requirement.  BHSID currently (as

they have been caught doing in the past) fails to enforce its own hair and grooming policy *fully*. The reason being is because their policy was only made to discriminate and/or be applied to black males and/or black males with locs, braids, twists and protective hairstyles. This is why the only students being effected by BHISD's dress code and grooming policy are black males and/or black males with locs, braids, twists and protective hairstyles.  Therefore, BHSID and BHISD employees unequally apply their grooming code and/or the grooming code only effects black males and/or black males with locs, twists, braids, or protective hairstyles.

26.     BHISD and BHISD employees have disciplined Plaintiff D.G. repeatedly and non-stop since August 31, 2023. Plaintiff has not been in his regular class and has been in in school suspension (herein referred to as ISS) since August 31, 2023. When Darresha George, Plaintiff and next friend of Plaintiff, D.G. requested hot food for her child, she was told that she must *buy* him hot food if she wants him to have it. It must be noted that even though Plaintiff, D.G. qualifies for a *free* lunch, which is hot, he was denied this free lunch. Instead, he was given a mere sandwich in a bag (made with processed meat and cheese) and given an 8 oz bottle of water to drink (for the entire day). Other children, who were not being disciplined for their hair were allowed to eat hot food as a part of the free lunch program.  Plaintiff, D.G. has been denied adequate food and water while in ISS and denied the free lunch and breakfast program that he is *entitled* to under both state and federal law. Plaintiff, Darresha George does not have the money to buy Plaintiff, D.G.'s lunch, which is why he [Plaintiff D.G.] qualifies for free lunch and breakfast. All Defendants are aware of this punishment imposed by BHISD and as to the public stance that BHISD has taken regarding their dress and grooming policy and the CROWN ACT (as well as other listed state and federal laws). BHISD and BHISD employees have not enforced their dress and grooming code against none other than black males and/or black males with braids, twists, locs and/or protective hairstyles.

27.     Plaintiff, D.H. is being unethically hazed by adults at BHISD (whom are BHISD defendant employees sued here) with the intent to  disturb his morale and cause intentional infliction of emotional distress to both he and his ailing mother. His mother has fallen ill due to stress and has had a series of seizures. She has suffered hospitalization as a result of the inaction of the Defendants, for which she complains of in this petition.

28.     BHISD and BHISD employees who are sued here, have threatened DAEP (alternative

learning center/school) placement. This cruel treatment and adversarial environment instituted by BHISD bears primarily on race discrimination, gender/sex claims and is a direct violation of federal law and THE CROWN ACT. Although all Defendants are aware that BHISD has been, since 2019, displaying this conduct, they refuse to do anything about it, thereby tacitly consenting to, and promoting BHISD's race and gender discrimination (as well as their refusal to follow the CROWN ACT law of Texas). BHISD defendants have been the direct actors of such.

29.    All Defendants know or have reason to know that BHISD's grooming policy pretextually focuses on the current hair length but is aimed at the *hair style.* The Defendants also know or have reason to know that the grooming policy has a disparate impact on Black/African American males.  The Defendants  know or have reason to know that for BHISD hair violations, students have until the following school day to correct the violation after serving their required ISS sentence. Plaintiff, D.G. has been in ISS since August 31, 2023, without  recourse from any of the Defendants.

30.    The government defendants (Greg Abbott and Ken Paxton) fail to intervene, and they provide no due process that is adequate under the circumstances.

31.    Due to the acts of BHISD and BHISD employee defendants (as well as the inaction of the government defendants) Plaintiff, D.G. has been repeatedly denied access to teaching materials and teaching instruction in ISS and dawns grades that are basically all "F's." The government Defendants know or have reason to know about the disparate impact of their CROWN ACT on Black/African American males (who have braids, twists and locs)  and the disparate impact on Black/African- American males at BHISD (given the district's history, past and present actions, and public stance on the CROWN ACT with respect to its policy). BHISD and BHISD employee defendants know or have reason to know about the disparate impact of their dress and grooming code on Black/African American males and the disparate impact on Black/African- American males with locs, braids, twists, and protective styles at BHISD (especially given the district's history, past and present actions, and public stance on the CROWN ACT with respect to its policy). BHISD commits discrimination pursuant to THE CROWN ACT (of Texas) as it engages in the exact protected act against the exact protected individuals that they law, authored by Rhetta Bowers, was designed to guard against. Then, the Defendants seek to use a misstatement

in the Texas Tribune claimed to have been made by Rhetta Bowers to support the very behavior that she (Bowers) has devoted four years of her life fighting against. The Defendants know that they have no business engaging in these horrible behaviors. This sick discrimination by school officials whom many blacks/African Americans must entrust their kids to must be rectified. As if the first lawsuit was not enough, BHISD, even after federal ruling and THE CROWN ACT, still engages in discrimination. Their conduct is outrageous.

32.     Plaintiff, D.G. has worn his natural hair in locs as an outward expression of his Black identity and culture for several years now. He has the hair of his stepfather, his father, and other family members tied and sewn off into his locs as is indicative of his culture.  He has not cut his hair since the time the locs began to form and was strategically targeted by Ryan Rodriguez and other district personnel the day before the law went into effect, despite the fact that school started on or about August 16, 2023.  BHISD and BHISD employee defendants have repeatedly and with malicious intent, disciplined him excessively for violating the dress and grooming code by assigning him to in-school suspension and now, DAEP.

33.     It must be noted that since the filing of this case, several non-black male students have come forward and have been seen with hair that is against the dress and grooming code and these males have not been disciplined or accosted by the BHISD or BHISD Defendants. Moreover, black male teachers have been accosted and made to cut their hair despite the lack of enforcement of this grooming code against non-black males.

34.     Moreover, there has been a middle school principal (within the past two weeks) that has either been fired or resigned after he refused to launch this exact campaign against Darryl George's little brother (who is middle school aged and at a BHISD intermediate school campus). It must be noted that further, since the inception of this case, BHISD and the Defendants have attempted to begin to harass the little brother of Darryl George with the same discriminatory dress and grooming code that they seek to enforce against Darryl George. It must be noted that the dress and grooming code (as it relates to hair) has never been enforced anywhere within BHISD except for the high school where Darry George attends. Within the past two weeks, the principal of the intermediate school has either resigned or been fired due to the pressure imposed upon him be the Defendants and BHISD to enforce this same dress and grooming code against Darryl George's little brother who attends a BHSID Intermediate

School. The principal of the intermediate school has long been given the ability to refrain from imposing the dress and grooming code as it relates to hair against his middle school students (intermediate students) but since this case has been filed, the principal has been pressured to take action (the same disciplinary action) against Darryl George's little brother, that they have taken against Darryl George. That intermediate school principal is no longer employed as the school principal over the school Darryl George's little brother attends, since he refused to discipline Darrly George's brother. BHISD has begun to launch assaultive campaigns against the George Family by writing about them to all of the students and parents in the school newspapers, having Poole submit district-wide emails about the George family and how they are making the district look bad, and even garnering support from the community to force Darry George and his family out of the school and out of the community with community assistance from BHISD students and parents.

35.     In addition, Darryl George has been denied his opportunity for a Level III Grievance, and for a timely grievance hearing. He has also been denied his educational records challenge hearing that he requested several months ago, and his attorney has been denied a copy his complete school records despite written requests and confirmation of receipts of these requests by District personnel (BHISD).

36.     BHISD is now stalling and trying to keep Darry George from getting his Level III Grievance hearing despite over twenty requests for such by Counsel and Darresha George.

37.     BHISD is now stalling and refusing to issue a date for Darryl George's educational records challenge hearing despite the same number of requests for such by Counsel and Darresha George. Moreover, the District taunts Darryl George and Darresha George as they have cut off all access to his educational records since the educational records challenge has been filed and refuse to give the records to Plaintiffs. Then the District, in and through Mandy Malone, stated that Darryl and Darresha George must attach the records that they object to, to the educational records challenge knowing full well they have cut access to the records and refuse to give these records to Plaintiffs or their counsel.  BHISD and the Defendants, knowing Darresha George and Darryl George's mental state and health issues, still bullies the Plaintiffs, ignores their requests and sends them in circles (refusing to honor these requests in an effort to frustrate Plaintiffs and drive their health down more so that Plaintiffs will just give up and leave their District).

38.     The actions of the Defendants are far more than the institution of address and grooming

code and because of the acts of the Defendants, Darresha George has had to contact police and have the police monitor her home for the safety of she and her children due to the mass emails and newspaper editorials sent out about them by BHISD, Defendant Poole and Defendant Murphy. For this, the Defendants, Pools and Murphy (as well as BHISD) should suffer stringent punishment. They should also suffer stringent punishment for the acts above which are mentioned in paragraphs 33-37 by way of exemplary (punitive) damages.

39.     The school district has stated that the Defendant's CROWN ACT allows this discriminatory conduct/ impact and has even cited specific members of State level government who have given them the "green light" as to such deplorable conduct, despite the public opinions written by the CROWN ACT's sponsors and co-authors, See Exhibit 4. After the federal court's ruling in *Arnold v. Barbers Hill Indep. Sch. Dist*., the government Defendants never saw to it that this federal ruling was incorporated within the State's  regulations and policies with respect to education. Furthermore, once THE CROWN ACT was passed the government official defendants, never made sure that THE CROWN ACT's policy was incorporated in the dress and grooming codes of the schools as the Act directs.  The lack of policing action on part of the Defendants has allowed BHISD to commit these same acts all over again to other students such as Plaintiff, and all while *Arnold v. Barbers Hill Indep. Sch. Dist*., is still pending litigation,  and whose dress and grooming code has been deemed school policy is unconstitutional.

40.     BHISD and BHISD employee defendants have a duty to ensure that their schools abide by the law. BHISD and its employees must equally apply the rules to all of their students, not just black males and/or black males with locs, twists, braids, and protective styles. They also have a duty to adhere to federal law and previous federal rulings that they have or should have knowledge of which relate to their conduct and practice.

41.     The Defendants have a duty to ensure that its schools and school districts stay in compliance with federal law and state law. The Defendants have a duty to protect and serve those similarly situated to the Plaintiffs, and to respect the rulings of federal judges. The BHISD Defendants have a duty to ensure that their school rules are in line with state law, federal law, and federal rulings as well. The government Defendants have done nothing. As the state's top law enforcement officer and the state's top official, Attorney General Paxton and Governor Greg Abbott are responsible for upholding State and federal law.

42.     Moreover, Plaintiffs preempt the need to add the commissioner of Texas Education Agency (herein referred to as "TEA")  as he is the policymaker, policy enforcer and most direct

governing body of the school districts and charter schools in Texas (such as BHISD).TEA is responsible for overseeing all school in the State of Texas from kindergarten through high school. The Texas Education Agency has jurisdiction to investigate violations of school law concerning Local Education Agencies (LEAs) (school districts and charter schools), certified educator certificate holders, and educator preparation programs, as well as handling appeals (pursuant to TEC §7.057)  to grievances filed at the local level where the school district's decision is not adequate for the aggrieved individual.

## COUNT ONE and COUNT TWO

**(Disparate Impact Discrimination Based on Race in Violation of Title VI of the Civil Rights Act of 1964 and THE CROWN ACT & Disparate Impact Discrimination Based on Sex in Violation of Title VI of the  Civil Rights Act of 1964, 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, and THE CROWN ACT (of Texas))**

43. The foregoing paragraphs are realleged and incorporated herein. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as they relate to all above-listed Defendants. The Defendants' conduct as alleged at length herein constitute the promotion of disparate impact (also called adverse impact) discrimination under Title VI of the  Civil Rights Act of 1964 because a recipient of federal funds from FHWA (in this case, BHISD) adopted a procedure or engaged in a practice that has a disproportionate, adverse impact on individuals who are distinguishable based on their race, and sex— even if the recipient (BHISD) did not intend to discriminate. The Defendants have stood by when they know or have reason to know  of the actions of an agency whom it has the power to govern and control, is abrogating the student's rights via disparate impact discrimination (both race and sex) in and through its grooming and dress code. Moreover, the actions of BHSID and the refusal of the Defendants to act is causing Plaintiff D. G. to be denied equal protection under the laws.

44. Plaintiff D.G. should be permitted to wear his hair in the manner in which he wears it (which is gathered in a style above his ear lobes, shirt collar, and eyebrows) because the so-called neutral grooming policy has no close association with learning or safety and when applied, disproportionately impacts black males as a protected class (race/sex) of student/citizens, See Exhibit 5.

.

## COUNT THREE

### (Freedom of Speech/ Freedom of Expression action under the First Amendment of the United States Constitution)

45. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by reference herein. The Defendants' conduct as alleged at length herein constitutes an abrogation of freedom of expression. Self- expression enables an individual to realize his or her full potential as a human being. The right of individuals to express their thoughts, desires, and aspirations, and to communicate freely with others, affirms the dignity and worth of each and every member of society. As such, the First Amendment protects that right. Defendants have refused to prevent BHISD and other similarly situated from abrogating the right to freedom of expression by Plaintiff and others who have braids, locs, twists, and protected styles despite the CROWN ACT and other federal law that guards against such actions. The state officials (governor and attorney general) have allowed BHISD the ability to limit the freedom of expression of students wearing locs, braids, twists and protective styles without justification and demonstrating a substantial need to protect these interests. The Defendants cannot show that the limitation on freedom of expression that they allow BHISD and others to restrict is proportionate to the legitimate aim pursued and that there are no less restrictive means available. BHISD and BHISD employees are guilty actors who have done whatever necessary to ensure that Plaintiff D.G.'s First Amendment rights are violated daily with their institution of discipline and their unconstitutional dress code and grooming policy.

## COUNTY FOUR

### (Due Process Violation under the 14th Amendment)

46. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by Reference herein. The Defendants' conduct as alleged above constitutes due process violations under the 14th Amendment because they fail to stop schools and school districts from making and enforcing student dress and grooming policies which abridge the privileges or immunities of citizens of the United States and that deprive persons like Plaintiff D.G. of life, liberty, or property, without adequate due process of law, and they allow the schools and districts (in and through

their dress code and grooming policies) to deny students equal protection of the laws. BHISD and BHISD employee defendants are direct actors in the violation of Plaintiff's due process and rights. They punish him over and over and have denied him the religious exemption. They fail to recognize his hairstyle as an exception to their school policy, despite THE CROWN ACT.

## COUNT FIVE
### (State: Breach of Fiduciary Duty)

47. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by reference herein. The Defendants' conduct as alleged above constitutes breach of fiduciary duty. The Defendants owe the Plaintiffs and other citizens similarly situated to Plaintiffs  a fiduciary duty to protect and serve them, as well as to enforce and institute laws on their behalf. The Defendants have breached their duty to Plaintiffs, which have resulted in Plaintiffs suffering harm for which they seek reprieve. BHISD and BHISD employee defendants owe a legal duty to the Plaintiffs. They put their own racist and/or discriminatory beliefs before the law (and THE CROWN ACT). They refuse to follow the law and ensure that their dress code comports with the law and the spirit of the law. In that way, they breach the duty owed to Plaintiffs, and for that they are liable to Plaintiffs.

### COUNT SIX- HARRASSMENT (State claim)

48. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants.  The Defendants individually and collectively have caused an injury to Darryl George by an act or acts  meant to annoy, torment, embarrass, abuse, alarm, or harass Darryl George based on his "protected status." The protected status refers to specific aspects of the person's identity, due to which they are considered to be in a vulnerable position. The harassment has been school-place harassment, harassment by a person the victim has never been romantically involved, and abuse of a dependent adult.

## COUNT SEVEN
### (Intentional Infliction of Emotional Distress)

49. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. Both Plaintiffs now sue for intentional infliction of emotional distress (herein referred to as IIED). The defendant's acts and omission to act constituted outrageous behavior/conduct. The Defendants' acts purposely or recklessly caused Plaintiffs emotional distress so severe that it could be expected to adversely affect mental health. Both Plaintiffs sue for IIED. The defendants' conduct caused such distress, emotional harm, and irreparable emotional damage to both Plaintiffs.

## COUNT EIGHT- FEDERAL ABRIDGMENT OF BODILY INTERGRITY
## (14TH Amendment and 42 U.S.C. § 1983)

50. Plaintiff, D.G. hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. All the Defendants knew of impending danger, were recklessly indifferent to it, and through authority vested in them by the state including but not limited to the public school and board of education, knowingly created a dangerous environment that led to otherwise preventable injury. D.G.'s deprivation of rights is consistent with BHISD's custom or policy, and or results from an act of the Defendants who are ultimately responsible for setting policy in that area of school business. These acts abridged the bodily integrity of Plaintiff, D.G. and presented unjustified instructions on his personal security. He was and still is subjected to excessive corporal punishment.

### (Federal failure to intervene/ Bystander liability)

51. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all Defendants.

52. All Defendants have  a history of engaging in forbidden practices as complained of above. All Defendant's failures to adequately enforce federal and state law and force BHISD and others to refrain from discrimination, was not done according to the law, and caused an extremely prejudicial effect. Plaintiff sustained extensive injuries as well as IIED wounds. In addition, due to the fact that all of the above high-level ranking officials know or have reason to know that their schools and school districts engage in a pattern of discrimination and brutality against students, they should have enforced state law.

16

They have failed to do so, and as such, are liable to Plaintiffs for their failure to intervene and for bystander liability. Because the Defendants are high ranking officials, have the authority to stop the actions of BHISD  and do nothing to schools and school districts accused of such conduct, they are tacitly consenting to said conduct.  Had the CROWN ACT, and other law  been enforced by the government official defendants, these school districts, and schools (BHISD and BHISD employees) would not have been able to harm the Plaintiffs (and none of this would have happened).

53. All Defendants knew or should have known of the aforementioned discriminatory and other listed conduct and have done nothing to fix the fact that their schools and school district are behaving in this manner. In addition, high ranking official Defendants knew or should have known that there were complaints from students and Plaintiff as to such so that they, should have enforced proper procedure for the schools and school districts to refrain from such complained of practices.

54. As a result of the Defendants refusal to adequately follow, implement and/or supervise, their schools, school districts, officers and employees in a timely manner, Plaintiffs lost loss of enjoyment of life, suffered emotional injury, suffered discrimination, and was denied equal protection and due process under the law. As a direct result of the Defendants' failure to police BHISD and others, as high level officers, Plaintiffs has been harmed constitutionally, lost enjoyment in their lives, suffered injuries, and infliction of emotional distress.

55. Plaintiffs had the following clearly established rights at the time of the complained of conduct:

a.  the right to be free from discrimination and the injuries which flowed from it under the Constitution and state laws as listed.

56. Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the that time. Defendants are not entitled to immunity for the complained of conduct. Defendants, at all times relevant, policymakers, and head authority figures for the State of Texas and the schools within its borders, and in that capacity, established policies, procedures, customs, and/or practices for the same. These high-ranking official Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from

17

conscious or deliberate choice to follow a course of action from among various available alternatives.

57. The Defendants who are high ranking officials and school administrators , have allowed BHSID to create and tolerate an atmosphere of disparate impact discrimination (race and sex), and have developed and maintained long-standing, state-wide customs, law enforcement related policies, procedures, practices, and/or failed to properly supervise its school districts and schools in an adequate manner. The Defendants have tolerated an atmosphere of discrimination. The inadequacy of their refusal to force BHISD and others similarly situated to BHSID ,to follow the law, are so likely to result in the continued violation of constitutional and federal rights such as those described herein, that the failure to provide supervision, and be an idle bystander is deliberately indifferent to those rights.

58.  As a direct result of all Defendants' unlawful conduct, Plaintiff has suffered actual constitutional and emotional injuries, as well as other damages and losses as described herein, entitling them to compensatory and special damages, in amounts to be determined at trial. On information and belief, Plaintiffs may suffer damages from the not yet fully ascertained sequelae of events in amounts to be ascertained in trial.

59. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and cost as allowable by federal law. There may also be special damages for lien interests. Plaintiffs also move for exemplary and/or punitive damages for any causes of action allowed due to the harassing and malicious nature of the conduct of all of the Defendants.

### REQUEST FOR DECLARATORY RELIEF

60. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 28 U.S. Code § 2201, Title VI of the Civil Rights Act of 1964,  the 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, supervision and failure to use police power with respect to the rights described herein, and with respect to the ongoing policy and/or practice of BHISD (and others similarly situated to BHISD) for failing to abide by the law, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction. Plaintiffs seek declaration as to whether the dressing and grooming code restrictions limiting student hair length for those who are prima facially

covered by the CROWN ACT (of Texas) is unconstitutional. Plaintiffs seek declaration as to whether the Defendants have a duty to ensure that their schools and school districts refrain from imposing length requirements where the CROWN ACT and other state and federal law apply (as exceptions).

*CONSTITUTIONAL CHALLENGE TO CROWN ACT (OF TEXAS)*

61. Furthermore, Plaintiffs hereby present an "as applied" challenge to the Constitutionality of the Crown Act (of Texas) by way of improper interpretation and application of the law. Although the law is not prima facially discriminatory, the law is so vague that it can be and has been used as a way to discriminate against protected classes. As the facts of this case present, Barber's Hill ISD is using this law to discriminate against black males with their dress and grooming code. The vagueness of the law creates a gateway for others who want to discriminate against black males (like BHISD) to do the same in education, employment and/or property despite the beautiful spirit of the law. As such, Plaintiff's notify the parties and the Attorney General of the Constitutional challenge pursuant to Fed. R. Civ. Pro. 5.2 and request certification under 28 U.S.C. §2403.

## REQUEST FOR TRO AND PRELIMINARY INJUNCTION

62. Plaintiffs seek an injunction against the Defendants to compel them to use its authority, policy making, and police powers to stop themselves, BHSD, and others similarly situated from exposing BHISD and Texas students to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are **alleged to be** or that are longer than the District or schools' length requirement. The Defendants should be compelled to halt and/or cause its schools to halt all disciplinary action pending and future, for those who have locs, braids, twists and protective styles. The Defendants should be compelled absolve its schools and school districts of the right to enforce their dressing and grooming policy against anyone who has locs, braids, twists, or protective styles as they relate to both style **and** length. Defendants should be compelled to assist Plaintiff and others similarly situated (those who have locs, braid, twists and protective styles) from being subject to the unconstitutional length requirements of the schools and/or districts dress and grooming codes (that also go against THE CROWN ACT).

63. The injunction sought by Plaintiffs does not maintain the status quo and is mandatory in nature. Here, the Plaintiff stands an extremely good chance at succeeding. Plaintiffs have established a

substantial likelihood of success on the merits of their claims. Moreover, Plaintiffs [movants] can easily demonstrate that, without injunctive relief, they will suffer an irreparable injury for which damages are an inadequate remedy." *Jones v. American Council on Exercise*, 245 F. Supp. 3d 853, 867 (S.D. Tex. 2017) (quotation marks omitted) (J. Miller). "[T]he injury at issue must be actual and imminent, not speculative or remote." *Allied Home Mortgage Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011) (J. Harmon), *Arnold v. Barbers Hill Indep. Sch. Dist.*, 2020 U.S. Dist. LEXIS 94317, *5, 2020 WL 2813496. Plaintiff D.G. is still a student at BHSID. Plaintiff D.G. sits in ISS every day and has done that since August 31, 2023. Plaintiff D.G.'s grades are suffering and are "F." Moreover, Plaintiff D.G. cannot participate in any extracurricular activities, including football, which is his passion. The threat of harm that Plaintiff D.G. faces such as the conditions of ISS, the damage to his grades, and the damage to his educational and disciplinary file pose an actual and imminent threat of irreparable injury to Plaintiff, D.G. Moreover, the relative weight of the threatened harm to the Plaintiffs if the injunction is denied outweighs the threat of harm faced by the Defendants.

64. If this TRO and injunction is not granted only the Plaintiff will be harmed. The Defendants will not suffer at all. The public will not suffer harm to its interest if an injunction is granted. In fact, the rights of Plaintiff D.G. will continue to be violated if this injunction is denied. It is always in the public interest to prevent the violation of a party's constitutional rights," *Jackson Women's Health Organization v. Currier,* 760 F.3d 448, 458 n.9 (5th Cir. 2014) (quotation marks and brackets omitted). Conversely, "[p]ublic interest is never served by a state's depriving an individual of a constitutional right," *Kite v. Marshall*, 454 F. Supp. 1347, 1351 (S.D. Tex. 1978);*Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511, 531, 2020 U.S. Dist. LEXIS 148137, 2020 WL 4805038.

## PRAYER FOR RELIEF

65. WHEREFORE, Plaintiffs, Darryl George and Darresha George pray for the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful and violate 28 U.S. Code § 2201, Title VI of the Civil Rights Act of 1964, the 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d and the CROWN ACT (of Texas);

b. A response from the court to the Constitutional challenge as presented by Plaintiffs;

c. A permanent injunction against the defendants, it officers, agents, successors,

employees, representatives, and any and all persons acting in concert with the above-named companies, prohibiting them from engaging in unlawful acts including but not limited to race and sex discrimination against students;

d.     and other affirmative relief necessary to eradicate the effects of the inaction of the defendants;

e.     For compensatory damages against all defendants in the amount approved at trial;

f.     For exemplary and punitive damages against all defendants;

g.     For costs of suits herein, including plaintiffs' reasonable attorney fees;

h.     For such other and further relief as the Court deems proper; and

i.     Such further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

66. The Plaintiffs demand a trial by jury of all triable issues in this action.

Respectfully Submitted,

**THE BOOKER LAW FIRM**

_/S/Allie R. Booker_
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 (office)
(713) 583-3999 (facsimile)
COUNSEL TO PLAINTIFFS

## NOTICE OF ELECTRONIC FILING

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 4th  day of December, 2023.

*/s/Allie Booker*
Allie Booker

## CERTIFICATE OF SERVICE

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have forwarded, a true and

correct copy of the above, to all parties in this case, in accordance with The Federal Rules of

Civil Procedure, on this on this the 4th  day of December 2023.

*/s/Allie Booker*
Allie Booker

22