# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DARRYL GEORGE AND** | § | |
| **DARRESHA GEORGE** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **C.A. No. 4:23-CV-03609** |
| | § | |
| **GREG ABBOTT, KEN PAXTON,** | § | |
| **BARBERS HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT, GREG POOLE,** | § | |
| **LANCE MURPHY AND RYAN** | § | |
| **RODRIGUEZ** | § | |
| | § | |
| *Defendants.* | § | |

## BARBERS HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY, AND RYAN RODRIGUEZ'S MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT[1]

---

[1] The District, Poole, Rodriguez, and Murphy moved to transfer venue to the Galveston Division. *See* Dkt. 13.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................ii

TABLE OF AUTHORITIES...........................................................................................v

NATURE AND STAGE OF PROCEEDINGS................................................................1

FACTUAL ALLEGATIONS AS PLED.........................................................................1

STATEMENT OF THE ISSUES ...................................................................................2

SUMMARY OF THE ARGUMENT .............................................................................3

ARGUMENT & AUTHORITIES ..................................................................................4

    A.    Standard of Review .........................................................................................4

        1.    Rule 12(b)(1) ..........................................................................................4

        2.    Rule 12(b)(6) ..........................................................................................4

    B.    Students don't have a constitutional or statutory right to wear their hair at their desired length or style ................................................................5

    C.    George cannot state a viable Equal Protection claim for sex discrimination ...................................................................................................8

        1.    A school district's policy requiring adherence to hair length regulations doesn't violate the Constitution.......................................8

        2.    Even if it were actionable, George's Section 1983 claim of sex discrimination fails because he affirmatively pleads the District's hair length restriction – that facially treats male and female students differently – doesn't amount to invidious discrimination against male students ................................................8

    D.    George fails to state a viable Equal Protection race discrimination claim .................................................................................................................9

        1.    George fails to establish his constitutional right to be free from racial discrimination was violated by an official policy ..................10

2.      George fails to plead sufficient facts showing a pattern of disparate enforcement ................................................................ 11

3.      George fails to plead sufficient facts supporting his claim that school officials use race as an invidious criterion for determining which students are disciplined for violating the District's hair length requirements ........................................................... 14

E.      George cannot state a viable Due Process claim for his placement in ISS or DAEP ............................................................. 14

1.      Transfer to an alternative learning placement (ALP) doesn't deprive a student of any property or liberty interest ....................... 15

2.      George's allegation that the District is "stalling" in providing a Level III grievance appeal doesn't establish a deprivation of his property or liberty interest ................................................. 16

3.      George doesn't adequately allege a denial of his educational records challenge has resulted in a deprivation of his substantive or procedural rights ......................................... 16

F.      George cannot state a viable Due Process claim under his novel "Federal Abridgment of Bodily Integrity" claim ......................................... 16

G.      George cannot state a viable First Amendment claim ............................... 18

1.      Hair length and style don't objectively communicate any message enjoying First Amendment protection............................... 18

2.      Regardless, George doesn't plead sufficient Board knowledge to establish municipal liability for alleged violations of his First Amendment constitutional rights............................... 18

H.      George's Title VI claim fails because the facts alleged don't support an inference of intentional race discrimination................................. 19

1.      Caselaw from the analogous Title VII context holds restrictions on hair styles are not race discrimination......................... 19

2.      George fails to plead a viable cause of action for intentional race discrimination ........................................... 21

I.      George's Title IX claim fails because Title IX doesn't protect or apply
        to hair length.................................................................................. 22

        1.      Because students don't have a protected right to wear their hair
                at the length and style of their choice, required adherence to a
                dress code that regulates hair length doesn't violate Title IX.......... 23

        2.      The purpose behind Title IX and the current state of law in
                the analogous employment context forecloses George's claim
                that restrictions on hair styles or length are discriminatory
                based on gender................................................................... 23

J.      George's federal statutory claims should be dismissed because he isn't
        entitled to mental anguish damages under Title VI or Title IX ................. 25

K.      The individual defendants are entitled to qualified immunity ................... 26

        1.      The qualified immunity framework ................................................. 26

        2.      George cannot state a claim against the individual defendants
                for violations of their constitutional rights...................................... 27

        3.      Even if George did state viable First and Fourteenth Amendment
                claims (and he doesn't), the individual defendants didn't violate
                clearly established law ..................................................................... 28

L.      The District is entitled to governmental immunity from all of Plaintiffs'
        state law claims .................................................................................. 28

M.      Plaintiffs' request for declaratory and injunctive relief should be denied .. 30

N.      The District is immune to punitive damages................................................ 30

PRAYER ....................................................................................................... 30

CERTIFICATE OF COMPLIANCE OF WORD COUNT ................................. 32

CERTIFICATE OF CONFERENCE .............................................................. 32

CERTIFICATE OF SERVICE ....................................................................... 32

... 

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Alabama State Fed'n of Teachers, AFL-CIO v. James,*
    656 F.2d 193 (5th Cir. 1981) ............................................................................ 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................. Passim

*Baker v. Putnal,*
    75 F.3d 190 (5th Cir. 1996) ................................................................................ 4

*Barnes v. Gorman,*
    536 U.S. 181 (2002) .......................................................................................... 30

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .......................................................................... 4, 13, 17

*Blanchard-Daigle v. Geers,*
    802 F. App'x 113 (5th Cir. 2020) .......................................................... 12, 13

*Blau v. Fort Thomas Pub. Sch. Dist.,*
    401 F.3d 381 (6th Cir. 2005) ............................................................................ 9

*Canady v. Bossier Par. Sch. Bd.,*
    240 F.3d 437 (5th Cir. 2001) ....................................................................... 5, 9

*Chevron deference. Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.,*
    467 U.S. 837 (1984) .......................................................................................... 24

*City of Newport v. Fact Concerts, Inc.,*
    453 U.S. 247 (1981) .......................................................................................... 30

*City of St. Louis v. Praprotnik,*
    485 U.S. 112 (1988) .......................................................................................... 13

*Clayton v. Tate Cnty. Sch. Dist.,*
    560 F. App'x 293 (5th Cir. 2014) .................................................................. 14

*Cobarobio v. Midland County,*
    2015 WL 13608102 (W.D. Tex. Jan. 7, 2015), aff'd, 695 F.
    App'x 88 (5th Cir. 2017) .................................................................................. 27

*Cummings v. Premier Rehab Keller, PLLC,*
    596 U.S. 212 (2022) .................................................................... 25

*Davenport v. Randolph Cty. Bd. of Educ.,*
    730 F.2d 1395 (5th Cir. 1984) .................................................... 8

*Den Norske Stats Oljeselskap As v. Heeremac VOF,*
    241 F.3d 420 (5th Cir. 2001) ...................................................... 4

*Dobbs v. Jackson Women's Health Org.,*
    597 U.S. 215 (2022) ...................................................................... 7

*Doe v. Taylor Indep. Sch. Dist.,*
    15 F.3d 443 (5th Cir. 1994) ........................................................ 14

*Domico v. Rapides Par. Sch. Bd.,*
    675 F.2d 100 (5th Cir. 1982) ...................................................... 6

*Epperson v. Pasadena Indep. Sch. Dist.,*
    386 F. Supp. 317 (S.D. Tex. 1974) .............................................. 7

*Equal Employment Opportunity Commission v. Catastrophe Management Solutions,*
    852 F.3d 1018 (11th Cir. 2016) .......................................... 20, 25

*Esparza v. Bd. of Trustees,*
    182 F.3d 915 (5th Cir. 1999) ...................................................... 15

*Eugene v. Alief Indep. Sch. Dist.,*
    65 F.3d 1299 (5th Cir. 1995) ...................................................... 10

*Fenceroy v. Morehouse Par. Sch. Bd.,*
    2006 WL 39255 (W.D. La. Jan. 6, 2006) .................................... 8

*Fennell v. Marion Indep. Sch. Dist.,*
    804 F.3d 398 (5th Cir. 2015) ...................................................... 21

*Ferrell v. Dall. Indep. Sch. Dist.,*
    392 F.2d 697 (5th Cir. 1968) ................................................. 5, 18

*Fisher v. Moore,*
    73 F.4th 367 (5th Cir. 2023) ........................................................ 7

*Flores v. City of Palacios*,
   381 F.3d 391 (5th Cir. 2004) ........................................................................ 26

*Freeman v. Flake*,
   448 F.2d 258 (10th Cir. 1971) .................................................................. 6, 8

*Frye v. Anadarko Petro. Corp.*,
   953 F.3d 285 (5th Cir. 2019) ........................................................................ 30

*Gfell v. Rickelman*,
   441 F.2d 444 (6th Cir. 1971) ..................................................................... 6, 8

*Gonzaga Univ. v. Doe*,
   536 U.S. 273 (2002) ....................................................................................... 16

*Gonzalez v. Kay*,
   577 F.3d 600 (5th Cir. 2009) .......................................................................... 4

*Gonzalez v. Ysleta Indep. Sch. Dist.*,
   996 F.2d 745 (5th Cir. 1993) ........................................................................... 9

*Grandstaff v. City of Borger*,
   767 F.2d 161 (5th Cir. 1985) ......................................................................... 13

*Harper v. Blockbuster Entertainment Corp.*,
   139 F.3d 1385 (11th Cir. 1998) .................................................................... 25

*Hartford Ins. Group v. Lou-Con, Inc.*,
   293 F.3d 908 (5th Cir. 2002) ........................................................................... 4

*Hazelwood Sch. Dist. v. Kuhlmeier*,
   484 U.S. 260 (1988) ......................................................................................... 5

*Jacobs v. Clark Cnty. Sch. Dist.*,
   526 F.3d 419 (9th Cir. 2008) ........................................................................... 9

*Jespersen v. Harrah's Operating Co.*,
   444 F.3d 1104 (9th Cir. 2006) ...................................................................... 25

*Jett v. Dallas Indep. Sch. Dist.*,
   7 F.3d 1241 (5th Cir. 1993) .................................................................... 10, 11

*Johnson v. Moore*,
  958 F.2d 92 (5th Cir. 1992) ...................................................................... 10, 11

*Joiner v. U.S.*,
  955 F.3d 399 (5th Cir. 2020) ....................................................................... 17

*Jones v. City of Detroit*,
  20 F.4th 1117 (6th Cir. 2021) ...................................................................... 21

*Karr v. Schmidt*,
  460 F.2d 609 (5th Cir. 1972) ................................................................. Passim

*Kovacic v. Villarreal*,
  628 F.3d 209 (5th Cir. 2010) ....................................................................... 17

*McDonald v. Bd. of Election Com'rs*,
  394 U.S. 802 (1969) ..................................................................................... 11

*Mercado v. Lynch*,
  823 F.3d 276 (5th Cir. 2016) ......................................................................... 8

*Mercer v. Duke Univ.*,
  50 F. App'x 643 (4th Cir. 2002) .................................................................. 30

*Monell v. Department of Social Services of the City of New York*,
  436 U.S. 658 (1978) ............................................................................... Passim

*Morgan v. Swanson*,
  659 F.3d 359 (5th Cir. 2011) ....................................................................... 26

*N. Haven Bd. of Educ. v. Bell*,
  456 U.S. 512 (1982) ..................................................................................... 22

*N.Y.C. Env't Just. All. v. Giuliani*,
  214 F.3d 65 (2d Cir. 2000) ........................................................................... 19

*Nevares v. San Marcos Consol. Indep. Sch. Dist.*,
  111 F.3d 25 (5th Cir. 1997) ......................................................................... 15

*Pearson v. Callahan*,
  555 U.S. 223 (2009) ............................................................................... 26, 27

*Peterson v. City of Fort Worth*,
    588 F.3d 838 (5th Cir. 2009) ................................................................. 12, 13

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ..................................................................... 10

*Rivera v. Houston Indep. Sch. Dist.*,
    349 F.3d 244 (5th Cir. 2003) ............................................................... 10, 11

*Rodgers v. Smith*,
    842 F. App'x 929 (5th Cir. 2021) ............................................................... 21

*Rollerson v. Brazos River Harbor Navigation Dist.*,
    6 F.4th 633 (5th Cir. 2021) ................................................................... 21, 22

*Roque v. Jazz Casino Co. LLC*,
    388 F. App'x 402 (5th Cir. 2010) ................................................................. 5

*Samuel v. City of Houston*,
    2023 WL 6444888 (S.D. Tex. Sept. 29, 2023) ............................................ 13

*Saucier v. Katz*,
    533 U.S. 194 (2001) .................................................................................. 26

*Stevenson v. Board of Education of Wheeler County, Georgia*,
    426 F.2d 1154 (5th Cir. 1970) .................................................................... 8

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.*,
    393 U.S. 503 (1969) .......................................................................... 5, 18, 20

*Trent v. Perritt*,
    391 F. Supp. 171 (S.D. Miss. 1975) ........................................................... 23

*U.S. v. Alcantar*,
    733 F.3d 143 (5th Cir. 2013) .................................................................... 6, 7

*Valle v. City of Houston*,
    613 F.3d 536 (5th Cir. 2010) ............................................................... 12, 13

*Vann v. City of Southaven*,
    884 F.3d 307 (5th Cir. 2018) ..................................................................... 27

*Vernonia Sch. Dist. 47J v. Acton,*
   515 U.S. 646 (1995) ...................................................................... 20

*Wang v. Bethlehem Cent. Sch. Dist.,*
   2022 WL 3154142 (N.D.N.Y. Aug. 8, 2022) ........................... 19, 24

*Webster v. City of Houston,*
   735 F.2d 838 (5th Cir. 1984) ...................................................... 12

*Wernecke v. Garcia,*
   591 F.3d 386 (5th Cir. 2009) ...................................................... 26

*Willingham v. Macon Telegraph Publishing Company,*
   507 F.2d 1084 (5th Cir. 1975) ................................................ 24, 25

*Zeller v. Donegal Sch. Dist.,*
   517 F.2d 600 (3d Cir. 1975) ...................................................... 6, 8

## STATE CASES

*Barber v. Colorado Indep. Sch. Dist.,*
   901 S.W.2d 447 (Tex. 1995) ........................................................ 20

*Dallas Area Rapid Transit v. Whitley,*
   104 S.W.3d 540 (Tex. 2003) ........................................................ 29

*Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.,*
   283 S.W.3d 838 (Tex. 2009) ........................................................ 28

*Hoffman-La Roche Inc. v. Zeltwanger,*
   144 S.W.3d 438 (Tex. 2004) ........................................................ 29

*LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.,*
   835 S.W.2d 49 (Tex. 1992) ...................................................... 28, 29

*Standard Fruit and Vegetable Co., Inc. v. Johnson,*
   985 S.W.2d 62 (Tex. 1998) .......................................................... 29

*Tex. Dep't of Transp. v. Jones,*
   8 S.W.3d 636 (Tex. 1999) ............................................................ 28

## FEDERAL STATUTES AND REGULATIONS

20 U.S.C. §1681(a) ...................................................................................22

42 U.S.C. §2000d .....................................................................................19

39 Fed. Reg. 22,228 ..................................................................................23

47 Fed. Reg. 32,526 ..................................................................................24

47 Fed. Reg. 32,527 ..................................................................................24

65 Fed. Reg. 52,858 ..................................................................................24

82 Fed. Reg. 46,655 ..................................................................................24

## STATE STATUTES

Tex. Civ. Prac. & Rem. Code §101.001 ...................................................28

Tex. Civ. Prac. & Rem. Code §101.021 ...................................................29

Tex. Civ. Prac. & Rem. Code §101.051 ...................................................29

Tex. Educ. Code §11.201(a) .....................................................................11

Tex. Educ. Code §25.902 ..........................................................................21

Tex. Educ. Code §37.001(a)(6) .................................................................16

Tex. Educ. Code §37.009 ..........................................................................16

Tex. Educ. Code §37.0012(d) ...................................................................16

Tex. Educ. Code §§11.051-11.152 ...........................................................28

## OTHER AUTHORITIES

Carolyn Ellis Staton, *Sex Discrimination in Public Education*,
   58 MISS. L.J. 323 (1998) ......................................................................24

Equal Emp't Opportunity Comm'n, CM-619 Grooming Standards (1989) ...................25

Meredith Harbach, *Sexualization, Sex Discrimination, and Public School Dress Codes*, 50 Rich L. Rev. 1039 (2016) ................................................................... 8

Tex. Att'y Gen. Op. No. KP-0396 (2021) ......................................................... 22

## NATURE AND STAGE OF PROCEEDINGS

Darryl and Darresha George filed suit against Abbott and Paxton, asserting claims under Section 1983, Title VI, Title IX, and state law. Dkt. 1. Darresha George only brings state law claims. Plaintiffs amended their complaint adding Barbers Hill Independent School District, Poole, Murphy, and Rodriguez. Dkt. Nos. 2, 31. The District, Poole, Murphy, and Rodriguez move to dismiss pursuant to Rule 12(b)(1) and (6).

## FACTUAL ALLEGATIONS AS PLED

- Poole is the District's Superintendent. Dkt. 31 at 19. Murphy and Rodriguez are High School (BHHS) administrators. *Id*. at 20-21.

- George, a Black male, is currently a Junior at BHHS. *Id*. at 15, 23. George wears his hair in locs "as an expression of cultural pride" and "an outward expression of his Black identity for several years now." *Id*. at 15, 32.

- Darresha George is George's mother. *Id*. at 14.

- The District's dress code states: Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes when let down. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down. *Id*. at 23.

- The District's dress code "is established to teach grooming and hygiene, instill discipline, maintain a safe and positive learning environment, prevent disruption, avoid safety hazards, and teach respect for authority." *Id*. at Exh. 2, pg. 1.

- Plaintiffs allege the District enforces its dress code in a racially discriminatory manner against Black and African-American students in violation of federal and state law. *Id*. at 25.

- The District's dress code doesn't prohibit students from wearing their hair in locs, braids, twists, or other protective styles. *Id*. at 23-24, Exh. 2.

- George decided to not comply with the District's hair length requirements for male students and has, therefore, been disciplined. *Id*. at 29. Specifically, George has been

in in-school-suspension (ISS) since August 31, 2023, and may be removed to an alternative learning center. *Id*. at 26, 28, 32.

## STATEMENT OF THE ISSUES

1. Fifth Circuit authority holds a student doesn't have a constitutional or statutory right to wear their hair in whatever style or length they choose.

2. George's Section 1983 Equal Protection sex discrimination claim should be dismissed because he affirmatively pleads legitimate governmental interests support the District's dress code.

3. To the extent pled, George's Section 1983 Equal Protection race discrimination claim should be dismissed because his allegations are merely conclusory and devoid of factual enhancement, and he doesn't allege the Board had knowledge of the alleged constitutional violations or a persistent, widespread practice by District officials or employees constituting a custom or practice fairly representing District policy.

4. George's Section 1983 Due Process claim should be dismissed because Fifth Circuit authority holds a student's transfer to an alternative education program doesn't implicate any property or liberty interest; he doesn't have a due process right to a Level III appeal of his removal to an alternative education program; and there's no private right of action for an educational records challenge.

5. George's Section 1983 Fourteenth Amendment claim for "Federal Abridgment of Bodily Integrity" is not cognizable, and, even if it was, should be dismissed because discipline under a dress code doesn't violate the constitutional right to bodily integrity; he doesn't allege the Board had knowledge of the alleged constitutional violations or of a persistent, widespread practice by District officials or employees constituting a custom or practice fairly representing District policy; the Fifth Circuit has not recognized municipal liability under the state-created danger theory; and his allegations are merely conclusory and devoid of factual enhancement.

6. George's Section 1983 First Amendment claim should be dismissed because Fifth Circuit authority holds hair length doesn't objectively communicate any message that enjoys First Amendment protection and because George doesn't allege the Board had knowledge of the alleged constitutional violations or of a persistent, widespread practice by District officials or employees that constituted a custom or practice that fairly represented District policy.

7. George's Title VI claim should be dismissed because his factual allegations don't support an inference of intentional race discrimination and are otherwise conclusory

and devoid of factual enhancement, and there is no disparate impact claim available under Title VI.

8. George's Title IX and VI claims should be dismissed because Title IX and VI don't apply to dress codes.

9. George's Title IX claim should be dismissed because Fifth Circuit authority holds a student doesn't have a protected right to wear their hair at the length and style of their choice.

10. George's statutory claims should be dismissed because mental anguish damages aren't recoverable under Title IX or VI.

11. Poole, Rodriguez, and Murphy are entitled to qualified immunity.

12. George's federal statutory claims against Poole, Rodriguez, and Murphy should be dismissed because they aren't actionable against individuals.

13. Plaintiffs' state law claims are barred by the District's governmental immunity.

14. George doesn't state a viable claim under any legal theory that could support a claim for declaratory or injunctive relief.

15. The District is immune to punitive damages.

## **SUMMARY OF THE ARGUMENT**

Decades-old binding precedent in this Circuit makes this clear: students don't have a protected right under federal law to wear their hair at the length and style of their choice while attending school. Yet, George tries to argue he does. Because his claims are foreclosed by controlling authority, this Court should dismiss them. Moreover, even if the Fifth Circuit hadn't adopted a categorical rule that school district dress codes are presumptively lawful – and it has – as set forth in the statement of issues above, none of George's theories of liability are supported by factual allegations that meet *Iqbal*'s pleading standard. Therefore, George fails to state a claim upon which relief can be granted.

George's state law claims are futile as they are barred by the District's entitlement to governmental immunity. And the individual defendants are entitled to qualified immunity to George's federal claims.

## ARGUMENT & AUTHORITIES

### A.   *Standard of Review.*

#### 1.   Rule 12(b)(1)

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. Heeremac VOF*, 241 F.3d 420, 424 (5th Cir. 2001). A court must accept all factual allegations in the complaint as true, and the burden of establishing a court's subject matter jurisdiction rests with the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

#### 2.   Rule 12(b)(6)

A court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions "must be supported by factual allegations." *Id*. Upon identifying the well-pleaded factual allegations, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Additionally, a motion should be granted when a claim fails as a matter of law. *Roque v. Jazz Casino Co. LLC*, 388 F. App'x 402, 404 (5th Cir. 2010).

**B.**     ***Students don't have a constitutional or statutory right to wear their hair at their desired length or style.***

The Supreme Court "has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials . . . to prescribe and control conduct in the schools." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 507, 508 (1969) (specifically acknowledging "regulations of . . . hair style"). The Fifth Circuit agrees. *Ferrell v. Dall. Indep. Sch. Dist.*, 392 F.2d 697, 704 (5th Cir. 1968); *Karr v. Schmidt*, 460 F.2d 609, 613-14 (5th Cir. 1972) (en banc); *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 441 (5th Cir. 2001) (citing *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 267 (1988) for the proposition that "[s]chool boards, not federal courts, have the authority to decide what constitutes appropriate behavior and dress in public schools.").

In *Ferrell*, the Fifth Circuit upheld a school's hair length regulation. 392 F.2d at 704. Several years later, the Fifth Circuit was "called upon to decide [whether] there [is] a

constitutionally protected right to wear one's hair in a public high school in the length and style that suits the wearer." *Karr*, 460 F.2d at 613. The answer? "[N]o such right is to be found within the plain meaning of the Constitution." *Id.* To put it simply: the Fifth Circuit has considered, and rejected, the arguments advanced by Plaintiffs. *Id.* at 614–17.

Facially neutral hair policies are "invalid under the Equal Protection clause if [the] court can perceive no rational basis on which it is founded." *Id.* at 615-16. But, as noted by the Fifth Circuit, there are plenty of rational bases for hair policies. *Id.* at 613. Considering "the interference with liberty is a temporary and relatively inconsequential one," courts are "compelled to recognize and give weight to the very strong policy considerations in favor of giving local school boards the widest possible latitude in the management of school affairs." *Id.* at 615. The District's rationale for its dress code, including the hair length and style restrictions on male students, is: "to teach grooming and hygiene, instill discipline, maintain a safe and positive learning environment, prevent disruption, avoid safety hazards, and teach respect for authority." Dkt. 31 at Exh. 2., p. 1. This rationale is accepted as a rational basis for adopting and enforcing dress policies. *See* Part C.2 *infra*.

*Karr* has been relied upon extensively over the decades and comports with decisions of multiple other circuit courts of appeals. *See, e.g.*, *Domico v. Rapides Par. Sch. Bd.*, 675 F.2d 100, 102 (5th Cir. 1982); *Zeller v. Donegal Sch. Dist.*, 517 F.2d 600, 606 (3d Cir. 1975); *Freeman v. Flake*, 448 F.2d 258, 261 (10th Cir. 1971); *Gfell v. Rickelman*, 441 F.2d 444, 446 (6th Cir. 1971). Binding en banc Fifth Circuit precedent – that is still good law – should be conclusive and courts must abide by controlling precedent absent "an intervening change in the law" that is "unequivocal." *U.S. v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir.

2013). No such unequivocal intervening change in the law has occurred. As such, "[e]ven [if the] Court disagrees with the decision in *Karr*, the rule to be followed by district courts in this Circuit has been clearly enunciated." *Epperson v. Pasadena Indep. Sch. Dist.*, 386 F. Supp. 317, 319 (S.D. Tex. 1974) (applying *Karr*'s *per se* rule to elementary schools). Without an underlying constitutional or statutory right to wear his hair at the length or style desired while attending a public school district, George's (and his mother's) claims fail and should be dismissed.

Against this backdrop, Plaintiffs ask this Court to recognize a new constitutional right permitting students to wear their hair in the style and length of their choice. This Court should decline Plaintiffs' invitation. The Fifth Circuit recently explained courts shouldn't lightly recognize new constitutional rights and enlarge substantive due process rights. *Fisher v. Moore*, 73 F.4th 367, 373 (5th Cir. 2023) (discussing recent Supreme Court authority that "forcefully[] underscore[s] that substantive due process is a disfavored doctrine prone to judicial improvisation"). Thus, even if *Karr* didn't exist, the current Supreme Court has "reiterated—with gusto—that rights protected by substantive due process must be deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty." *Id.* (citing *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 231 (2022)). And a student's right to wear their hair in the style or length of their choice isn't deeply rooted in this Nation's history.

**C.**   ***George cannot state a viable Equal Protection claim for sex discrimination.***

1.   <u>A school district's policy requiring adherence to hair length regulations doesn't violate the Constitution.</u>

George's claim that the District's hair length policy unconstitutionally discriminates on the basis of sex is foreclosed by binding Fifth Circuit authority and should be dismissed. *See* Part B *supra*.

2.   <u>Even if it were actionable, George's Section 1983 claim of sex discrimination fails because he affirmatively pleads the District's hair length restriction – that facially treats male and female students differently – doesn't amount to invidious discrimination against male students.</u>

To analyze George's constitutional claim for sex discrimination, the Court applies the rational basis test. *See, e.g.*, *Fenceroy v. Morehouse Par. Sch. Bd.*, No. 05-0480, 2006 WL 39255, at *4 (W.D. La. Jan. 6, 2006) (acknowledging "*Karr* and *Stevenson* [*v. Board of Education of Wheeler County, Georgia*, 426 F.2d 1154 (5th Cir. 1970)] stand for the proposition that grooming regulations at the high school level do not deprive the plaintiffs of any constitutionally recognized rights in the first place") (citing *Davenport v. Randolph Cty. Bd. of Educ.*, 730 F.2d 1395, 1397 n.3 (5th Cir. 1984)); *see also Zeller*, 517 F.2d at 606; *Freeman*, 448 F.2d at 261; *Gfell*, 441 F.2d at 446. Defendants acknowledge that the circuit courts of appeals are split on this issue. Meredith Harbach, *Sexualization, Sex Discrimination, and Public School Dress Codes*, 50 Rich. L. Rev. 1039, 1054 (2016). For now, the Fifth Circuit's mandate is straightforward. *Karr*, 460 F.2d at 613, 617-18. And the Court lacks the discretion to disregard *Karr* barring an unequivocal statement from the Supreme Court or the Fifth Circuit expressly overruling it. *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016).

However, even if a heightened standard of review did apply, the District easily meets it. George affirmatively pleads the District's dress code – which includes the hair length restriction for male students – is "established to teach grooming and hygiene, instill discipline, maintain a safe and positive learning environment, prevent disruption, avoid safety hazards, and teach respect for authority." Dkt. 31 at Exh. 2, p. 1. Community expectations, student success, career readiness, promoting safety, and enhancing a positive school environment have all been held sufficient to withstand intermediate scrutiny. *Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419, 435-36 (9th Cir. 2008); *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 391-92 (6th Cir. 2005); *Canady*, 240 F.3d at 443.[2] If the District's stated reasoning withstands intermediate scrutiny, there's certainly a rational basis.

**D.    *George fails to state a viable Equal Protection race discrimination claim.***

Although Plaintiffs' complaint isn't clear as to whether they bring a Section 1983 Equal Protection race discrimination claim, out of caution, the District moves to dismiss any such claim.

The Supreme Court in *Monell v. Department of Social Services of the City of New York* held local governments can only be liable for constitutional wrongs inflicted on their citizens pursuant to official policy. 436 U.S. 658, 694 (1978); *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752-53 (5th Cir. 1993). Under *Monell* and its progeny, municipal liability under Section 1983 requires pleading, and ultimately proof, of three elements: (1)

---

[2] In this circuit, courts apply *Karr*, which applies the rational basis test for hair length regulations. To ascertain what justifications would be sufficient under the intermediate scrutiny test, the District relies on out-of-circuit and analogous cases.

a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).

The Fifth Circuit in *Piotrowski v. City of Houston* stated "the unconstitutional conduct must be directly attributable to the [entity] through some sort of official action or imprimatur; isolated unconstitutional actions by employees will almost never trigger liability." 237 F.3d 567, 578 (5th Cir. 2001). Moreover, a school district cannot be held liable under Section 1983 for an employee's alleged misconduct based on the theories of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 690-94; *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992). Under Texas law, final policy-making authority in a public school district, such as the District, rests exclusively with the board of trustees. *Rivera*, 349 F.3d at 247; *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (the final policy-maker for school districts is the board of trustees). Simply because an employee acts as a decision-maker doesn't mean that employee is a policymaker for the district. *Jett*, 7 F.3d at 1246; *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995).

1.   <u>George fails to establish his constitutional right to be free from racial discrimination was violated by an official policy.</u>

George is required to plead factual allegations showing the actions of the Board deprived him of his constitutional rights. *Rivera*, 349 F.3d at 247. He doesn't. Dkt. 31. As the District's hair length restriction for male students is facially race-neutral, any claim the policy is unconstitutional on its face and violates George's rights under the Equal

Protection Clause is foreclosed by binding Fifth Circuit authority. *Karr*, 460 F.2d at 613-18; *see* Part B *supra*.

George fails to attribute any of the actions he complains of to any Board member. Dkt. 31. Rather, he focuses on the actions of District employees – namely Poole, Rodriguez, and Murphy. *Id*. This is the sort of *respondeat superior* liability *Monell* prohibits. *Monell*, 436 U.S. at 690-94; *Johnson,* 958 F.2d at 93. And George's contention that Poole, as Superintendent, is a policymaker, is legally incorrect. Dkt. 31 at 19; Tex. Educ. Code §11.201(a) (describing the superintendent's role), (b) (explaining a school board employs a superintendent); *Jett*, 7 F.3d at 1245.

The only facts George asserts against the Board are that it enacted a facially race-neutral policy. *McDonald v. Bd. of Election Com'rs*, 394 U.S. 802, 809 (1969) ("Legislatures are presumed to have acted constitutionally even if source materials normally resorted to for ascertaining their grounds for action are otherwise silent, and their statutory classifications will be set aside only if no grounds can be conceived to justify them."); *Alabama State Fed'n of Teachers, AFL-CIO v. James*, 656 F.2d 193, 195 (5th Cir. 1981). The existence of a facially race-neutral policy simply cannot be the moving force of a constitutional inquiry. *Rivera*, 349 F.3d at 247.

2.  <u>George fails to plead sufficient facts showing a pattern of disparate enforcement.</u>

George doesn't plead factual allegations alleging a persistent and widespread pattern of unconstitutional behavior by the District or its employees. Dkt. 31. A pattern of prior, highly similar incidents is necessary to show both a customary policy and deliberate

indifference. *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010); *Blanchard-Daigle v. Geers*, 802 F. App'x 113, 117-18 (5th Cir. 2020). The pattern of prior incidents "must have occurred for so long or so frequently that the course of conduct warrants the attribution to [the Board] of knowledge that the objectionable conduct is the expected, accepted practice of [District employees]." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc)). "A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Id*. Further, a pattern requires "sufficiently numerous prior incidents, as opposed to isolated instances." *Id*. George "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542. "Moving force" causation requires the plaintiff establish direct causation – "[t]his means 'there must be a direct causal link' between the policy and the violation." *Peterson*, 588 F.3d at 848.

George alleges "BHISD and BHISD employee defendants have only enacted and or applied their hair length grooming policy to black males and/or black males with locs, braids, twists, or protective hairstyles" because "their policy was only made to discriminate and/or be applied to black males and/or black males with locs, braids, twists and protective hairstyles" Dkt. 31 at 25. However, the Supreme Court holds "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and that a complaint will not suffice if "it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). That's all George offers.

At best, George alleges a pattern of two – his own perceived mistreatment and the perceived mistreatment of the students in the *Arnold* matter. Dkt. 31. This is insufficient to allege a pattern of prior, highly similar incidents. *Valle*, 613 F.3d at 549; *Geers*, 802 F. App'x at 117-18. Moreover, George cannot rely on allegations pertaining to the "attempted [harassment]" of his younger brother, because these are speculative at best. Dkt. 31 at 34. Notably, George states "the dress and grooming code (as it relates to hair) has never been enforced anywhere within BHISD except for the high school." *Id*. Consequently, George affirmatively pleads his younger brother, who attends *middle* school at the District, has not been discriminatorily impacted by the dress code. *Id*.

To the extent George argues municipal liability under a ratification theory, that claim fails, too. The Fifth Circuit "limited the theory of ratification to 'extreme factual situations'" analogous to the situations present in *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), when police officers mistook an innocent victim for a fugitive and shot and killed him. *Peterson*, 588 F.3d at 848; *Samuel v. City of Houston*, No. 4:22-CV-02900, 2023 WL 6444888, at *8 (S.D. Tex. Sept. 29, 2023). George hasn't pled an extreme factual situation. Dkt. 31. Moreover, to establish ratification, George must show the Board knowingly approved the decision and adopted the improper basis for the decision. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Here, the Board didn't act improperly by enacting a facially race-neutral dress code. *Karr*, 460 F.2d at 613-14.

3.      George fails to plead sufficient facts supporting his claim that school officials use race as an invidious criterion for determining which students are disciplined for violating the District's hair length requirements.

George must allege he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Clayton v. Tate Cnty. Sch. Dist.*, 560 F. App'x 293, 297 (5th Cir. 2014). George must plead, and ultimately prove, more than mere disparate impact. *Id*. Rather, "a party who wishes to make out an Equal Protection claim must prove the existence of purposeful discrimination motivating the state action which caused the complained-of injury." *Id*. at 297-98. Yet, he doesn't.

At best, George makes the blanket assertion that "several non-black male students have come forward and have been seen with hair that is against the dress code and these males have not been disciplined or accosted by the BHISD or BHISD Defendants." Dkt. 31 at 33. That's it. This bare allegation cannot support a claim of intentional race discrimination. *Iqbal*, 556 U.S. at 678.

**E.      George cannot state a viable Due Process claim for his placement in ISS or DAEP.**

"To state a cause of action under § 1983 for violation of the Due Process Clause, plaintiffs must show that they have asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994). George alleges his rights were violated because all defendants "fail to stop schools and school districts from making and enforcing student

dress and grooming policies which abridge the privileges or immunities of citizens of the United States and that deprive persons like Plaintiff D.G. of life, liberty, or property, without adequate due process of law, and they allow the schools and districts (in and through their dress code and grooming policies) to deny students equal protection of the laws." Dkt. 31 at 46. Further, George alleges "BHISD and BHISD employee defendants are direct actors in the violation of Plaintiff's due process and rights." *Id*. Taken together, these allegations don't allege an actual deprivation of property or liberty interests, are entirely devoid of factual enhancement, and insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Regardless, George's Due Process claim still fails.

1.    <u>Transfer to an alternative learning placement (ALP) doesn't deprive a student of any property or liberty interest.</u>

The Fifth Circuit holds a transfer to an ALP, including DAEP and ISS, doesn't involve a property or liberty interest. *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26-27 (5th Cir. 1997) (student transferred to ALP was not being denied access to public education but was instead being transferred from one school program to another with stricter discipline); *Esparza v. Bd. of Trustees*, 182 F.3d 915, at *4 (5th Cir. 1999) (students transferred to ISS for failing to follow the dress code were not deprived of access to public education because they weren't being excluded or suspended from attending classes). Absent deprivation of a protected liberty or property interest, George's Section 1983 claim predicated on his transfer to ISS or DAEP fails as a matter of law. Dkt. 31 at 26, 28-29; *Nevares*, 111 F.3d at 26-27.

2.   George's allegation that the District is "stalling" in providing a Level III
grievance appeal doesn't establish a deprivation of his property or liberty
interest.

George alleges the District has "denied his opportunity for a Level III grievance and
for a timely grievance hearing" by "stalling." Dkt. 31 at 35-36. However, there is no
substantive or procedural due process right to a Level III hearing on a grievance appealing
a student's removal to ISS or DAEP. Tex. Educ. Code §37.009. Rather, the Texas
Education Code simply requires a school's student code of conduct to address how the
student and parent are notified of a student's removal to ISS or DAEP. *Id.* at
§§37.001(a)(6), 37.0012(d). Regardless, George affirmatively pleads he was provided the
opportunity, pursuant to District policy, to appeal the disciplinary action taken against him.
Dkt. 31 at 35-36 (alleging George's Levels I and II appeals have been heard and decided
and a Level III hearing may be set in the future).

3.   George doesn't adequately allege a denial of his educational records
challenge has resulted in a deprivation of his substantive or procedural rights.

George also alleges the District is "stalling and refusing to issue a date for [his]
educational records challenge hearing." *Id.* at 37. However, George doesn't identify what
he's challenging in his educational records or provide any other further detail regarding
this allegation. *See generally id.* This alone is reason to dismiss his claim. *Iqbal*, 556 U.S.
at 678. Regardless, the Federal Educational Rights and Privacy Act (FERPA) doesn't
create a private right of action. *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).

**F.   *George cannot state a viable Due Process claim under his novel "Federal
Abridgment of Bodily Integrity" claim.***

George purports to bring a Section 1983 claim for "Federal Abridgment of Bodily

Integrity." Dkt. 31 at 50. A claim for "Federal Abridgment of Bodily Integrity" doesn't exist. And George only offers "naked assertions" and "labels and conclusions" devoid of factual enhancement to support his non-existent claim, which the Supreme Court held in *Iqbal* will not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). And even if George is attempting to assert a theory of municipal liability under the state-created danger exception, he cannot do so because the Fifth Circuit has consistently declined to recognize or adopt the state-created danger exception. *See, e.g, Joiner v. U.S.*, 955 F.3d 399, 407 (5th Cir. 2020) ("We have repeatedly declined to recognize the state-created danger doctrine in this circuit."). Regardless, even if the Fifth Circuit adopted the state-created danger theory, George can't meet the elements because George doesn't allege bodily injury or harm. Dkt. 31; *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010) ("There is a recognized substantive due process right for individuals to be free from bodily harm caused by the state . . .").

Moreover, George doesn't plead the Board had actual or constructive knowledge of the alleged constitutional violations. *Id*. At best, he alleges the individual defendants, as employees of the District acting as decision-makers, violated his constitutional rights. *Id*. at 19-21. Controlling authority dictates that George's attempt at *respondeat superior* liability fails. *Monell*, 436 U.S. at 690-94.

**G.      *George cannot state a viable First Amendment claim.***

1.      Hair length and style don't objectively communicate any message enjoying First Amendment protection.

George claims the District's hair length regulation for male students infringes his First Amendment right to free expression. Dkt. 31 at 45. However, the Fifth Circuit holds the First Amendment doesn't shield a student's decision to wear long hair or any other chosen hair style. *Karr*, 460 F.2d at 613-14 (relying in part on *Tinker*, 393 U.S. at 509); *Ferrell*, 392 F.2d at 704-05 (school didn't violate First Amendment by prohibiting male students from wearing the "Beatle type haircuts"). In doing so, the Fifth Circuit rejected the exact argument George makes, that "the wearing of long hair is symbolic speech by which the wearer conveys his individuality, his rejection of conventional values, and the like." *Karr*, 460 F.2d at 613-14. That is because the length or particular style of hair doesn't objectively communicate any message that enjoys constitutional protection under the First Amendment. *Id*. As the Fifth Circuit in *Karr* pointed out, "[f]or some, no doubt, the wearing of long hair is intended to convey a discrete message to the world. But for many, the wearing of long hair is simply a matter of personal taste or the result of peer group influence." *Id*. at 613-14.

Without expressive conduct objectively understood as communicating a clear message, George's First Amendment claim isn't cognizable.

2.      Regardless, George doesn't plead sufficient Board knowledge to establish municipal liability for alleged violations of his First Amendment constitutional rights.

Just as George doesn't plead actual or constructive knowledge by the Board to

18

establish municipal liability under his race discrimination claim, he also fails to plead factual allegations that would establish municipal liability for violations of his right to Free Speech. *See* Part D *supra*. George fails to allege the District's Board had actual or constructive knowledge of a persistent, widespread practice, of highly similar violations of Black students' constitutional rights to express themselves through the length or style of their hair. *Id*. And, again, the *Arnold* case – which remains pending – is insufficient to establish a pattern or practice. Dkt. 31 at 24, 39; *see also* Part D.2 *supra*.

**H.    *George's Title VI claim fails because the facts alleged don't support an inference of intentional race discrimination.***

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §2000d. As set forth below, George's Title VI claim fails.

1.    <u>Caselaw from the analogous Title VII context holds restrictions on hair styles are not race discrimination.</u>

Neutral policies may legitimately require members of protected classes to meet certain appearance standards. Abundant cases from the school setting have been cited above (Part B *supra*), but the employment setting provides additional support. *Wang v. Bethlehem Cent. Sch. Dist.*, No. 1:21-CV-1023-LEK-DJS, 2022 WL 3154142, at *36 (N.D.N.Y. Aug. 8, 2022) ("Courts addressing claims made under one Title often look to similar claims made under the other Titles for guidance.") (collecting cases); *N.Y.C. Env't Just. All. v. Giuliani*, 214 F.3d 65, 69 (2d Cir. 2000) (analogizing Title VI and Title VII cases).

An Eleventh Circuit case – *Equal Employment Opportunity Commission v. Catastrophe Management Solutions* – is instructive. 852 F.3d 1018 (11th Cir. 2016). The EEOC represented "a black job applicant whose offer of employment was rescinded . . . pursuant to [the employer's] race-neutral grooming policy when she refused to cut off her dreadlocks." *Id.* at 1020. The EEOC argued the rescission constituted race discrimination under Title VII. *Id.* On appeal, the Eleventh Circuit surveyed the relevant case law and noted the EEOC was profoundly mistaken: "As far as we can tell, every court to have considered the issue has rejected the argument that Title VII protects hairstyles culturally associated with race." *Id.* at 1032–33 (citing and analyzing 10 federal cases). Taken together, cases cited by the Eleventh Circuit stand for the proposition that "a grooming policy interpreted to prohibit dreadlocks and similar hairstyles lies 'outside the scope of federal employment discrimination statutes,' even when the prohibition targets 'hairstyles generally associated with a particular race.'" *See id.* at 1031 (citation omitted).

"Students do not shed their constitutional rights . . . at the schoolhouse gate," but it is indisputable that they have less rights than adults. *Tinker*, 393 U.S. at 506; *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 655 (1995) (explaining that schools are permitted "a degree of supervision and control than it could not be exercised over free adults"); *Barber v. Colorado Indep. Sch. Dist.,* 901 S.W.2d 447, 451 (Tex. 1995) ("[T]he state has more control over the conduct of minors than it does over adults"). High school students cannot be entitled to rights uniformly denied to adults. For this reason, George's Title VI claim fails.

Confusingly, George relies heavily on the newly-enacted Texas CROWN Act for support of his alleged "right" to wear his hair in the length he desires, but also challenges the constitutionality of the same Act. *Compare* Dkt. 31 at 1-2, 8, 16, 19-21, 24-25, 26, 28, 31, 43-47 *with* 60-61. Regardless, any reliance on the Act is misplaced. Even if a *state* law could create *federal* liability for a governmental entity (like the District), a simple reading of the Act establishes it doesn't create a cause of action – state or federal. Tex. Educ. Code §25.902. More importantly, George affirmatively pleads the District's dress code doesn't prohibit "protective hairstyles" as defined by the Act, as it doesn't restrict students from wearing braids, locs, and twists. Dkt. 31 at 23. Thus, the Act is inapplicable to this case.

2. <u>George fails to plead a viable cause of action for intentional race discrimination.</u>

George asserts a violation of Title VI based on a theory of disparate impact. Dkt. 31 at 43. Title VI doesn't cover disparate impact. That's because "[o]nly racial discrimination of the same character as that forbidden by the Equal Protection Clause is prohibited by [Title VI]." *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 639 (5th Cir. 2021). "Accordingly, '[t]o receive compensatory damages, a Title VI plaintiff must prove discriminatory intent.'" *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 408 (5th Cir. 2015). "Title VI allows neither personal liability claims against individuals nor vicarious liability claims against employers for the acts of their employees." *Rodgers v. Smith*, 842 F. App'x 929 (5th Cir. 2021); *Jones v. City of Detroit*, 20 F.4th 1117, 1121 (6th Cir. 2021) (collecting cases).

As explained above, George's allegations of intentional discrimination are merely conclusory and not entitled to the assumption of truth. *See* Part D *supra*. Moreover, George affirmatively pleads the District may not have intended to discriminate against him, negating any assertion of *intentional* race discrimination as required to allege a violation of Title VI. Dkt. 31 at 43 (BHISD "adopted a procedure or engaged in a practice that has a disproportionate, adverse impact on individuals who are distinguishable based on their race, and sex—*even if the recipient (BHISD) did not intend to discriminate*." (emphasis added)); *Rollerson*, 6 F.4th at 639.

I.      ***George's Title IX claim fails because Title IX doesn't protect or apply to hair length.***

Title IX provides "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. §1681(a). George contends the District violated Title IX by adopting and enforcing a dress code that contains a hair length restriction that facially applies to male students but not female students. Dkt. 31 at 43-44. However, "Congress's purpose in passing Title IX was to address significant concerns about discrimination against women in education." Tex. Att'y Gen. Op. No. KP-0396 (2021) (citing *N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 523-24 (1982)). It doesn't apply to hair length regulations.

1. <u>Because students don't have a protected right to wear their hair at the length and style of their choice, required adherence to a dress code that regulates hair length doesn't violate Title IX.</u>

In *Karr*, the Fifth Circuit addressed a variety of constitutional challenges to a hair length policy, including those brought under the First and Fourteenth Amendments. *Karr*, 460 F.2d at 613-18. However, the Fifth Circuit didn't limit its rule of per se constitutionality to only the constitutional challenges and arguments it expressly discussed. *Id.* at 617-18. Rather, the Fifth Circuit's per se rule – that a challenge to a school district's grooming policies is not cognizable in federal court – applies to any federal claim. *Id*. And, because George's Title IX claim relies on the same facial challenge to the District's hair length policy, *Karr* bars his Title IX claim. *See* Part B *supra*.

2. <u>The purpose behind Title IX and the current state of law in the analogous employment context forecloses George's claim that restrictions on hair styles or length are discriminatory based on gender.</u>

Over four decades ago, the DOE adopted a regulation prohibiting discrimination "in the application of codes of personal appearance." 39 Fed. Reg. 22,228-01, 22,228–29 (June 20, 1974). Only one case construed the regulations before they were rescinded – *Trent v. Perritt*, 391 F. Supp. 171 (S.D. Miss. 1975). The *Trent* court was called on to answer whether "a county-wide school grooming regulation which prohibits male students from wearing hair below the ear lobe or over the collar" violated the Equal Protection Clause or Title IX. *Id*. The plaintiffs in that case pointed to the DOE regulations for support. *Id*. at 173. The *Trent* court acknowledged that "it is obvious that boys' hair is treated differently than girls'" and "the difference is based on sex." *Id*. The court nonetheless found the regulations contrary to Title IX's plain language. *Id.*

The DOE subsequently withdrew its regulations. 47 Fed. Reg. 32,526-02, 32,526–27 (July 28, 1982). In so doing, the DOE acknowledged "[d]evelopment and enforcement of appearance codes is an issue for local determination." *Id.* at 32,526. It reasoned that its prior regulations contradicted Title IX's plain language and legislative history. *Id.* at 32,527. Furthermore, the DOE mirrored the Fifth Circuit and Justice Black's concerns in *Karr* and characterized regulating "codes of personal appearance" as unimportant. Revoking the regulation allowed the DOE to "concentrate on enforcing Title IX in cases involving more serious allegations." *Id.* at 32,526. Over twenty other federal agencies agree with the DOE's interpretation of Title IX. 82 Fed. Reg. 46,655-01, 46,655 (Oct. 6, 2017); 65 Fed. Reg. 52,858-01, 52,858 (Aug. 30, 2000). Title IX is unambiguous in that it doesn't apply to dress codes. To the extent George disagrees, the DOE's guidance indicating that Title IX doesn't apply to "appearance codes" is entitled to *Chevron* deference. *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

Courts and scholars alike agree with the DOE: "Title IX has been rendered largely ineffective as a method of challenging dress codes." Carolyn Ellis Staton, Sex Discrimination in Public Education, 58 MISS. L.J. 323, 332 (1998). Courts construing Title IX also consider analogous Title VII cases. *Wang*, 2022 WL 3154142 at *36 (collecting cases). Caselaw uniformly holds that policies like the District's hair length regulations for male students don't offend Title VII.

The Fifth Circuit addressed an employer's policy implementing different male and female grooming standards in *Willingham v. Macon Telegraph Publishing Company*, 507 F.2d 1084 (5th Cir. 1975) (en banc), holding Title VII provided no recourse to complaints

about an employer's hair length requirements. And courts have repeatedly relied on *Willingham. See Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) ("[D]iffering hair length standards for men and women do not violate Title VII, a holding which squarely forecloses the plaintiffs' discrimination claim"); *Catastrophe Mgmt. Sols.*, 852 F.3d at 1028-29, n.4; *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1109-10 (9th Cir. 2006). Additionally, the EEOC no longer pursues gender discrimination claims based on different employer grooming standards. Equal Emp't Opportunity Comm'n, *CM-619 Grooming Standards* (1989).

George's Title IX argument stands against a veritable army of contrary authorities. And, even though the District's hair length restrictions for students only applies to males, George's Title IX claim must fail.

**J.     *George's federal statutory claims should be dismissed because he isn't entitled to mental anguish damages under Title VI or Title IX.***

George requests compensatory damages for injuries allegedly sustained due to the District's conduct. Dkt. 31 at 58; Prayer for Relief, Part e. However, as a matter of law, George cannot recover mental anguish damages under statutes that were enacted pursuant to the Spending Clause – such as Title VI or Title IX. *Cummings v. Premier Rehab Keller, PLLC*, 596 U.S. 212, 217-30 (2022). As George's federal and state law claims don't establish an "actual controversy," as a matter of law, and his claims for injunctive and declaratory relief fail (*see* Part M *infra*), he is not entitled to recover any other damages under Title VI or Title IX, requiring dismissal. *Id*.

**K.      *The individual defendants are entitled to qualified immunity.***

Plaintiffs also bring their claims against Poole, Murphy, and Rodriguez individually. Dkt. 31 at 2-7, 19-21. Qualified immunity bars these claims.

1.      <u>The qualified immunity framework.</u>

"Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from civil liability insofar as their conduct doesn't violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004). Courts apply a two-prong test to determine whether a plaintiff can overcome an official's qualified immunity defense: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right at issue was "clearly established" at the time of the misconduct, rendering the conduct objectively unreasonable. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the plaintiff cannot meet both prongs, the defendant is entitled to qualified immunity. Courts may exercise their sound discretion in determining which of the two prongs to address first. *Pearson*, 555 U.S. at 236.

A right is deemed to be clearly established when "the contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what he is doing violates that right." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009). The Fifth Circuit has clarified the plaintiff must "point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011);

*Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) ("It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'").

> 2.   <u>George cannot state a claim against the individual defendants for violations of their constitutional rights.</u>

For the reasons set forth above (incorporated here), Goerge didn't, and cannot, plead viable Fourteenth or First Amendment claims against the individual defendants. *See* Parts B-G *supra*. For this reason alone, all individual defendants are entitled to qualified immunity. *Pearson*, 555 U.S. at 232.

Moreover, the claims against the individuals are not distinguishable from those against the District because George merely relies on global and speculative allegations against all defendants. Dkt. 31 at 2-7, 19-21 (asserting claims against both the District and individuals but failing to allege separate or specific conduct by either). This is insufficient to overcome the individual defendants' entitlement to qualified immunity. *Iqbal*, 556 U.S. at 678. To defeat a qualified immunity defense, George must make an effort to distinguish the individual defendants' alleged unconstitutional conduct instead of claiming that "all defendants" violated his rights. *See, e.g.*, *Cobarobio v. Midland County*, 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017) ("Plaintiff's Complaint routinely lumps all Defendants together without identifying actions of any individual Defendant. Such global assertions of fault do not set out the specific factual allegations made the basis of a purported constitutional violation by any particular defendant."). But George doesn't. As such, the individual defendants possess qualified immunity.

3.    <u>Even if George did state viable First and Fourteenth Amendment claims (and he doesn't), the individual defendants didn't violate clearly established law.</u>

George's claims against the individual defendants focus on the enforcement of a dress code. Dkt. 31. However, as addressed above, the Fifth Circuit expressly held a school district's hair length regulation is *per se* constitutional. *Karr*, 460 F.2d at 613, 617-18; *see* Part B *supra*. Considering this clear pronouncement, the individual defendants are entitled to qualified immunity because George cannot allege a violation of a clearly established constitutional right to be free from having to comply with a school's dress code.

**L.    The District is entitled to governmental immunity from all of Plaintiffs' state law claims.[3]**

As a matter of law, a Texas independent school district is a local governmental entity. Tex. Educ. Code §§11.051-11.152. To assert a state law claim against a governmental entity, a plaintiff bears the burden to plead and affirmatively demonstrate the court's subject matter jurisdiction by alleging a valid waiver of governmental immunity. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Governmental immunity remains intact unless the legislature clearly and unambiguously waives immunity or consents to suit. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp*., 283 S.W.3d 838, 842-43 (Tex. 2009).

The only waiver of immunity from tort claims is the Texas Tort Claims Act (TTCA). Tex. Civ. Prac. & Rem. Code §101.001; *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*,

---

[3] Plaintiffs indiscriminately bring their state law tort claims against the District, Poole, Murphy, and Rodriguez. Dkt. 31 at 5-7, 47-49. As such, they have made an irrevocable election to sue the District for all claims and their state law tort claims against the individuals must be dismissed. Dkt. 23.

835 S.W.2d 49, 51 (Tex. 1992). A school district can only be held liable for personal injury, death, and property damage when (1) the injuries or damages are caused by the negligence of a school district employee while acting within the scope of his employment, *and* (2) the injury or damages arise from the operation or use of a motor vehicle. Tex. Civ. Prac. & Rem. Code §§101.021, 101.051. The TTCA doesn't contain a waiver for intentional torts. *Id.* at §101.057. Only if a plaintiff's claim is shown to have been caused by the use or operation of a motor vehicle can a plaintiff overcome the defense of governmental immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542-43 (Tex. 2003); *LeLeaux*, 835 S.W.2d at 51.

Plaintiffs bring various state law claims against the District, including "breach of fiduciary duty," harassment, IIED, and "bystander liability/failure to intervene." Dkt. 31 at 5-7, 47-49. None of Plaintiffs' allegations relate to the negligent operation or use of a motor vehicle. *Id*. As a result, the District's intact governmental immunity deprives this Court of jurisdiction over Plaintiffs' state law claims.

Further, the Texas Supreme Court has identified the claim of IIED as a "gap-filler" tort "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). The court cautioned that IIED "should not be extended to circumvent limitations placed on the recovery of mental anguish damages under more established tort doctrines." *Standard Fruit and Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998). In this case, Plaintiffs have alleged numerous other causes

of action that provide for relief (if sufficiently pled). Therefore, Plaintiffs' IIED claim should be dismissed for failure to state a claim.

**M.** **Plaintiffs' request for declaratory and injunctive relief should be denied.**

To award declaratory relief, a district court must decide: "(1) whether an actual controversy exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Frye v. Anadarko Petro. Corp.*, 953 F.3d 285, 294 (5th Cir. 2019). As shown above, as a matter of law, Plaintiffs' federal and state law claims don't establish an "actual controversy." *See* Parts B-L *supra*; *Frye*, 953 F.3d at 294. As such, the Court should exercise its broad discretion and refuse to enter declaratory or injunctive relief, including a temporary restraining order or permanent injunction.

**N.** **The District is immune to punitive damages.**

Plaintiffs request punitive damages against all defendants. Dkt. 31 at 38, 59; Prayer for Relief, Part f. As a matter of law, punitive damages are not recoverable from governmental entities, such as the District. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Barnes v. Gorman*, 536 U.S. 181, 190-91 (2002); *Mercer v. Duke Univ.*, 50 F. App'x 643, 644 (4th Cir. 2002).

<u>**Prayer**</u>

The District, Poole, Murphy, and Rodriguez respectfully request this Court grant their motion to dismiss, dismiss all claims against them with prejudice, and grant any other relief to which they are entitled.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

JONATHAN G. BRUSH
Attorney-in-Charge
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. 15004
rmorris@rmgllp.com
DILLON BREAZEALE
State Bar No. 24131284
Fed. I.D. No. 3805269
dbreazeale@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR BARBERS HILL ISD,
GREG POOLE, RYAN RODRIGUEZ, AND
LANCE MURPHY

31

**CERTIFICATE OF COMPLIANCE OF WORD COUNT**

Pursuant to Local Rule 18.c and the Court's Order granting the Defendants' motion to file in excess of the word count (Dkt. 39), I hereby certify that this motion complies with the word count limitations because it contains **8,463** words, excluding the parts of the brief exempted by Local Rule 18.c.

Attorney for Barbers Hill Independent School District, Greg Poole, Lance Murphy, and Ryan Rodriguez

**CERTIFICATE OF CONFERENCE**

In addition to the discussions held during the initial pretrial conference held on December 13, 2023 (Dkt. 3), I hereby certify that on November 6 and 14, 2023, I conferred with Ms. Booker, counsel for Plaintiffs, over telephone and email correspondence regarding the relief requested herein. Plaintiffs are opposed to the relief requested and have already taken the opportunity to replead.

Attorney for Barbers Hill Independent School District, Greg Poole, Lance Murphy, and Ryan Rodriguez

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Attorney for Barbers Hill Independent School District, Greg Poole, Lance Murphy, and Ryan Rodriguez