IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DARRYL GEORGE & DARRESHA GEORGE, <br>   *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, KEN PAXTON, BARBER'S HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY, AND RYAN RODRIGUEZ, <br>   *Defendants.* | § § § § § § § § § § § § § § CIVIL ACTION NO. 3:24-cv-12 |

**DEFENDANTS ABBOTT AND PAXTON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME**

Defendants Governor Greg Abbott and Attorney General Ken Paxton (hereinafter, "the State Defendants"), by and through the undersigned Assistant Attorney General, file this Response in Opposition to Plaintiffs' Motion to Extend Time,[1] and would respectfully show the Court as follows:

**I.
INTRODUCTION**

On December 13, 2023, this Court held an Initial Conference, during which Plaintiffs' Motion for Leave to File a Fourth Amended Complaint was granted and Defendants' Motions to Dismiss were denied without prejudice to allow for the refiling thereof. The Court ordered Defendants refile their Motions to Dismiss by January 5, 2024. The State Defendants refiled their

---

[1] Defendants acknowledge the Court's Order of January 22, 2024 (ECF No. 50) but file this Response out of an abundance of caution as it is not clear what impact the Court's Order has on the already filed Partial Response (ECF No. 47) and Motion to Extend Time (ECF No. 48).

Motion to Dismiss on December 20, 2023. ECF No. 40. Barbers Hill Independent School District, Greg Poole, Lance Murphy and Rodriguez (hereinafter, "the BHISD Defendants") refiled their Motion to Dismiss on January 4, 2024. ECF No. 44. On January 11, 2024, Plaintiffs filed their "Partial Response to Defendants (Greg Abbott and Ken Paxton's) Motion to Dismiss and Partial Motion to Defer" and an "Opposed Motion to Extend Time to File Reply in Motion to Dismiss Due to Holiday Period." ECF No. 47; ECF No. 48. For the following reasons, the Court should deny Plaintiffs' Motion to Extend Time to File Reply and strike Plaintiffs' Partial Response to Defendants' Motion to Dismiss and Partial Motion to Defer from the record.

## II.
## ARGUMENT AND AUTHORITIES

Plaintiffs have failed to affirmatively demonstrate that an extension of time is warranted. "When an act may or must be done within a specified time, the court may, for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(1)(B); *see also* Galveston Division Rules of Practice at 5(i) (A motion for leave to file late "must provide an adequate excuse for why the party failed to request an extension of time in advance of the relevant deadline."). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990) (internal quotations omitted)). Determination of whether a party has engaged in excusable neglect takes into account "all relevant circumstances." *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Review Comm'n*, 942 F.3d 279, 283 (5th Cir. 2019) (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

As a threshold matter and before any additional inquiry is needed, Plaintiffs must demonstrate good cause exists by pleading facts sufficient to show that their response deadline could not reasonably be met, despite their diligence to do so. *S&W Enterprises*, 315 F.3d at 535. Plaintiffs have failed to do so here. In fact, Plaintiffs have failed to plead any facts whatsoever as to why an extension is needed. Rather, Plaintiffs blanketly reference the "holiday period," and generally refer to a brief conversation had between the parties and the Court at the initial Conference on December 13, 2023. ECF No. 48 at 1. In their Motion, Plaintiffs allege the Court stated it "would have no issues with granting any extensions for the pending motions to dismiss and responses" due to the holidays. *Id*. More accurately reflected, however, the Court inquired of the State and BHISD Defendants as to when they would be able to have their respective Motions to Dismiss refiled, given the holidays. Exh. A at 39:4-6. The BHISD Defendants suggested January 5, 2024 as the deadline for refiling, to which the State Defendants agreed. *Id*. at 39:7-13. Knowing what the subsequent response period would be, the Court then asked Plaintiffs if they had any objection—to which they did not. *Id*. at 39:14-15. The Court then went on to add that if anything *came up* during the holidays, it would grant a reasonable short extension. *Id*. at 39:16-19. The agreed upon deadlines did not arise during the holiday period, nor were they of surprise to any party such that an extension would be warranted.

Although the holidays have come and gone, the only effort Plaintiffs have made to respond to *any* Defendant's motion are a tardy Motion to Extend Time and a Partial Response to the State Defendants' Motion to Dismiss. ECF No. 47; ECF No. 48. Yet Plaintiffs seek an extension to "respond to the Motions to Dismiss of *all* of the Defendants by 10 days." ECF No. 48 at 1 (emphasis added). Other than inexcusable neglect, there is no reason why Plaintiffs needed an extension of time to file a response to the State Defendants' Motion to Dismiss by January 10,

3

2024, given Plaintiffs' Partial Response and this Motion were filed on January 11, 2024. Likewise, there is no reason why Plaintiffs need an extension of time to file a response to the BHISD Defendants' Motion to Dismiss, having agreed to the timelines. There is *especially* no good cause for an extension of time in light of the Court's January 22, 2024 Order. Accordingly, this Court should deny Plaintiffs' Motion.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Governor Greg Abbott and Attorney General Ken Paxton respectfully request that this Court deny Plaintiffs' Motion to Extend Time to File Reply and strike Plaintiffs' Partial Response to Defendants' Motion to Dismiss and Partial Motion to Defer from the record.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Division Chief, General Litigation Division

*/s/ Amy Pletscher*
**AMY PLETSCHER**
Texas Bar No. 24113663
Southern District ID No. 3696122
**KELSEY L. WARREN**
Texas Bar No. 24095736
Southern District ID No. 3050512
ASSISTANT ATTORNEYS GENERAL

4

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | Fax: (512) 320-0667
kelsey.warren@oag.texas.gov
amy.pletscher@oag.texas.gov

**ATTORNEYS FOR GOVERNOR ABBOTT & ATTORNEY GENERAL PAXTON**

### CERTIFICATE OF SERVICE

I certify that that on January 30, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Amy Pletscher*
**AMY PLETSCHER**
ASSISTANT ATTORNEY GENERAL

5