IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE AND DARRESHA GEORGE | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | C.A. No. 3:24-CV-00012 |
| GREG ABBOTT, KEN PAXTON, BARBERS HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY AND RYAN RODRIGUEZ | § § § § § § § | |
| *Defendants*. | § | |

**BARBERS HILL INDEPENDENT SCHOOL DISTRICT'S INVOCATION OF SECTION 101.106(e) OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND MOTION TO DISMISS PLAINTIFFS' STATE LAW TORT CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

## BRIEF INTRODUCTION AND NATURE AND STAGE OF PROCEEDINGS

Darryl George and his mother, Darresha George, individually, filed suit against Greg Abbott and Ken Paxton in the Houston Division of the Southern District of Texas, alleging violations of their rights under Section 1983, Title VI, Title IX, and state law. Dkt. 1. The case was originally assigned to the Honorable Judge Eskridge. Plaintiffs amended their complaint to include Barbers Hill Independent School District (the District), Superintendent Greg Poole, Lance Murphy, and Ryan Rodriguez, alleging the same causes of action against them. Dkt. Nos. 2, 15-16, 31. Both the State and BHISD Defendants filed motions to dismiss Plaintiffs' complaint. Dkt Nos. 18, 25, 40, 44. The District also filed a motion to dismiss all of Plaintiffs' state law claims against the individuals pursuant to its invocation of Section 101.106(e) of the Texas Civil Practice and Remedies Code. Dkt. 23.

Prior to any rulings on the Defendants' motions to dismiss, Judge Eskridge granted the BHISD Defendants' motion to transfer and the case was transferred to this Court in the Galveston Division of the Southern District of Texas. Dkt. 45. Subsequently, this Court granted Plaintiffs the ability to amend their complaint or stand on their pleadings and respond to the Defendants' motions to dismiss. Dkt. 50. Plaintiffs took this opportunity to amend their complaint and, in doing so, brought the same tort claims and an additional breach of contract claim, against the District and Dr. Poole, Murphy, and Rodriguez. Dkt. 54. As Plaintiffs continue to indiscriminately assert the same causes of action and factual allegations against the District, the District moves to dismiss all of Plaintiffs' state law tort claims against the individuals pursuant to the Election of Remedies provision of the Texas

1

Civil Practice and Remedies Code. The District moves to dismiss all remaining claims against all defendants in a separate motion to dismiss.

## RELEVANT FACTUAL ALLEGATIONS

- Dr. Poole is the Superintendent of the District. *See* Dkt. No. 54 at 19. Lance Murphy and Ryan Rodriguez are administrators at Barbers Hill High School. *Id*. at 20-21.

- Plaintiffs indiscriminately bring all state law claims against BHISD, Dr. Poole, Murphy, and Rodriguez. *Id*. at 5-7, 39-41, 47-50.

## STATEMENT OF THE ISSUE

Plaintiffs are barred from bringing their state law tort claims against Dr. Poole, Rodriguez, and Murphy pursuant to the Election of Remedies provision of the Texas Civil Practice and Remedies Code.

## ARGUMENT & AUTHORITIES

Plaintiffs' State law tort claims against Dr. Poole, Rodriguez, and Murphy are barred because Plaintiffs elected to sue the District for the same subject matter. *See generally* Dkt. 54. When a plaintiff asserts tort claims against a governmental entity, as Plaintiffs have done here, the claims are governed by the Texas Tort Claims Act (TTCA). *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *see also Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.], 1999) ("Defamation, conspiracy, intentional infliction of emotional distress, and invasion of privacy are intentional torts.").

The election of remedies provision is embodied in the TTCA, and its purpose is to protect employees of governmental entities. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). Under the election of remedies provision, a

2

plaintiff's decision to file a tort claim against a governmental entity forever eliminates the plaintiff's ability to sue the entity's employee for the same conduct. *See* Tex. Civ. Prac. & Rem. Code § 101.106(a) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.").

The District invokes Section 101.106(e) and moves to dismiss Plaintiffs' state law tort claims against its employees, Dr. Poole, Rodriguez, and Murphy. *See id*. at § 101.106(e). As such, this Court is required to dismiss Plaintiffs' state law tort claims against Dr. Poole, Rodriguez, and Murphy. *See Franka v. Velasquez*, 332 S.W.3d 367, 380 (Tex. 2011) ("[I]f a plaintiff sues both the government and its employee, then under subsection (e)…the employee must be dismissed, even if the government's immunity is not waived.").

## Prayer

For the above reasons, Barbers Hill Independent School District respectfully requests the Court dismiss all state law tort claims against Greg Poole, Lance Murphy, and Ryan Rodriguez, pursuant to the Election of Remedies provision of the Texas Tort Claims Act, and grant any other relief.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

/s/ Jonathan G. Brush
JONATHAN G. BRUSH
Attorney-in-Charge
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. 15004
rmorris@rmgllp.com
DILLON BREAZEALE
State Bar No. 24131284
Fed. I.D. No. 3805269
dbreazeale@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR BARBERS HILL ISD, GREG POOLE, RYAN RODRIGUEZ, AND LANCE MURPHY

## CERTIFICATE OF CONFERENCE

In addition to the discussions held during the initial pretrial conference held on December 13, 2023, before Judge Eskridge (Dkt. 3), I hereby certify that on November 6 and 14, 2023, I conferred with Ms. Booker, counsel for Plaintiffs, over telephone and email correspondence regarding the relief requested herein. Further, the parameters under Judge Brown's Local Rule 6 have been met. *See* Dkt. 50. Plaintiffs are opposed to the relief requested and have already taken the opportunity to replead. *See* Dkt. 54.

_____
Attorney for Barbers Hill Independent School District, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

_____
Attorney for Barbers Hill Independent School District, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez