George et al v. Abbott et al
Case Number: 3:24-cv-00012



# The Booker Law Firm

1200 Rothwell • Houston, Texas 77002
Tel: 713-292-2225 • Fax: 713-583-3995
booker@bookerlawfirm.com • www.bookerlawfirm.com
*"If You're In the Cooker, Call Allie Booker"*

HONORABLE JEFFREY V. BROWN
UNITED STATES POST OFFICE AND COURTHOUSE
601 ROSENBERG, ROOM 411
GALVESTON, TX 77550
CASE MANAGER: GEORGE CARDENAS 409-763-7811

**FEBRUARY 23, 2024**

RE: PRE MOTION CONFERENCE LETTER

MAY IT PLEASE THE COURT:

Pursuant to *Local Rule 6(B)*, Plaintiff is hereby requesting a pre motion conference to request an emergency injunction hearing in this case. Plaintiff has already spoken to the parties in this case and they are opposed. The conference was held.

    Darryl George and Darresha George seek an injunction pursuant to the F.R. Civ. Pro 65. against BHISD to forbid BHISD from using from exposing and subjecting BHISD students (namely, Darry George) to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement. The Defendants should be compelled to halt (and cease) all disciplinary action pending and future, for those who have locs, braids, twists and protective styles during the pendency of litigation surrounding their dress and grooming code. BHISD should be ordered to stop its schools (and school district) from enforcing their dressing and grooming policy against anyone who has locs, braids, twists, or protective styles as they relate to both style and length during the pendency of any litigation surrounding the legality of their dress and grooming code as it relates to state law. Defendants must be enjoined from punishing and disciplining Darryl George (and others similarly situated) who have locs, braid, twists, and protective styles, which violates existing federal law as it relates to Equal Protection, race and

George et al v. Abbott et al
Case Number: 3:24-cv-00012

gender discrimination and intentional infliction of emotional distress pursuant to Title VI of the Civil Rights Act of 1964, the 14th Amendment Equal Protection Clause, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, 1st Amendment Freedom of Speech/Freedom of Expression, and Due Process under the 14th Amendment.

Enjoining the Plaintiff will relieve Defendants from being sanctioned, punished and disciplined for his hair. The punishment and discipline is making a lasting impact on the student emotionally, physically, and it is causing permanent detriment to his high school grading and disciplinary record (which will have a bearing on his college education, career, and future as an adult). Darryl George has been out of regular class-room instruction since August 31, 2023 (which is almost his entire junior year).

Darresha and Darryl George request that the Court, issue a temporary restraining order while the Court decides whether to issue the preliminary injunction. At the end of the proceeding, Defendants request a permanent injunction to be issued against Plaintiffs, BHISD.

The four elements a plaintiff must establish to secure a preliminary injunction are:

(1) a substantial likelihood of success on the merits,
(2) a substantial threat of irreparable injury if the injunction is not issued,
(3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and
(4) that the grant of an injunction will not disserve the public interest.


So, essentially the Court must measure the likelihood of success on the merits, the likelihood of irreparable harm, the balance of equities and hardships, and the public interest. The injunction sought by Darresha and Darryl George does not maintain the status quo and is mandatory in nature. Here, Darresha and Darryl George stand an extremely good chance at succeeding. Moreover, they have established a substantial likelihood of success on the merits of their claims. Darresha and Darryl George [movants] can easily demonstrate that, without injunctive relief, they will suffer an irreparable injury for which damages are an inadequate remedy. D.G. is still a student at BHSID. D.G. sits in ISS every day and has done that since August 31, 2023. He has even been sent to DAEP for a month long stint.

He was returned back to ISS at his home school and has been threatened with expulsion, threatened with the idea of not receiving his diploma and threatened that he will not be able to graduate and walk across the stage with the rest of the students. He has been forbidden and still is forbidden from playing sports or engaging in any extracurricular activities. He received no classroom instruction. D.G.'s grades are suffering and are below par. He has been given failing grades despite the lack of instruction and is forbidden from attending tutoring. D.G. cannot participate in any extracurricular activities, including football, which is his passion. The threat of harm that faces, such as the conditions of ISS, the damage to his grades, and the damage to his educational and disciplinary file poses an actual and imminent threat of irreparable injury to D.G. Moreover, the relative weight of the threatened harm to D.G. if the injunction is denied

outweighs the threat of harm faced by BHISD (who remains unharmed as it relates to their institution of policy).

If this TRO and injunction is not granted, D.G. will continue to be harmed. BHISD will not suffer at all. The public will not suffer harm to its interest if an injunction is granted. In fact, the rights of D.G. will continue to be violated if this injunction is denied. It is always in the public interest to prevent the violation of a party's constitutional rights," *Jackson Women's Health Organization v. Currier,* 760 F.3d 448, 458 n.9 (5th Cir. 2014) (quotation marks and brackets omitted). Conversely, "[p]ublic interest is never served by a state's depriving an individual of a constitutional right," *Kite v. Marshall*, 454 F. Supp. 1347, 1351 (S.D. Tex. 1978);*Arnold v. Barbers Hill Indep. Sch. Dist.,* 479 F. Supp. 3d 511, 531, 2020 U.S. Dist. LEXIS 148137, 2020 WL 4805038.

Plaintiffs request the Court to dispense with the necessity of a bond, and further request that Barber's Hill Independent School District be temporarily restrained immediately, without hearing, and after notice and hearing be temporarily enjoined, pending the further order of this Court, from:

(1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(2) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his locs;

(3) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(4) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

(5) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(6) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

(7) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(8) Disturbing the peace of Darryl George while attending Barber's Hill High School.

As the basis for the extraordinary relief requested below, Plaintiffs would show that before the filing of this petition BHISD has engaged in the conduct stated in the affidavit attached as Exhibit 1. Based on that affidavit, Defendants request the Court to grant the following relief:

(1) Barbers Hill ISD are required to allow Darryl George to immediately participate in regular instruction in BHISD without cutting his locs; and

George et al v. Abbott et al
Case Number: 3:24-cv-00012

(2) Barber's Hill ISD is required to allow Darryl George to receive the same in-class or distance learning instruction as other students in the current and upcoming academic year without cutting his locs.

Plaintiff will need some discovery for the injunction hearing and requests that the Court order that limited discovery be conducted sufficient enough for this injunction hearing.

Respectfully submitted,

**THE BOOKER LAW FIRM**

*/S/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell
Houston, Texas 77002
(713) 292-2225 (office)
booker@bookerlawfirm.com

NOTICE OF ELECTRONIC FILING

I, **Allie Booker**, do hereby certify that I have electronically submitted for filing a true copy of the foregoing in accordance with the Electronic Case Files System on 02/23/2024.

/s/ Allie R. Booker

**ALLIE R. BOOKER**
Attorney for Plaintiff

CERTIFICATE OF SERVICE

This is to certify that two true and correct copies of the above and foregoing instrument were served on all parties pursuant to the Rules of Civil Procedure on 02/23/2024.

/s/ Allie R. Booker
Attorney for Plaintiff