IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE AND<br>DARRESHA GEORGE<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, KEN PAXTON,<br>BARBERS HILL INDEPENDENT<br>SCHOOL DISTRICT, GREG POOLE,<br>LANCE MURPHY AND RYAN<br>RODRIGUEZ<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 3:24-CV-00012 |

**BARBERS HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY, AND RYAN RODRIGUEZ'S RESPONSE TO PLAINTIFFS' REQUEST FOR AN EMERGENCY TRO AND PRE-MOTION CONFERENCE**

Barbers Hill Independent School District (the District), Greg Poole, Lance Murphy, and Ryan Rodriguez (collectively, the BHISD Defendants) respond in opposition to Plaintiffs' Request for an Emergency TRO and Pre-Motion Conference, as follows:

**A.    The Court should strike Plaintiffs' request for emergency injunctive relief for failing to follow this Court's procedures.**

As a threshold matter, the BHISD Defendants object to Plaintiffs' Request for an Emergency TRO and Pre-Motion Conference on the grounds that Plaintiffs failed to follow the Court's procedures related to Emergency Motions and TROs. *See* Gal. Div. R. Prac. 15 ("A party intending to seek an expedited ruling on an application for TRO, a motion for preliminary injunction, or any other motion it believes to be an emergency must notify the

1

case manager in advance of the impending filing."). The BHISD Defendants are unaware, and the Plaintiffs do not plead, that Local Rule 15 was followed. *See* Dkt. 57. As such, Plaintiffs' request should be denied.

**B.     Plaintiffs cannot carry their burden to establish entitlement to the extraordinary remedy of a TRO or any other injunctive relief.**

Even if Plaintiffs followed the Court's procedures, their request should still be denied. Injunctive relief in the form of a TRO or preliminary or permanent injunction is an "extraordinary remedy" designed to "preserve the status quo and prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits." *See Quality Diagnostics Int'l, LLC v. Azure Biotech, Inc.*, No. 4:23-CV-3886, 2024 WL 197641, at *1 (S.D. Tex. Jan. 18, 2024) (Hanks, J.) (*QDI*) (citing *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017)); *see also Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023) (noting that "the function of preliminary relief ... is 'to preserve the status quo during the pendency of trial court proceedings'" (quoting *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023))).

To establish entitlement to a preliminary injunction, Plaintiffs "must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless [Plaintiffs have] clearly carried the burden of persuasion on all four requirements. Failure to sufficiently establish any one of the four

factors requires this Court to deny [Plaintiffs'] request for a preliminary injunction." *Delta Air Lines*, 847 F.3d at 285 (insertions added). "The requirements for obtaining a preliminary injunction are stringent in all cases, but mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *See QDI*, 2024 WL 19764 at *2 (internal quotations omitted) (collecting cases).

Here, the status quo is that the District has enforced its lawful, facially race-neutral dress and grooming code against George, who has admittedly been out of dress code (and, therefore, disciplined) since the start of the school year, in August of 2023. *See generally* Dkt. 54 (Plaintiffs' Fifth Amended Complaint). What that means is that Plaintiffs do not seek to preserve the status quo, they want to change it. Thus, Plaintiffs seek mandatory preliminary relief. As more fully shown below, Plaintiffs cannot satisfy each of the equitable factors. *QDI*, 2024 WL 19764 at *2. As such, Plaintiffs' request for injunctive relief should be denied.

1. <u>Plaintiffs' significant delay in seeking injunctive relief should result in the denial of emergency relief.</u>

Plaintiffs' claim that Darryl George will be subject to "irreparable harm" without an emergency TRO or other injunctive relief cannot be squared with Plaintiffs' failure to act promptly to seek injunctive relief. For the Court's reference, here is a truncated timeline of events leading up to Plaintiffs' request for emergency injunctive relief:

- <u>August 31, 2023</u> – Darryl George alleges he was disciplined for violating the District's dress and grooming code starting on this date and continuing to the Present. Dkt. 57 at 2 ("Darryl George has been out of regular class-room instruction since August 31, 2023 (which is almost his entire junior year).").

3

- September 23, 2023 – Plaintiffs file their lawsuit in the Houston Division of the Southern District of Texas. Dkt. 1. The case is assigned to the Honorable District Court Judge Charles Eskridge. Plaintiffs fail to move for injunctive relief.

- December 13, 2023 – An Initial Conference is held before Judge Eskridge. Dkt. 39. Plaintiffs did not request a hearing for emergency injunctive relief at this hearing. *Id.*

- January 8, 2024 – Judge Eskridge grants the BHISD Defendants' motion to transfer venue to the Galveston Division of the Southern District of Texas. Dkt. 45.

- January 9, 2024 – This Court enters an Order for conference and disclosure of interested parties, setting the matter for an initial pretrial and scheduling conference for April 3, 2024. Dkt. 46. Plaintiffs fail to move for injunctive relief.

- January 24, 2024 – Counsel for Plaintiffs emails counsel for BHISD Defendants requesting their position on the intended emergency motion for TRO and preliminary injunction hearing. *See* Email Correspondence, attached as Exhibit A. The District responded within an hour indicating it opposed the request and relief. *Id.*

- February 23, 2024 – Plaintiffs file this request for an emergency TRO, without a hearing, and a subsequent preliminary injunction hearing. Dkt. 57.

As the timeline shows, Plaintiffs waited **1 month** after the alleged harm began to even file their lawsuit. Then they waited **5 months** after initiating the lawsuit to file this "emergency" request for injunctive relief. What is more, Plaintiffs waited **4 months** after filing their lawsuit to even request the BHISD Defendants' position on a TRO and preliminary injunction hearing. Plaintiffs then waited **an entire month** after receiving notice of the BHISD Defendants' position in opposition to file this letter with the Court requesting not only a TRO, without a hearing, but a hearing on a preliminary injunction and later permanent injunction.

Plaintiffs' delay in seeking emergency or injunctive relief unequivocally negates their contention that they risk suffering an immediate and irreparable injury. *See QDI*, 2024 WL 197641 at *2; *see also Camber Energy, Inc. v. Discover Growth Fund*, No. CV H-17-1436, 2017 WL 1969682, at *1 (S.D. Tex. May 11, 2017) (finding that "[t]he timing of [the plaintiff's] motion [for an emergency TRO] cast[ed] doubt on its alleged urgency" because the "facts giving rise to [the alleged] imminent danger" were known months before the emergency motion was filed). Failing to carry their burden on just one element necessitates a denial of Plaintiffs' request for injunctive relief or a hearing on the matter. *See id*. This Court should deny Plaintiffs' request based on their dilatory conduct.

2. All of Plaintiffs' federal and state law claims fail as a matter of law, negating any argument that injunctive relief is proper or necessary.

As shown in the District's Motion to Dismiss Plaintiffs' Fifth Amended Complaint, all of Plaintiffs' federal and state law claims against the District and the individual BHISD employees fail as a matter of law. *See* Dkts. 55-56. For brevity's sake, the BHISD Defendants will not rehash all arguments in this briefing, but rather direct the Court to its Motion to Dismiss. *Id*; Fed. R. Civ. P. 10(c).

What is more, Plaintiffs' request comes just one day after a Texas district court judge conducted a bench trial and ruled that the relevant portion of the District's dress and grooming code does not violate Section 25.902 of the Texas Education Code (the Texas CROWN Act) – which cuts to the core of Plaintiffs' complaint and allegations against the BHISD and State Defendants. *See Barbers Hill Indep. Sch. Dist. v. Darryl George*, Cause No. 23-DCV-0776, in the 253rd District Court of Chambers County, Texas, Honorable

5

Judge Chap B. Cain III presiding; *see also, e.g.,* Christine Hauser & Patrick McGee, *Black Student's Suspension Over Hairstyle Didn't Violate Law, Texas Judge Rules*, THE NEW YORK TIMES (Feb. 22, 2024), https://www.nytimes.com/2024/02/22/us/darryl-george-locs-hair-trial-texas.html. In other words, a Texas court has already rejected any claim Plaintiffs may have that relies on the Texas CROWN Act.

As such, Plaintiffs cannot carry their burden to establish a "substantial likelihood of success on the merits" and that the "threatened injury … outweighs the threatened harm" necessitating that their request should be denied. *See QDI*, 2024 WL 197641 at *2.

Further, the BHISD Defendants' Motion to Dismiss raises jurisdictional defenses to some claims. *See* Dkt. 56. The Court must confirm it has jurisdiction before taking any other action. *See Pillar Panama, S.A. v. DeLape*, 326 F. App'x 740, 742 (5th Cir. 2009) ("[A] court must have jurisdiction to act."). As such, the Court should rule on the Motion to Dismiss prior to entertaining any request for injunctive relief. *See also* Part C *supra*. This is especially true given Plaintiffs' substantial delay in seeking equitable relief from this Court.

    3.    <u>Granting Plaintiffs' request for injunctive relief will not serve the public interest.</u>

Plaintiffs ask this Court to enjoin the District from enforcing its legal, facially race-neutral dress and grooming code. An injunction against the District would likely cause a disruption at the campus level because George's *intentional and months-long* defiance of the District's rules will effectively be publicly rewarded. This will harm a public school district, whose dress and grooming code has already been held to not violate state law. *See*

6

Part B.2 *supra*. This result would be contrary to jurisprudence that gives deference to school disciplinary decisions. *See Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022), cert. denied sub nom. *Cypress-Fairbanks Indep. Sch. v. Roe*, No. 23-332, 2024 WL 674722 (U.S. Feb. 20, 2024) ("Courts afford broad deference to school officials and should not 'second-guess[ ] the disciplinary decisions made by school administrators.'" (quoting *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)); *see also T.C. v. Lewisville Indep. Sch. Dist.*, No. 4:13CV186, 2016 WL 705930, at *17 (E.D. Tex. Feb. 23, 2016) (collecting cases indicating that deference should be given to a school district's professionals in matters of educational policy). As such, Plaintiffs fail to carry the final element for injunctive relief and their request should be denied. *See QDI*, 2024 WL 197641 at *2.

    4. <u>Plaintiffs' request that the Court enter a TRO, without a hearing, is improper.</u>

In their application for an emergency TRO, Plaintiffs request "that Barber's Hill Independent School District be temporarily restrained immediately, without hearing…" Dkt. 57 at 3 (emphasis added). Plaintiffs' request for a TRO should be denied as a matter of law because they have not demonstrated their entitlement to injunctive relief. *See* Part B *supra*. However, if the Court is inclined to entertain Plaintiffs' requested TRO, it should do so only following a hearing. Tellingly, Plaintiffs have not provided any (sufficient or otherwise) reason why their requested TRO should be granted immediately without a hearing. *See generally* Dkt. 57. Indeed, Plaintiffs proceeded to a State trial and lost before making this request. And, as already established, Plaintiffs chose to delay pursuing their requested "emergency" injunctive relief until now – months after they initially filed this

7

lawsuit. *See* Part B.1 *supra.* Given this, there is no reason why Plaintiffs' requested TRO must be immediately granted prior to allowing the BHISD Defendants to be heard in oral argument before the Court.

**C.     Not only is Plaintiffs' request for limited discovery a tacit admission that their claims do not meet the burden for extraordinary relief, it is also barred by controlling law.**

In the final paragraph of their letter, Plaintiffs state they "will need some discovery for the injunction hearing and requests that the Court order that limited discovery be conducted sufficient enough for this injunction hearing." *See* Dkt. 57 at 4. This is a tacit admission that their extraordinary request for injunctive relief lacks merit as they apparently need to conduct discovery before a hearing. This negates any assertion that they are facing "a substantial threat of irreparable injury." *See QDI*, 2024 WL 197641 at *2.

More importantly, this request is improper as the individual defendants have asserted an entitlement to qualified immunity, which the Court has not yet ruled on. *See* Dkt. 56. The Fifth Circuit has made clear that, when qualified immunity is asserted and pending, no discovery takes place. *See Carswell v. Camp,* 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, 144 S. Ct. 73 (2023) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."); *see Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (acknowledging that "plaintiffs [are] not entitled to discovery without a properly pleaded complaint" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*,

8

213 F.3d 841, 849 (5th Cir. 2000) (the various forms of sovereign immunity constitute "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation"); *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam) (holding that a district court's "obligation to consider a challenge to its jurisdiction is non-discretionary").This Court should not entertain Plaintiffs' request to disregard controlling Fifth Circuit authority. Minimally, the Court must rule on qualified immunity before permitting any discovery.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' request for an emergency TRO, without hearing; emergency TRO; hearing for injunctive relief; and the entrance of a preliminary or permanent injunction against the District or its employees.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

/s/ Jonathan G. Brush
JONATHAN G. BRUSH
Attorney-in-Charge
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. 15004
rmorris@rmgllp.com
DILLON BREAZEALE
State Bar No. 24131284
Fed. I.D. No. 3805269
dbreazeale@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR BARBERS HILL INDEPENDENT SCHOOL DISTRICT, DR. GREG POOLE, LANCE MURPHY, AND RYAN RODRIGUEZ

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 23, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

_/s/ Jonathan G. Brush_
Attorney for Barbers Hill ISD, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez
