## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| DARRESHA GEORGE, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-00012 |
| | § | |
| GREG ABBOTT, *et al.*, | § | |
|     *Defendants.* | § | |

---

## DEFENDANTS ABBOTT AND PAXTON'S
## SPECIAL APPEARANCE AND MOTION TO DISMISS
## PLAINTIFFS' FIFTH AMENDED COMPLAINT

---

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for
Civil Litigation

**KIMBERLY GDULA**
Division Chief,
General Litigation Division

*/s/ Kelsey L. Warren*
_____
**KELSEY L. WARREN**
ASSISTANT ATTORNEY GENERAL
Attorney-in-charge
Texas Bar No. 24095736
Southern District ID No. 3050512
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | Fax: (512) 320-0667
kelsey.warren@oag.texas.gov

**ATTORNEYS FOR GOVERNOR ABBOTT**
**& GENERAL PAXTON**

# TABLE OF CONTENTS

I.   Nature & Stage of Proceedings ........................................................................... 1

II.   Summary of the Argument ................................................................................ 2

III.   Argument & Authorities ................................................................................. 3

   A.   Fᴇᴅ R. Cɪᴠ P. 12(b)(1) Standard of Review ........................................... 3

      1.   Subject-Matter Jurisdiction ................................................... 3

      2.   Sovereign Immunity. ............................................................ 4

         i.   Governor Abbott and General Paxton are entitled to Sovereign Immunity ....... 5

         ii.   No Waiver of Sovereign Immunity ................................. 5

      3.   Plaintiffs Lack Standing to Sue .............................................. 7

   B.   Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6) Standard of Review ....................................... 10

      1.   Plaintiffs failed to State a Claim Against the State Defendants ....................... 10

      2.   Qualified Immunity .......................................................... 11

         i.   The State Defendants are entitled to Sovereign Immunity ......................... 13

      3.   Plaintiffs' Texas State Law Claims are Barred by the TTCA ......................... 14

IV.   Prayer for Relief ........................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton,*
    483 U.S. 635 (1987) .............................................................................. 12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..................................................................... 9, 10, 11

*Bell Atlantic Co. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................ 10, 11

*Blackburn v. City of Marshall,*
    42 F.3d 925 (5th Cir. 1995) .................................................................. 10

*Doe v. Holcomb,*
    883 F.3d 971 (7th Cir. 2018) ................................................................. 8

*Dudley v. Angel,*
    209 F.3d 460 (5th Cir. 2000) ............................................................... 12

*EBS Sols., Inc. v. Hegar,*
    601 S.W.3d 744 (Tex. 2020) ................................................................. 4

*Ex parte Young,*
    209 U.S. 123 (1908) ............................................................................... 5

*Ford Motor Co. v. Dep't of Treasury,*
    323 U.S. 459 (1945) ............................................................................... 5

*Hafer v. Melo,*
    502 U.S. 21 (1991) ................................................................................. 5

*Hale v. Townley,*
    45 F.3d 914 (5th Cir. 1995) ................................................................... 6

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) ............................................................................. 11

*Hooks v. Landmark Indus., Inc.,*
    797 F.3d 309 (5th Cir. 2015) ............................................................. 3, 4

*Howard v. Acevedo,*
    No. 22-20148, 2023 WL 6130590 (5th Cir. Aug. 16, 2023) ................... 6

*Howard v. City of Houston, Texas,*
    No. CV H-21-1179, 2022 WL 479940 (S.D. Tex. Feb. 16, 2022) ........... 6

*Laufer v. Mann Hosp., L.L.C.,*
    996 F.3d 269 (5th Cir. 2021) ................................................................. 3

*Lujan v. Defs. of Wildlife,*
    504 U.S. 555 (1992) ............................................................................ 7, 8

*McClendon v. City of Columbia,*
    305 F.3d 314 (5th Cir. 2002) ............................................................... 12

*Menchaca v. Chrysler Credit Corp.,*
    613 F.2d 507 (5th Cir. 1980) ................................................................. 3

*Mission Consol. Ind. Sch. Dist. v. Garcia,*
    253 S.W.3d 653 (Tex. 2008) .................................................................. 7

*Morris v. Livingston,*
  739 F.3d 740 (5th Cir. 2014) ........................................................................ 8
*Mouille v. City of Live Oak,*
  977 F.2d 924 (5th Cir. 1992) ...................................................................... 12
*Newberry v. Champion,*
  No. 3:16-CV-143-DMB-RP, 2017 WL 1074463 (N.D. Miss. Mar. 17, 2017) .............. 9
*Okpalobi v. Foster,*
  244 F.3d 405 (5th Cir. 2001) ................................................................... 8, 9
*Pennhurst State Sch. & Hosp. v. Halderman,*
  465 U.S. 89 (1984) ...................................................................................... 5
*PHI, Inc. v. Tex. Juv. Just. Dep't,*
  593 S.W.3d 296 (Tex. 2019) ......................................................................... 4
*Physician Hosps. of Am. v. Sebelius,*
  691 F.3d 649 (5th Cir. 2012) ........................................................................ 3
*Ramming v. United States,*
  281 F.3d 158 (5th Cir. 2001) ........................................................................ 3
*Salas v. Carpenter,*
  980 F.2d 299 (5th Cir. 1992) ...................................................................... 12
*Samaad v. City of Dallas,*
  940 F.2d 925 (5th Cir. 1991) ...................................................................... 12
*Siegert v. Gilley,*
  500 U.S. 226 (1991) .................................................................................. 12
*Spann v. Rainey,*
  987 F.2d 1110 (5th Cir. 1993) .................................................................... 12
*Streetman v. Jordan,*
  918 F.2d 555 (5th Cir. 1990) ...................................................................... 12
*Tex. A & M Univ. Sys. v. Koseoglu,*
  233 S.W.3d 835 (Tex. 2007) ......................................................................... 7
*Tex. Dep't of Parks and Wildlife v. Miranda,*
  133 S.W.3d 217 (Tex. 2004) ......................................................................... 4
*Tex. Dep't of Transp. v. Jones,*
  8 S.W.3d 636 (Tex. 1999) ............................................................................ 5
*Town of Shady Shores v. Swanson,*
  590 S.W.3d 544 (Tex. 2019) ......................................................................... 4
*Univ. of Tex. at El Paso v. Herrera,*
  322 S.W.3d 192 (Tex. 2010) ......................................................................... 5
*Va. Office for Prot. and Advocacy v. Stewart,*
  563 U.S. 247 (2011) .................................................................................... 4
*Valencia v. Wiggins,*
  981 F.2d 1440 (5th Cir.) ............................................................................. 12
*Whitley v. Hanna,*
  726 F.3d 631 (5th Cir. 2013) ........................................................................ 6

*Wicks v. Miss. State Employment Servs.*,
  41 F.3d 991 (5th Cir. 1995) ................................................................ 12
*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ............................................................................ 7

## **<u>Statutes</u>**

20 U.S.C. § 1681 .................................................................................... 7
42 U.S.C. § 1983 ............................................................................ 7, 17
42 U.S.C. § 2000d ................................................................................ 7
Fed. R. Civ. P. 12(b)(1) .......................................................... 9, 12, 15
Fed. R. Civ. P. 12(b)(6) ...................................................................... 15
Tex. Civ. Prac. & Rem. Code § 101.021 .......................................... 19
Tex. Civ. Prac. & Rem. Code § 101.057 ...................................... 12, 19
Tex. Const. art. IV, § 1 ...................................................................... 10
Tex. Educ. Code § 25.902 .................................................................. 13
Tex. Educ. Code § 44.152 .................................................................. 13

**TO THE HONORABLE JUDGE JEFFREY V. BROWN:**

NOW COME Defendants, Texas Governor Greg Abbott and Texas Attorney General Ken Paxton (collectively, "the State Defendants"), by and through the undersigned Assistant Attorney General, and file their Special Appearance and Motion to Dismiss Plaintiffs' Fifth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and would respectfully show the Court as follows:

## I.     NATURE & STAGE OF PROCEEDINGS

On December 13, 2023, the Court granted Plaintiffs Darresha George and Darryl George's (collectively "Plaintiffs") Motion for Leave to File their Fourth Amended Complaint, Request for Declaratory Judgment, Request for a Temporary Restraining Order, and Permanent Injunction against Greg Abbott and Ken Paxton, in their official capacities, as the Governor of the State of Texas and Attorney General for the State of Texas, as well as in their individual capacities. ECF No. 54 ¶¶ 16-17. Plaintiff Darryl George attends Barbers Hill High School located in Mont Belvieu and within the Barbers Hill Independent School District ("BHISD"). *Id*. ¶ 15. BHISD implemented its current Dress and Grooming Code on May 23, 2022, which states as follows:

> Male students' hair will not extend, at any time, below the eyebrows or below the ear lobes. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down.

ECF No. 54-2 at 16.

Plaintiff Darryl George wears his hair in locs, which, when let down, extends "below the top of a t-shirt collar, below the eyebrows, or below the ear lobes" in violation of BHISD's Dress and Grooming Code. ECF No. 54 ¶ 15. Plaintiff Darryl George received indefinite in-school suspension after he was advised by school administrators that his hair would fall below his eyebrows and ear lobes when let down, and, despite this warning, Darryl George refused to alter his hair style to comply with BHISD's Dress and Grooming Code. ECF No. 54 ¶ 26.

## II.    SUMMARY OF THE ARGUMENT

In addition to Governor Abbott and General Paxton, Plaintiffs also sued Defendants: (1) BHISD; (2) the Superintendent of BHISD; (3) the Principal of Barbers Hill High School; and (4) the Assistant Principal of Barbers Hill High School. ECF No. 54 ¶¶ 18-21. Plaintiffs brought a variety of federal[1] and state[2] law claims against Governor Abbott and General Paxton. Plaintiffs' federal claims against the State Defendants in their official capacities are wholly barred by the doctrine of sovereign immunity, and Plaintiffs' federal claims against the State Defendants in their individual capacities are wholly barred by the doctrine of qualified immunity. Further, Plaintiffs' state law claims against the State Defendants are barred by the Texas Tort Claims Act. Finally, Plaintiffs lack standing to sue Governor Abbott and General Paxton for all injuries alleged in their Fifth Amended

---

[1] Plaintiffs assert claims pursuant to: (1) 42 U.S.C. § 2000d ("Title VI") for race discrimination in **employment practices**; (2) 20 U.S.C. § 1681 ("Title IX") for sex discrimination; (3) 42 U.S.C. § 1983 for violations of the First Amendment's freedom of speech and expression clauses; (4) 42 U.S.C. § 1983 for violations of the Fourteenth Amendment's guarantee of due process and equal protection; (5) "federal abridgment of bodily integrity [*sic*]"; and (6) "failure to intervene" or "bystander liability." ECF No. 54 ¶¶ 43-46; 51-60.
[2] Plaintiffs assert state-law claims alleging: (1) breach of fiduciary duty; (2) breach of contract; (3) "harassment"; and (4) intentional infliction of emotional distress; *Id* ¶¶ 47-50.

complaint because: (1) Plaintiffs do not plausibly allege an injury-in-fact traceable to any allegedly unlawful act of Governor Abbott or General Paxton; and (2) Plaintiffs' alleged injuries will not and cannot be redressed by the State Defendants upon a favorable decision of this Court. As such, all of Plaintiffs' claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### III.   ARGUMENT & AUTHORITIES

#### A.   FED R. CIV P. 12(b)(1) Standard of Review

When a court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. Thus, the Plaintiffs, here, bear the burden of proving that the Court has subject matter over the claims they assert against Governor Abbott and General Paxton.

#### 1.   Subject-Matter Jurisdiction.

Subject-matter jurisdiction cannot be waived, and challenges to it may be raised at any time. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). At the pleading stage, the plaintiff's "'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271 (5th Cir. 2021) (quoting *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012)). On a motion to

dismiss for lack of jurisdiction, all well-pleaded facts are taken as true and all reasonable inferences must be made in the plaintiff's favor. *See id*. at 271-72.

Because Plaintiffs cannot affirmatively demonstrate this Court's jurisdiction over their claims asserted against Governor Abbott and General Paxton in their official capacities, this Court must dismiss Plaintiffs' claims as to the State Defendants. FED. R. CIV. P. 12(b)(1). This Court cannot invoke subject-matter jurisdiction over Governor Abbott or General Paxton because the claims against them are barred by Texas' sovereign immunity and Plaintiffs lack standing to bring their claims.

### 2. Sovereign Immunity.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. and Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). When a lawsuit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction, and dismissal is required. *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020). This doctrine provides immunity both from suit and from liability. *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 301 (Tex. 2019). In suits against the State officials in their official capacities, the plaintiff's "burden to affirmatively demonstrate the trial court's jurisdiction" "encompasses the burden of establishing a waiver of sovereign immunity." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

The scope of Texas' immunity is broad: a suit against the State, its agents, or its agencies is barred by sovereign immunity absent clear and unambiguous legislative consent, and sovereign immunity deprives a trial court of subject-matter jurisdiction. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004); *Tex. Dep't*

4

*of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *see also Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 195 (Tex. 2010) (noting that States, state agencies, and state agents are entitled to Eleventh Amendment immunity, unless Congress validly abrogates this immunity, or the State waives its immunity).

### i.   Governor Abbott and General Paxton are entitled to Sovereign Immunity

Sovereign immunity "bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)); *Ex parte Young*, 209 U.S. 123, 167-68 (1908). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Governor Abbott and General Paxton are officers of the executive branch of the State of Texas and are entitled to sovereign immunity absent a valid waiver. *See* TEX. CONST. art. IV, § 1 (Governor and Attorney General are officers of the State's executive department). As such, Plaintiffs' claims against the State Defendants in their official capacities are barred by sovereign immunity and must be dismissed pursuant to Rule 12(b)(1).

### ii.   No Waiver of Sovereign Immunity

Plaintiffs' claims do not waive or abrogate sovereign immunity. Here, their claims do not fall neatly under any statutory waiver of sovereign immunity, or even clearly articulate a cause of action against the State Defendants. Plaintiffs purport to bring

"bystander liability" and "failure to intervene" claims against Governor Abbott and General Paxton alleging they "refus[ed] to use their executive and police powers" to somehow preemptively stop BHISD from punishing Darryl George for violating the BHISD Dress and Grooming Code. ECF. No. 54 ¶ 8. First, Plaintiffs present no "clear and unambiguous legislative consent" to these two claims by the Texas legislature; therefore, the State Defendants' sovereign immunity is intact, and Plaintiffs' claims against them are barred.

Moreover, while bystander liability was initially limited to § 1983 claims involving excessive force, the Fifth Circuit has since clarified that "other constitutional violations also may support a theory of bystander liability." *Howard v. City of Houston, Texas*, No. CV H-21-1179, 2022 WL 479940, at *13 (S.D. Tex. Feb. 16, 2022), *appeal dismissed sub nom*; *Howard v. Acevedo*, No. 22-20148, 2023 WL 6130590 (5th Cir. Aug. 16, 2023) (citing *Whitley v. Hanna*, 726 F.3d 631, 646 n.11 (5th Cir. 2013)); *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)). However, "[bystander] liability will not attach where [the defendant] is not present at the scene of the constitutional violation." *Whitley*, 726 F.3d at 646. Plaintiffs have not plead any facts to suggest that Governor Abbott and General Paxton have ever stepped foot on a BHISD campus, much less that they were present for and "acquiesced in the alleged constitutional violation." *Hale*, 45 F.3d at 919. As such, Plaintiffs "bystander liability" and "failure to intervene" claims must be dismissed.

To the extent that Plaintiffs might bring claims under the U.S. Constitution, pursuant to 42 U.S.C. § 1983, it is well established that the Texas Legislature has not waived the State's sovereign immunity for § 1983 claims. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233

S.W.3d 835, 839 (Tex. 2007). Congress has also not abrogated Texas' immunity for claims brought pursuant to § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) (holding no abrogation because "in enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law").

To the extent that Plaintiffs seek to recover for a tort under state law—i.e. their claim for breach of fiduciary duty—the Texas Tort Claims Act (TTCA) is the only avenue for recovery against a governmental defendant. *See Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 6597 (Tex. 2008). Plaintiffs do not articulate any waiver of sovereign immunity in their lawsuit. Indeed, for intentional torts, such as intentional infliction of emotional distress, no such waiver exists. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2), *see also infra* at II.B.3. Accordingly, Plaintiffs' claims against Governor Abbott and General Paxton must be dismissed. FED. R. CIV. P. 12(b)(1).

### 3.    Plaintiffs Lack Standing to Sue

A plaintiff has standing only when they have suffered: (1) an injury-in-fact that is both "concrete and particularized" and "actual or imminent"; (2) that is "fairly traceable to" the allegedly unlawful conduct of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

In order to establish a case or controversy sufficient to give a federal court jurisdiction over their claims, Plaintiffs must satisfy three criteria. *See id*. at 560. First, they must show that they have suffered, or are about to suffer, an "injury in fact." *Id*. Second, "there must be a causal connection between the injury and the conduct complained of." *Id*. Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed

by a favorable decision." *Id.* (citation omitted). "If any one of these three elements—injury, causation, and redressability—is absent, Plaintiffs have no standing in federal court under Article III of the constitution to assert their claim." *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). Further, because the "injuries" alleged by Plaintiffs here resulted entirely from actions taken by BHISD administrators tasked with enforcing BHISD policy, no injunctive relief against Governor Abbott or General Paxton would redress any of Plaintiffs' alleged injuries.

Neither Governor Abbott nor General Paxton have the authority or duty to police the dress and grooming policies of Texas' public schools. *See* TEX. EDUC. CODE § 25.902(b) (the CROWN Act does not contain an enforcement provision); *compare* TEX. EDUC. CODE § 44.152 (containing explicit enforcement provision specifically delegating narrow enforcement authority to the Attorney General and allowing for civil penalty). As a result, no exception to the Eleventh Amendment applies to Governor Abbott or General Paxton in this lawsuit. *See Okpalobi* at 414-15.

Plaintiffs appear to have sued Governor Abbott and General Paxton merely because they are "high-ranking official[s], policymaker[s], and enforcer[s] of the law." ECF No. 54 ¶¶ 16-17. But "[t]he required 'connection' is not merely the general duty to see that the laws of the state are implemented, but the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotations omitted); *see also Doe v. Holcomb*, 883 F.3d 971, 976-77 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 126, (2018) ("An attorney general cannot be sued simply because of his duty to support the constitutionality of a challenged state statute . . .

Instead, in order for a plaintiff to overcome the Eleventh Amendment, the attorney general must play some role in enforcing (not just defending) the complained-of statute.").

Absent any non-conclusory, non-speculative allegations that Governor Abbott and General Paxton have any enforcement authority under the CROWN Act, all of Plaintiffs' claims against them are barred by sovereign immunity. *See Okpalobi*, at 423; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Newberry v. Champion*, No. 3:16-CV-143-DMB-RP, 2017 WL 1074463, at *4 (N.D. Miss. Mar. 17, 2017) ("When Eleventh Amendment immunity is asserted through Rule 12(b)(1), the burden is on the party asserting an exception to the reach of the Eleventh Amendment to persuade the Court that it applies.").

Here, Plaintiffs entirely failed to plead facts sufficient to establish their standing to sue Governor Abbott and General Paxton. Specifically, Plaintiffs do not plausibly allege an injury-in-fact traceable to any allegedly unlawful act of Governor Abbott or General Paxton. Further, Plaintiffs' alleged injuries will not and cannot be redressed by a favorable decision of this Court, given Governor Abbott's and General Paxton's immunity, and because, as Plaintiffs themselves perfectly articulate in their own live pleading, "[t]he government Defendants have done nothing." ECF. No. 54 ¶ 41.

Governor Abbott and General Paxton do not have enforcement authority under the CROWN Act, nor do they have a general duty to intervene when a public school district is merely ***accused*** of violating a student's constitutional rights or rights provided under a provision of State law. Because of this, Plaintiffs lack standing, and the Court is without

jurisdiction to entertain their claims against Governor Abbott and General Paxton, and Plaintiffs' claims must be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

## B.  FED. R. CIV. P. 12(b)(6) Standard of Review

The decision of a district court to grant a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995). A party is entitled to dismissal under Rule 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. Though all well-pled facts are viewed as true, to survive a motion to dismiss, those facts must state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)). District courts may disregard mere labels and legal conclusions, and bare assertions of liability, supported merely by conclusory statements, will not suffice. *Id*. at 663-64.

### 1.  Plaintiffs failed to State a Claim Against the State Defendants

Plaintiffs failed to state a claim for relief that is plausible on its face. It is clear from their complaint that Plaintiffs believe their constitutional rights are being violated; however, their allegations are mere conclusory statements which this Court may—and should—disregard. *Id*. Plaintiffs fail to allege any facts sufficient to establish a claim upon which relief may be granted. Instead of illustrating Governor Abbott and General Paxton's liability with specific allegations, Plaintiffs use boilerplate language in their attempt to assert claims against Governor Abbott and General Paxton:

> DEFENDANT, GREG ABBOT, is the governor of Texas. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high-ranking official, policymaker, and enforcer of the law.
>
> DEFENDANT, KEN PAXTON, is the attorney general of Texas. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high-ranking official, policymaker, and enforcer of the law.

ECF No. 54 ¶¶ 16-17. These catch-all allegations do not establish the State Defendants' liability. And, though Plaintiffs continue on to assert numerous state and federal claims against Governor Abbott and General Paxton, Plaintiffs do not allege any facts explaining the State Defendants' individual culpability or ***personal involvement*** in any alleged injury, constitutional or otherwise. As such, Plaintiffs do not allege any claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plaintiffs assert bare labels and legal conclusions that will not suffice to state a claim for relief. *Id*. at 663-64. Accordingly, Plaintiffs claims against the State Defendants must be dismissed.

### 2.    Qualified Immunity

As elected officials of the State of Texas, Governor Abbott and General Paxton are entitled to qualified immunity from this suit in their individual capacities. Government officials performing discretionary functions are shielded from liability insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the Fifth Circuit, officials retain their entitlement to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law under the circumstances in which the official acted. *Dudley v. Angel*, 209 F.3d 460, 462

(5th Cir. 2000). Once a defendant has asserted the defense of qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also, McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense.").

To overcome a defense of qualified immunity, Plaintiffs must assert a violation of a clearly-established constitutional right, *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted); *Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir. 1991) (holding that *Siegert* requires a plaintiff first to allege a constitutional violation before a court will decide whether the right is "clearly established"). Plaintiffs must further allege facts sufficient for the Court to determine that the State Defendants' actions were objectively unreasonable under the law at the time and in light of the information they possessed. *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1992) (citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. (1993)); *Valencia v. Wiggins*, 981 F.2d 1440, 1448 (5th Cir.) *cert. denied*, 113 S.Ct. 2998 (1993); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990). Such facts must be particular, focusing on the harmful conduct that prevents the defendants from successfully maintaining a qualified immunity defense—"bald allegations and conclusionary statements" do not suffice. *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995).

### i. The State Defendants are entitled to Sovereign Immunity

Here, Plaintiffs fail to meet this burden because they fail to state any claim upon which relief may be granted under 42 U.S.C. § 1983, federal law, or Texas state law. In addition, Plaintiffs fail to demonstrate Governor Abbott and General Paxton's personal involvement in any injury allegedly inflicted upon Plaintiffs by BHISD. In fact, Plaintiffs have wholly failed to establish that Governor Abbott and General Paxton were even aware of Plaintiffs' existence prior to the filing of the present lawsuit. A plaintiff bringing a civil-rights claim under 42 U.S.C. § 1983 must establish a causal connection between the alleged constitutional deprivation and the defendant whom they would hold responsible: "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *See Rizzo v. Goode*, 423 U.S. 362, 371-77 (1976) (affirmative link needed between injury and conduct of defendant).

Because Plaintiffs fail to allege any facts demonstrating Governor Abbott or General Paxton's personal involvement in any of Plaintiffs' alleged injuries, Plaintiffs cannot overcome the State Defendants' entitlement to qualified immunity. Therefore, this Court must dismiss their claims against Governor Abbott and General Paxton Pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3.    **Plaintiffs' Texas State Law Claims are Barred by the TTCA**

The Tort Claims Act waives the State's immunity from suit in only two narrowly-defined circumstances:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>> (B) the employee would be personally liable to the claimant according to Texas law; and
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021. The State retains its immunity, however, against tort claims "arising out of assault, battery, false imprisonment, or any other intentional tort. TEX. CIV. PRAC. & REM. CODE § 101.057(2).

Plaintiffs bring various state-law claims against the State Defendants, including "breach of fiduciary duty," breach of contract, "harassment," and intentional infliction of emotional distress. ECF No. 54 ¶¶ 47-50. None of Plaintiffs' allegations relate to the negligent operation or use of a motor vehicle. *Id*. As a result, the State Defendants are entitled to governmental immunity, and this Court does not have jurisdiction over Plaintiffs' state-law claims.

## IV.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants, Governor Greg Abbott and Attorney General Ken Paxton, pray that Plaintiffs take nothing by their claims, that Plaintiffs' Fourth Amended Complaint be dismissed with prejudice, and that Governor Greg Abbott and Attorney General Ken Paxton recover all such other and further relief, special or general, at law or in equity, to which they are justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Division Chief, General Litigation Division

*/s/ Kelsey L. Warren*
KELSEY L. WARREN
ASSISTANT ATTORNEY GENERAL
Attorney-in-charge
Texas Bar No. 24095736
Southern District ID No. 3050512
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | Fax: (512) 320-0667
kelsey.warren@oag.texas.gov

ATTORNEYS FOR GOVERNOR ABBOTT
& GENERAL PAXTON

## CERTIFICATE OF COMPLIANCE WITH RULE 6

I certify that the Court *sua sponte* granted the Plaintiffs leave to file a fifth amended complaint pursuant to Rule 6 of the Galveston Division Rules of Practice. I further certify that on February 16, 2024, I corresponded with Counsel for Plaintiffs via email, and Plaintiffs are opposed to this Motion.

/s/ Kelsey L. Warren
**KELSEY L. WARREN**
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I certify that that on February 26, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ Kelsey L. Warren
**KELSEY L. WARREN**
ASSISTANT ATTORNEY GENERAL

16