IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE AND DARRESHA GEORGE<br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, KEN PAXTON, BARBER'S HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY AND RYAN RODRIGUEZ.<br>Defendants. | § § § § § § § § § § § § § § § § | NO.: 3:24-cv-12 |

**RESPONSE TO BHISD'S INVOCATION AND MOTION TO DISMISS STATE LAW TORTS AGAINST INDIVIDUAL DEFENDANTS**

NOW COMES, Plaintiffs, Darryl George and Darresha George and files this, their response to Defendants' Invocation and Motion to Dismiss (state tort law claims against the individual Defendants, who are Greg Poole, Lance Murphy and Ryan Rodriguez). Some tort law claims cannot be deciphered for purposes of dismissal (at this time) because discovery is needed to determine whether the acts of the individuals were within the general scope of his or her employment such that the governmental unit is vicariously liable; or, whether the employee acted independently and are solely liable. In support thereof, Plaintiffs plead the following:

**I.    STATEMENT OF THE CASE**

Plaintiffs, Darryl George, (herein referred to as D.G.) and Darresha George (herein referred to as Mom (herein referred to collectively as "Plaintiffs")), filed their Fifth Amended Complaint along

with a request for a declaratory judgment and request for temporary restraining order and injunction. Plaintiff D.G. brings a race discrimination disparate impact action (as well as a discriminatory intent or direct discrimination claim) pursuant to Title VI of the Civil Rights Act of 1964 and THE CROWN ACT (which in this instance, added Section 25.902 to the Texas Education Code) as to all Defendants, a sex discrimination action pursuant to the 14TH Amendment Equal Protection Clause of the United States Constitution as to all Defendants, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, and THE CROWN ACT as to all Defendants, a Freedom of Speech/ Freedom of Expression action under the First Amendment of the United States Constitution as to all Defendants, a Freedom of Speech/Freedom of Expression action under the First Amendment of the United States Constitution as to all Defendants, a Due Process Violation under the 14th Amendment of the United States Constitution as to all Defendants, fiduciary duty state claim as to all Defendants, a breach of contract state claim as to all Defendants, a state law harassment claim as to all Defendants, an intentional infliction of emotional distress claim as to all Defendants, and a federal abridgment of bodily integrity claim pursuant to 14TH Amendment and 42 U.S.C. § 1983 as to all Defendants, and bystander liability and/or failure to intervene claims as to all Defendants.

  Darresha George brought a fiduciary duty state claim as to all Defendants, a breach of contract state claim as to all Defendants, a state law harassment claim as to all Defendants, an intentional infliction of emotional distress claim as to all Defendants and bystander liability and/or failure to intervene claims as to all Defendants.  Individual Defendants, Greg Poole, Lance Murphy and Ryan Rodriguez filed this, their invocation and motion to dismiss as to **all state law tort claims filed by the Plaintiffs**, to which Plaintiffs now respond. Whenever Plaintiffs state "THE CROWN ACT" they mean the new Section 25.902 to the Texas Education

Code. Plaintiffs notate that each of the individual employee defendants (for BHISD) were sued in both their individual and official capacities. This motion solely effects the claims brought against them in their official capacities.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a civil action for lack of subject matter jurisdiction. The burden of establishing federal jurisdiction rests on the party seeking the federal forum. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." When conducting a Rule 12(b)(1) analysis, the Court may consider disputed facts and should grant the motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." The Court can determine a lack of subject matter jurisdiction by looking at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts," Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, the court accepts all well-pleaded allegations in the complaint as true and construes those allegations in the light most favorable to the plaintiff. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

## III.     FACTS

BHISD is a school district within Chambers County, Texas. Barber's Hill High School, a school within BHISD is the school that Plaintiff, D.G. attends as a junior (11th grader). This

school district has a dress and grooming code which includes a hair length policy, which provides in relevant part:

[Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes when let down. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down]. This school district has made significant changes to their dress and grooming code to ban loc's, braids, twists and protective hairstyles as a whole. on August 31, 2023, BHISD began launching their "assault" against Plaintiff. Plaintiff was pulled out of class by assistant principal, Ryan Rodriguez, and the injuries for which Plaintiff complains of within this complaint began. Unfortunately, the disparate impact of the enforcement of their dress and grooming code is against Black males and/or Black males with locs, braids, twists, and protective styles. BHISD has other students presently (and in the past) that they have allowed to have long hair and/or hair that is against their dress code and grooming policy. BHISD is guilty of singling out Plaintiffs due to Plaintiff D.G.'s locs, despite the hair length requirement being their pretextual reason for putting Plaintiff D.G. in ISS. BHISD and BHISD employee defendants have only enacted and or applied their hair length grooming policy to Black males and/or Black males with locs, braids, twists, or protective styles. BHSID and BHISD employees unequally apply their grooming code and/or the grooming code only effects Black males and/or Black males with locs, twists, braids, or protective hairstyles.

      BHISD and BHISD employees have disciplined Plaintiff D.G. repeatedly and non-stop since August 31, 2023. Plaintiff has not been in his regular class and has been in in school suspension (herein referred to as ISS) since August 31, 2023. Plaintiff, D.H. is being unethically hazed by adults at BHISD (whom are BHISD defendant employees sued here) with the intent to

disturb his morale and cause intentional infliction of emotional distress to both he and his ailing mother. His mother has fallen ill due to stress and has had a series of seizures. She has suffered hospitalization because of the inaction of the Defendants, for which she complains of. BHISD has begun to launch assaultive campaigns against the George Family by writing about them to all of the students and parents in the school newspapers, having Poole submit district-wide emails about the George family and how they are making the district look bad, and even garnering support from the community to force Darry George and his family out of the school and out of the community with community assistance from BHISD students and parents. In addition, Darryl George has been repeatedly denied his opportunity for a Level III Grievance, and for a timely grievance hearing. He has also been denied his educational records challenge hearing that he requested several months ago, and his attorney has been denied a copy his complete school records despite written requests and confirmation of receipts of these requests by District personnel (BHISD). D.G. and Mom brought their lawsuit against BHISD and employees Greg Poole, Lance Murphy and Ryan Rodriguez.

## IV.    ARGUMENT AND AUTHORITY

"Application of the TTCA's election-of-remedies provision requires a determination as to 'whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable.'" TEX. CIV. PRAC. & REM. CODE § 101.106 provides that if a suit is brought against a governmental unit, then the plaintiff makes an irrevocable election which bars subsequent suit against the governmental employee. When a governmental unit files a motion to dismiss under subsection (e), the "governmental unit effectively confirms the employee was acting

within the scope of employment and that the government, not the employee, is the proper party," Tex. Civ. Prac. & Rem Code § 101.106(e); TAGO, 408 S.W.3d at 357-58, Univ. of Tex. M.D. Anderson Cancer Ctr. v. Stewart, 2017 Tex. App. LEXIS 5505, *7, 2017 WL 2590230.

In addition, Governmental immunity protects political subdivisions of the State from lawsuits for money damages unless immunity has been waived, Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006); City of Fort Worth v. Deal, 552 S.W.3d 366, 371 (Tex. App.—Fort Worth 2018, pet. ref'd). The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." Tex. Civ. Prac. & Rem. Code § 101.021.; Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000). However, this limited waiver does not apply to intentional torts. Id. § 101.057(2).

Case law has found that intentional torts, such as breach of fiduciary duty do not fall within the waiver under the TTCA, Univ. of Tex. Sys. v. Pleasant, 2021 Tex. App. LEXIS 7145, 2021 WL 3784301, *3 (Tex. App.—Amarillo Aug. 26, 2021, no pet.). Therefore, a claim of fiduciary duty is barred by sovereign immunity, *Wren v. Midwestern State Univ.*, 2023 Tex. App. LEXIS 7289, *5-6, 2023 WL 6139452. Because breach of fiduciary duty cannot be filed against a governmental unit, such as BHISD, BHISD is precluded from invoking 101.106(e) for its employees as it relates to the cause of action of breach of fiduciary duty. Thus 101.106(e) can only be used to invoke where the sovereign can be sued for a particular cause of action. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) compels dismissal of a governmental employee if a plaintiff first sues the governmental entity under this chapter. But Tex. Civ. Prac. & Rem. Code Ann. § 101.057 explicitly provides that this

chapter does not apply to a claim arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities. Thus, a suit alleging intentional tort claims against a governmental entity that does not attempt to characterize those claims as coming within the scope of Tex. Civ. Prac. & Rem. Code Ann. § 101.021 is not a suit brought under the Texas Tort Claims Act and does not preclude a suit against an employee of the entity in his or her individual capacity for causes of action regarding the same subject matter, Meroney v. City of Colleyville, 200 S.W.3d 707, 709, 2006 Tex. App. LEXIS 4555.

If the sovereign cannot be sued for such cause of action, then, naturally, the sovereign cannot request dismissal of the employees and stand in the employee's stead. This is an unfair request. BHISD plans to invoke 101.106(e) for its employees, have their employees dismissed from the lawsuit, and then move for dismissal themselves, under TTCA and sovereign immunity. So, the true question is whether the employer can be sued for the state law claims before the Court. If the government employer can be sued, **only then** can 101.106(e) be invoked.

The state intentional torts pled by the Plaintiffs are not causes of action that BHISD can be sued for. As such, BHISD cannot invoke 101.106(e) for any of the intentional torts. Breach of fiduciary duty, breach of contract, harassment and IIED are all causes of action that cannot be pled against the sovereign due to the TTCA. As such, BHISD cannot invoke 101.106(e) for these causes of action. As such, any intentional torts filed against BHISD or the Defendants in their official capacities must be dismissed by operation of law, leaving the state law intentional tort claims against the individual Defendant (employees) in their individual capacities.

## V.     CONCLUSION

In conclusion, BHSID is estopped from invoking 101.106(e) for any state intentional torts that do not stem from the use of publicly owned automobiles, premises defects, or injuries arising out of conditions or use of property. None of the state law intentional torts filed by Plaintiffs against Greg Poole, Lance Murphy, and Ryan Rodriguez, fall underneath a waiver, so these claims still stand against the employee defendants in their individual capacities. For these reasons, the Court should deny BHISD's invocation and motion to dismiss.

Plaintiffs pray for relief.

Plaintiffs pray for all relief to which they are entitled in law and in equity.

Respectfully Submitted,

**THE BOOKER LAW FIRM**
*/S/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 (office)
(713) 583-3999 (facsimile)
COUNSEL TO PLAINTIFFS

### NOTICE OF ELECTRONIC FILING

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 7th day of March, 2024.

*/s/Allie Booker*
Allie Booker

**CERTIFICATE OF SERVICE**

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have forwarded a true and correct copy of the above, to all parties in this case, in accordance with The Federal Rules of Civil Procedure, on this on this the 7th day of March 2024.

*/s/Allie Booker*
Allie Booker