# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE AND DARRESHA GEORGE | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | C.A. No. 3:24-CV-00012 |
| GREG ABBOTT, KEN PAXTON, BARBERS HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY AND RYAN RODRIGUEZ | § § § § § § § | |
| *Defendants*. | § | |

## SECOND AMENDED JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.**

   Prior to this case being transferred from the Houston Division, the Parties held a Rule 26(f) conference on November 27, 2023, via telephone. *See* Dkts. 26-27. In attendance were Allie Booker, counsel for Plaintiffs; Jonathan Brush and Amy Demmler, counsel for Barbers Hill ISD, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez (the BHISD Defendants); and Assistant Attorney General Kelsey Warren, counsel for Attorney General Ken Paxton and Governor Greg Abbott (the State Defendants).

   In light of the recent Order for Initial Conference (Dkt. 46) entered after the case was transferred to the Galveston Division, the Parties conferred again on March 4, 2024, via telephone, to update and revise the joint discovery case management plan in accordance with this Court's procedures.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

   *Barbers Hill Indep. Sch. Dist. v. Darresha George, et al.*, CA No. 23-DCV-0776; Pending in the 253rd Judicial District, Chambers County, Texas; Judge Chap B. Cain III Presiding. Declaratory judgment action filed by the District seeking clarification of whether its dress and grooming code violates Section 25.902 of the Education Code (the Texas CROWN Act). Bench trial held on February 22, 2024, after which the Court found the Texas CROWN Act did not render unlawful the District's dress code. Final judgment order is pending. George plans to appeal because he believes that length is not a restriction that can be added by using judicial interpretation and that if it is, the Judge cannot seek to restrict the breadth of the law and must not make a finding at all as it relates to length if not already within the statute.

   *Arnold, et al. v. Barbers Hill Indep. Sch. Dist.*, CA No. 4:20-cv-01802; Pending in the Southern District of Texas – On Interlocutory Appeal in the Fifth Circuit, Case No. 23-20256. Similar allegations and causes of action brought by separate plaintiffs against the District.

   *Woodley, et al. v. Tatum Unified Indep. Sch. Dist.*, CA No. 2:21-cv-00364; Pending in the Eastern District of Texas – Trial set for April 15, 2024. Similar causes of action brought against Tatum Independent School District.

3. **Briefly describe what this case is about.**

   Darryl George (George) is a Black, male high school student at the District. His mother is Darresha George. Both have sued the BHISD Defendants, alleging that BHISD has selectively enforced its policy regulating male students' hair length in a discriminatory manner on the basis of race and sex in violation of constitutional, federal, and state law, and infringes on George's constitutional right to freedom of expression. Plaintiffs allege that the District's dress and grooming code that regulates the length of male students' hair serves no legitimate educational goal. They also allege that the State Defendants have knowingly allowed and/or failed to intervene when the District enforced an alleged discriminatory policy, in violation of Texas' newly passed CROWN Act.

   Plaintiffs bring this civil rights action against all Defendants for: (1) race discrimination in violation of the Fourteenth Amendment right to equal protection; (2) race discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; (3) sex discrimination in violation of the Fourteenth

Amendment right to equal protection; (4) sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; (5) violation of the First Amendment right to free speech and freedom of expression; (6) violation of the Fourteenth Amendment's Due Process Clause; (7) federal abridgement of bodily integrity; (8) state actions for breach of contract, harassment, breach of fiduciary duty, intentional infliction of emotional distress, and federal failure to intervene/bystander liability; and (9) declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiffs believe that state declaratory action was an improper vehicle and that the decision reached was overbroad and not allowed by judicial interpretation as it goes against other well settled law and seeks to introduce a length requirement where the Legislature did not put one.

BHISD Defendants deny all of Plaintiffs' allegations. BHISD asserts that neither it nor its employees discriminated against George, Darresha George, or any other student or parent in any manner. BHISD asserts it does not unfairly or prejudicially apply its dress and grooming code policies against George or any other student because of their race or gender. Further, BHISD asserts that its grooming policies are not discriminatory and serve the legitimate purposes of promoting order, discipline, and a positive learning environment for all students attending school in BHISD. BHISD disagrees that its dress and grooming code violates the newly enacted Texas CROWN Act and, in fact, a State court judge has recently found the Texas CROWN Act does not render unlawful the District's dress and grooming code. *See* Part 2 *supra*. Finally, the individual BHISD Defendants are entitled to qualified immunity against all claims.

General Paxton and Governor Abbott deny all of Plaintiffs' claims against them and assert that Governor Abbott and General Paxton do not have enforcement authority under the CROWN Act, nor do they have a general duty to intervene when a public school district is merely accused of violating a student's constitutional rights or rights provided under a provision of State law. Because of this, Plaintiffs lack standing, and the Court is without jurisdiction to entertain their claims against Governor Abbott and General Paxton, and Plaintiffs' claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

4. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   None.

5. **Federal jurisdiction.**

   a. <u>Specify the allegation of federal jurisdiction.</u>

   The Parties agree this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. This Court also has jurisdiction under 28 U.S.C. § 1343(a) because Plaintiffs seek damages for violations of their civil rights. Subject to subpart b., *infra*, supplemental jurisdiction over Plaintiffs' state law claims is proper under 28 U.S.C. § 1367.

   b. <u>Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations and state their reasons.</u>

   The BHISD Defendants deny that the Court has subject matter jurisdiction over Plaintiffs' state law claims as the BHISD Defendants are entitled to governmental immunity. Likewise, General Paxton and Governor Abbott deny that the Court has subject-matter jurisdiction over Plaintiffs' claims asserted against them.

   Plaintiffs argue that no immunity applies and that all parties are subject to the court's jurisdiction both personally and subject-matter-wise.

   c. <u>If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.</u> *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

   Not applicable.

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

   Plaintiffs anticipate adding the Texas Education Agency as a party to this lawsuit. Defendants oppose.

7. **List anticipated interventions.**

   None at this time.

8. **Describe class-action or collective-action issues.**

    None.

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

    As noted in the Court's Order for Conference (Dkt. 46), the Parties intend to timely serve their initial disclosures before the initial conference scheduled for April 3, 2024. The BHISD Defendants intend to serve any documents responsive to the categories listed in Rule 26(a) following the entry of a protective order. *See* Local Rule 13(a); *see* Parts 21, 23 *infra*. Plaintiffs are opposed to the protective order.

10. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    The Parties agree to submit any claims for attorneys' fees via affidavit or declarations.

11. **Describe the proposed discovery plan, including:**

    a. <u>Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.</u>

        The Parties anticipate that they will engage in discovery related to matters including, but not limited to, action taken by BHISD and its personnel and agents in connection with the enforcement of its dress and grooming code against George and other BHISD students. The Parties anticipate exchanging documents relating to BHISD disciplinary records and standard operating procedures for disciplinary measures. BHISD anticipates engaging in discovery related to the personal grooming habits and hair style choices of George and his family members.

        The State Defendants filed their Motion to Stay Discovery on December 11, 2023, which was granted by Judge Eskridge on December 13, 2023. *See* ECF Nos. 36, 39. Pursuant to Judge Eskridge's Order, the State Defendants do not intend to engage in discovery unless and until the Court rules on the threshold immunity issues asserted in the State Defendants' Motion to Dismiss. *See* ECF No. 60.

> The Parties agree to exchange discovery documents in electronic format, as necessary.
>
> The BHISD Defendants do not intend to serve any documents responsive to the categories listed in Rule 26(a) or during formal discovery, should it be reached, until the entry of a protective order. *See* Local Rule 13(a); *see* Parts 21, 23 *infra*. Plaintiffs are opposed to the protective order as Plaintiff's believe the protective order is not finite and it too overbroad allowing for anything to be privileged.
>
> Counsel for BHISD Defendants have instructed the District and the individual defendants to suspend any normal practice of data and document deletion in light of this litigation to negate any spoliation issues.

b. <u>Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.</u>

> The BHISD and State Defendants believe that no discovery should take place until after the Court rules on the individual defendants' entitlement to qualified immunity and the District and State Defendants' entitlement to sovereign immunity. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, 144 S. Ct. 73 (2023) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"— against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."); *see Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (acknowledging that "plaintiffs [are] not entitled to discovery without a properly pleaded complaint" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (the various forms of sovereign immunity constitute "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation"); *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam) (holding that a district court's "obligation to consider a challenge to its jurisdiction is nondiscretionary"); Dkt. 59 ("And in light of the defendants' qualified-immunity defense, pre-injunction discovery is inappropriate.").
>
> Plaintiffs contend that discovery is proper and needed (even if limited) in order for Plaintiffs to adequately respond to the Motion to Dismiss because the motion to dismiss is nothing more than a disguised motion for summary

judgment (or at least most issues raised are issues for the summary judgment stage).

12. **Experts**

    a. <u>Are experts needed on issues other than attorneys' fees?</u>

       Experts may be necessary, including an educational practices expert, a loctician, and a statistician.

    b. <u>If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.</u>

       Plaintiffs will need treating physicians and an expert who is non treating and can opine.

    c. <u>The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).</u>

       Plaintiffs will designate experts and provide reports as required by Rule 26(a)(2)(B) by August 13, 2024.

    d. <u>The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).</u>

       Defendants will designate responsive experts and provide reports as required by Rule 26(a)(2)(B) by October 11, 2024.

       Plaintiffs believe that Defendants should designate responsive experts and provide reports by September 16, 2024. Giving Defendants additional time may prove to be an issue for Plaintiff due to the discovery cut off date and whether or not experts would need to look at Defense's expert reports and opine.

       Defendants attempted to agree to Plaintiffs' request to extend the Discovery deadline below to account for Plaintiffs' concern, but Plaintiffs refused this solution.

13. **State the date discovery can reasonably be completed.**

    Discovery can be completed by January 31, 2025.

> Plaintiff disagrees and believes that discovery must be extended to January 31, 2025 if the expert deadline of the Defendants is October 11, 2024.
>
> Defendants attempted to agree to Plaintiffs' request to extend the Discovery deadline to account for Plaintiffs' concern, but Plaintiffs refused this solution.

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    > The BHISD and State Defendants believe no discovery should take place until after the Court rules on the individual defendants' entitlement to qualified immunity and the District and State Defendants' entitlement to sovereign immunity. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, 144 S. Ct. 73 (2023) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."); *see Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (acknowledging that "plaintiffs [are] not entitled to discovery without a properly pleaded complaint" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (the various forms of sovereign immunity constitute "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation"); *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam) (holding that a district court's "obligation to consider a challenge to its jurisdiction is nondiscretionary"); Dkt. 59 ("And in light of the defendants' qualified-immunity defense, pre-injunction discovery is inappropriate.").
    >
    > Plaintiffs contend that discovery is proper and needed (even if limited) in order for Plaintiffs to adequately respond to the summary judgment issues raised within the motion to dismiss (as previously stated).

15. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    > None. *See* Parts 11.b., 14 *supra*.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    > The Defendants do not believe settlement or resolution is appropriate at this time. Plaintiffs believe that settlement is appropriate.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

    The Defendants do not believe settlement or resolution is appropriate at this time. However, the Parties agree mediation would be the appropriate ADR technique, should the need arise. Any discussions on mediation or other ADR techniques would not occur until after the motions to dismiss have been ruled upon and discovery completed.

18. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and nonjury trials. Indicate the parties' joint position on a trial before Judge Edison.**

    The Parties do not agree to refer this case to U.S. Magistrate Judge Edison.

19. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs have timely made a jury demand. *See* Dkt. 2.

20. **Specify the number of hours it will likely take to present the evidence.**

    Defendants believe a trial should last 2-3 days, including voir dire. Plaintiffs believe a trial should last 4-5 days, including voir dire.

21. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

    The BHISD Defendants' Invocation of Section 101.106(e) of the Texas Civil Practice and Remedies Code and Motion to Dismiss Plaintiffs' State Law Claims Against the Individual Defendants. *See* Dkts. 23, 55.

    The BHISD Defendants' Motion to Dismiss Plaintiffs' Fifth Amended Complaint. *See* Dkt. 56.

    The State Defendants' Motion to Dismiss Plaintiffs' Fifth Amended Complaint. *See* Dkt. 60.

    The Defendants' Opposed Motion for Protective Order. *See* Dkt. 22, 34.

    The State Defendants' Motion to Stay Discovery. *See* Dkt. 36.

22. **List other pending motions.**

    None.

23. **List issues or matters, including discovery, that should be addressed at the conference.**

    The BHISD and State Defendants believe that no discovery should take place until after the Court rules on the individual defendants' entitlement to qualified immunity and the District and State Defendants' entitlement to sovereign immunity. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, 144 S. Ct. 73 (2023) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery— "cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."); *see Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (acknowledging that "plaintiffs [are] not entitled to discovery without a properly pleaded complaint" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (the various forms of sovereign immunity constitute "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation"); *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam) (holding that a district court's "obligation to consider a challenge to its jurisdiction is nondiscretionary"); Dkt. 59 ("And in light of the defendants' qualified-immunity defense, pre-injunction discovery is inappropriate.").

    Plaintiffs contend that discovery is proper and needed (even if limited) in order for Plaintiffs to adequately prove bystander liability applies and to fight the immunity claims as raised by the Defendants.

    The Defendants filed a proposed protective order that addresses educational and employee records. *See* Dkt. 22. The protective order is opposed by Plaintiffs.

24. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

    BHISD Defendants filed their Certificate of Interested Parties on October 27, 2023. Dkt. 12.

    General Paxton and Governor Abbott filed their Certificate of Interested Persons on November 15, 2023, subject to their special appearance. Dkt. 19.

    Plaintiffs filed their Certificate of Interested Parties on November 27, 2023. Dkt. 20.

/s/ Allie Booker
By Permission – Amy Demmler                                  3/21/2024

_____        _____
Counsel for Plaintiffs                                            Date

                                                              3/21/2024
*Jonathan G. Bush* (signature)
_____        _____
Counsel for BHISD Defendants                                      Date

/s/ Kelsey Warren
By Permission – Amy Demmler                                  3/21/2024

_____        _____
Counsel for State Defendants                                      Date