IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DARRYL GEORGE** | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | NO. 3:24-cv-00012 |
| | § | |
| **BHISD, GREGORY POOLE, LANCE** | § | |
| **MURPHY AND RYAN RODRIGUEZ** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION
AND PERMANENT INJUNCTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Darryle George, Plaintiff herein, and files this Plaintiff's Application for Temporary Restraining Order and Temporary and Permanent Injunction against BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendants herein, and in support thereof, shows the court the following:

1. Plaintiff, Darryle George, is an Individual and student of BHISD school district and Barber's Hill High School.

2. Defendants are BHISD Gregory Poole, Lance Murphy and Ryan Rodriguez.

3. The subject matter in controversy is within the jurisdictional limits of this court.

4. The four elements a plaintiff must establish to secure a preliminary injunction are:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat of irreparable injury if the injunction is not issued,

(3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and

(4)  that the grant of an injunction will not disserve the public interest.

## FACTS

7.  Darryl George is Plaintiff and a senior at Barber's Hill High School. Last year, Darryl George filed a lawsuit against Abbott, Paxton, BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez. Plaintiff, has worn his natural hair in locs as an outward expression of his Black identity and culture for several years now. He has not cut his hair since the time the locs began to form. BHISD and BHISD employee defendants have repeatedly and with malicious intent, disciplined him excessively for violating the dress and grooming code by assigning him to in-school suspension and even DAEP. Last school year, BHISD and BHISD employees disciplined Plaintiff by removing him from traditional instruction (since August 31, 2023). Last school year Plaintiff was denied hot lunch each day while in ISS (in school suspension).

Plaintiff's mother requested hot food for her child, she was told that she must buy him hot food if she wants him to have it. Plaintiff was given a mere sandwich in a bag (made with processed meat and cheese) and given an 8 oz bottle of water to drink (for the entire day). Other children, who were not being disciplined for their hair were allowed to eat hot food as a part of the free lunch program. Plaintiff, was denied adequate food and water while in ISS and denied the free lunch and breakfast program (that he is entitled to under both state and federal law). Plaintiff's mother, Darresha George does not have the money to buy Plaintiff's lunch (which is why he [Plaintiff D.G.] qualifies for free lunch and breakfast).

All Defendants are aware of this punishment imposed by BHISD and as to the public stance that BHISD has taken regarding their dress and grooming policy and equal protection sex discrimination.

Dispositive motions (in the form of motions to dismiss) were filed by all Defendants. Plaintiffs filed responses. All claims were subsequently dismissed with the exception of Plaintiff's equal protection and gender discrimination claim.

8. Unless BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant herein, is immediately enjoined and restrained, Defendant will perform the same acts and Plaintiff will suffer the same educational plights.

**ELEMENTS FOR INJUNCTIVE RELIEF- Fed. R. Civ. Pro. 65**

9. In light of the above-described facts, Plaintiff seeks recovery from Defendant. The nature of the lawsuit is.

10. Plaintiff is likely to succeed on the merits of this lawsuit as it relates to gender. The Court must apply the intermediate-scrutiny standard articulated in J.E.B., Virginia, and Morales-Santana whereby BHISD must present an "exceedingly persuasive" justification for the hair-length policy, meaning that the hair-length policy must "at least" be "substantially related to the achievement" of "important governmental objectives[.]" Virginia, 518 U.S. at 532–33. As justifications for its hair-length policy that the policy helps to "maintain a standard of excellence[;]" "maintain . . . an atmosphere conducive to learning[;]" "[p]repar[e] students for success in college, the military, and the workplace[;]" and "promot[e] educational goals." (See 532-533). Moreover, Defendants have not articulated facts establishing any discernible relationship between the hair-length policy which regulates the length of male students' hair "when let down"—and the stated justifications for the dress code.

In fact BHISD in other litigation and in a Houston Chronicle article (See Exhibit 17) has stipulated that other Barbers Hill High School students were granted an exemption from the hair-length policy with no apparent effect on BHISD's educational goals. If this TRO and injunction

is not granted, D.G. will continue to be harmed and he will be taken out of regular school instruction and placed in ISS. BHISD will not suffer at all. The public will not suffer harm to its interest if an injunction is granted. In fact, the rights of D.G. will continue to be violated if this injunction is denied. It is always in the public interest to prevent the violation of a party's constitutional rights," Jackson Women's Health Organization v. Currier, 760 F.3d 448, 458 n.9 (5th Cir. 2014) (quotation marks and brackets omitted). Conversely, "[p]ublic interest is never served by a state's depriving an individual of a constitutional right," Kite v. Marshall, 454 F. Supp. 1347, 1351 (S.D. Tex. 1978);Arnold v. Barbers Hill Indep. Sch. Dist., 479 F. Supp. 3d 511, 531, 2020 U.S. Dist. LEXIS 148137, 2020 WL 4805038.Although discovery will be needed in preparation for the injunction hearing, Plaintiff argues that the Defendants have no facts supporting their dress code in the face of heightened scrutiny so that Darryl George is likely to succeed on the merits. In addition, Darryl George ties up his locs and BHISD will be hard pressed to explain how Plaintiff's tying his locs up create any type of problem for Darryl George and BHISD, or Darryl George's fellow students.

    11.    Unless this Honorable Court immediately restrains the Defendant, the Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court the following:

    a.    The harm to Plaintiff is imminent because school starts on Wednesday, August 15, 2024. Darryl George will resume in normal instruction, but based on information and belief, will be subject to the same penalties in classroom instruction and learning that he suffered last school year within 48-72 hours of school beginning this school year.

    b. "To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable. The plaintiff need show only a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." Humana, Inc. v. Avram A. Jacobson, M.D., P.A., 804 F.2d 1390, 1394 (5th Cir. 1986) (footnotes omitted). "It has repeatedly been recognized by the federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law[,]" Cohen v. Coahoma County, Mississippi, 805 F. Supp. 398, 406 (N.D. Miss. 1992) (collecting cases), and that principle includes violation of rights under the Equal Protection Clause. Killebrew v. City of Greenwood, Mississippi, 988 F. Supp. 1014, 1016 (N.D. Miss. 1997). In the educational context, courts have also found a substantial threat of irreparable harm when students have shown that they will be placed in in-house detention and as a result "given inferior instruction[.]" Alabama and Coushatta Tribes of Texas v. Trustees of Big Sandy Independent School District, 817 F. Supp. 1319, 1336–37 (E.D. Tex. 1993).

    c. There is no adequate remedy at law which will give Plaintiff complete, final and equal relief because his rights under the equal protection clause will be denied. BHISD has admitted that they plan to institute the same discipline this year that they did last year. So, because Darryl George has not cut his locs, he will receive a series of write-ups which will result in in-school suspension within 48-72 hours after the beginning of the school year, See Exhibit 1 – Email with Barbers Hill Atttorney. This is the exact same thing that happened to him when he did not cut his locs last school year. Darryl George fell behind in instruction. He has learning disabilities and the denial of class room

instruction, after school tutoring and the like, greatly effected him last school year. Not to mention, he will suffer from inferior instruction or no instruction, again. There is no evidence that BHISD or the individual defendants will suffer any harm whatsoever if this injunction is granted. We do know that Plaintiff, Darryl George will suffer tremendous injury if this injunction is no granted.

        d. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In this case, Darryl George will be harmed before he can be heard. Once he is in detention the injury will be immediate and irreparable. Requesting that one maintain the status quo will be difficult once he is already in in school suspension because he will be out of traditional instruction and suffering as he did last year. The court could never schedule the injunction hearing before Darryl George is placed back in ISS (in school suspension), and opposing counsel has been put on notice of the situation, the emergency nature of this request, but has stated that BHISD will act in conformance with their position and in the way that they have been. This means that Darry George will be given ISS (ic school suspension) in a matter of days.

**BOND**

    12.    Plaintiff is willing to post a reasonable temporary restraining order bond and but requests the court not to set a bond.

**REMEDY**

13. Plaintiff has met Plaintiff's burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

14. Plaintiff requests the court to restrain Defendant from Texas students to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement. The Defendants should be compelled to halt and/or cause its schools to halt all disciplinary action pending and future, for those who have locs, braids, twists and protective styles. The Defendants should be stopped from enforcing their dressing and grooming policy against Plaintiff.

15. It is essential that the court immediately and temporarily restrain BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant herein, from (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(2) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

(3) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(4) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

(5) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(6) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

(7) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(8) Disturbing the peace of Darryl George while attending Barber's Hill High School.. It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the matter because irreparable harm will result if nothing is done and Darryl George has a claim that is likely to succeed on the merits.

16. In order to preserve the status quo during the pendency of this action, Plaintiff requests that the Defendant be temporarily enjoined from (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(2) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

(3) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(4) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

(5) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(6) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the

District or schools' length requirement.

(7) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(8) Disturbing the peace of Darryl George while attending Barber's Hill High School.

17. On final trial on the merits, that the Court permanently enjoin BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant herein, from (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(2) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

(3) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(4) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

(5) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(6) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

(7) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(8) Disturbing the peace of Darryl George while attending Barber's Hill High School..

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Darryle George, Plaintiff herein,

respectfully prays that:

  a. BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, will be cited to appear and answer herein;

  b. A temporary restraining order will issue without notice to BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, restraining Defendant, Defendant's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys from directly or indirectly (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

  (2) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

  (3) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

  (4) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

  (5) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

  (6) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

  (7) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

  (8) Disturbing the peace of Darryl George while attending Barber's Hill High

School.

  c. The Court sets a reasonable bond for the temporary restraining order;

  d. After notice and hearing, a temporary injunction will issue enjoining and restraining BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly disciplining, pulling out of regular instruction and pulling out of regular instruction due to his hair and hair length;

  e. After trial on the merits, the Court permanently enjoin BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly disciplining, pulling out of regular instruction and pulling out of regular instruction due to his hair and hair length.

  f. For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BOOKER LAW FIRM**
*/s/Allie Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 office
(713) 583-3999 facsimile

**LAW OFFICE OF JOSEPH K. PLUMBAR**

*/s/Joseph Plumbar*
**JOSEPH K. PLUMBAR**

Federal Bar No. 1493814<br>
1200 Rothwell Street<br>
Houston, Texas 77002<br>
(713) 384-5507 (office)<br>
(866) 252-3048 (facsimile)

### Certificate of Conference

I, Allie Booker, am the attorney for the Movant in the above and foregoing Motion. I have made a good faith effort to resolve the discovery problems with opposing counsel without invoking the aid of the Court. I have been unable to resolve the problem despite conferences both written and oral.

*/s/Allie Booker*<br>
ALLIE R BOOKER

### NOTICE OF ELECTRONIC FILING

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 14th day of August, 2024.

*/s/Allie Booker*<br>
Allie Booker

### CERTIFICATE OF SERVICE

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have forwarded, a true and correct copy of the above, to all parties in this case, in accordance with The Federal Rules of Civil Procedure, on this on this the 14th day of August, 2024.

*/s/Allie Booker*<br>
Allie Booker

## VERIFICATION

STATE OF TEXAS  §
                §
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, personally appeared Allie Booker, who, on oath, stated that the statements made in the foregoing Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction are true and correct.

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME on this the 14th day of August, 2024, to certify which witness my hand and seal of office. This notarial act was an online notarization and was signed with an electronic signature.

_____
Notary Public, State of Texas



WENDI HOWARD
Notary ID #132549580
My Commission Expires
July 1, 2028