IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DARRYL GEORGE, et al, § | |
| Plaintiffs, § | |
| V. § | 3:24 cv 00012 |
| § | |
| GREG ABBOTT, et al. § | Jury Trial Demanded |
| Defendants. § | |

**PLAINTIFF'S MOTION TO DEFER DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT or DENY AS MOOT**

Plaintiff, Darryl George, hereby files his Motion to Defer the Motion for Summary Judgment filed by the Defendants in this case because adequate discovery has not been conducted in this case. In support thereof he presents the following:

**Standard of Review**

The appellate court reviews a trial court's ruling on a motion for continuance or a motion for summary judgment under an abuse of discretion standard. The appellate court must determine whether the trial court acted without reference to guiding rules or principles, or whether the court's actions were so arbitrary and unreasonable as to constitute a clear and prejudicial error of law.

**Argument**

Rule 56(d) of the Federal Rules of Civil Procedure provides that:
If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order, Fed. R. Civ. P. 56(d).

The Fifth Circuit has established that while discovery may not always be necessary before a summary judgment can be granted, summary judgment is only appropriate when "the plaintiff has had a full opportunity to conduct discovery." *Bailey v. KS Mgmt. Services, L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (citing *McCoy v. Energy XXI GOM, L.L.C.*, 695 F. App'x 750, 758-59 (5th Cir. 2017); *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)). To balance these considerations, the Court must examine the submissions of the party seeking denial or deferment of the summary judgment motion to determine if there is a plausible basis for believing that specified facts probably exist and that these facts, once uncovered through discovery, will influence the pending summary judgment motion. *Smith v. Reel Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016).

In this case, the Plaintiff requires discovery to substantiate his gender discrimination claim. The development and adoption of the relevant policy, as well as the circumstances and studies surrounding it, are crucial factors that the Plaintiff must investigate to prove his claim. Discovery is the key to the Plaintiff meeting the elements and proving his claim. Moreover, it is essential to overcome the summary judgment hurdle. The Defendant seeks to circumvent the discovery process by filing a motion for summary judgment before adequate discovery has been conducted, despite having drafted and filed an agreed case management plan that did not indicate any disagreement regarding discovery, as evidenced by Docket Number 78. Additionally, the Defendant drafted a letter stating that the only disagreement between the parties was related to the addition (joinder) of parties (Docket Number 78). The Court accepted the parties' agreement and entered a DCO (Docket Number 80).
The motion for summary judgment should be deferred or denied because the parties are still within the discovery phase until April of next year (Docket Number 80). The Agreed Joint Case

Management Plan submitted by the parties, now an order of the Court, keeps discovery open until April of 2025 (Docket Numbers 78, 80). Therefore, this motion for summary judgment is premature and should be continued or denied as moot.

This motion is not intended to delay the case but rather to ensure justice is served. No parties will be prejudiced, as discovery and service are not yet complete. Given that the motion was filed before any opportunity for discovery, the motion is moot. A central issue before the Court is whether gender played a role in the District's Board of Trustees' decision to adopt and revise the District's policy regulating male students' hair (the "Hair Policy"). Evidence of intent from the Trustees and others involved in the decisions to adopt, modify, and enforce the Hair Policy is critical. We have had no opportunity for discovery in this case. The summary judgment motion was filed within days of the opening of discovery, rendering any discovery impossible. Courts have found that even where some discovery has occurred, the Plaintiff is entitled to more if they can demonstrate to the Court that additional discovery will be useful in meeting the summary judgment burden.

In *Waddell*, the Plaintiff identified facts that were anticipated to be revealed or expanded upon through additional discovery. The Court emphasized that "[t]he Plaintiff's intention to provide a more substantive and detailed response should not be taken lightly, considering she has a burden at the summary judgment stage to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Waddell v. Miss. Dept. of Wildlife, Fisheries and Parks*, 2020 U.S. Dist. LEXIS 117854, 2020 WL 3669938 (N.D. Miss. July 6, 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). Furthermore, in *Jacked Up, L.L.C. v. Sara Lee Corp.*, the Court deferred the summary judgment motion after finding that the non-moving party had diligently pursued discovery since the filing

of the motion. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). Similarly, in *Kodaco Co., Ltd. v. Valley Tool, Inc.*, little discovery had been completed, and thus little evidence was available when the Defendants filed their motion for summary judgment. Although the Defendants argued that this was sufficient for the Court to rule, the Court disagreed. *Kodaco Co., Ltd. v. Valley Tool, Inc.*, 2024 U.S. Dist. LEXIS 66630, *5, 2024 WL 1560010. Again, in this case, we have had no discovery at all, making this matter not ripe for summary judgment.

### Prayer

The Plaintiff respectfully requests that this Honorable Court deny the motion for summary judgment as moot or defer its consideration. The Plaintiff prays for any other relief to which he may be entitled in law and equity.

Respectfully submitted,

**THE BOOKER LAW FIRM**

*/s/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell
Houston, Texas 77002
(713) 292-2225 (office)
(713) 583-3999 (facsimile)

### DECLARATION

My name is Allie Booker, and I represent the Plaintiff, Darryl George, in this case. I declare under penalty of perjury that the foregoing document is true and correct. A core question before the Court is whether gender played a role in the decision of the District's Board of Trustees (the

4

"Board") to adopt and revise the District's policy regulating male students' hair (the "Hair Policy"). Thus, evidence of intent from the Trustees and others involved in the decisions to adopt, modify, and enforce the Hair Policy is critical. Moreover, any studies that were reviewed and considered in addition to other expert testimony used by the Defendants at the time the relevant hair/grooming policy was made is also relevant and evidence that will assist the Plaintiff in meeting its burden of proving a issue of material fact.

Executed in Harris County, State of Texas, on the 31st day of August 2024.

_____
Signature

## CERTIFICATE OF CONFERENCE

Conferences were attempted on numerous occasions with all/any relevant parties on the merits of this motion. An agreement could not be reached; therefore, the motion is presented to the Court for a determination.

*/s/ Allie R. Booker*
ALLIE R. BOOKER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on the parties listed below in compliance with Federal Rules of Civil Procedure on the 31st of August 2024

*/s/* **Allie R. Booker**
Allie R. Booker