IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE AND DARRESHA GEORGE, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | C.A. No. 3:24-CV-00012 |
| GREG ABBOTT, KEN PAXTON, BARBERS HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY AND RYAN RODRIGUEZ | § § § § § § § § | |
| *Defendants*. | § | |

## BARBERS HILL INDEPENDENT SCHOOL DISTRICT'S BRIEFING ON THE COURT'S JURISDICTION FOLLOWING GEORGE'S WITHDRAWAL FROM THE DISTRICT (DKT. 106)

Barbers Hill Independent School District (the District) files its briefing on the Court's jurisdiction following George's withdrawal from the District, as ordered in Dkt. 106. In sum, the Court does not have jurisdiction over George's application for a temporary restraining order, preliminary injunction, and permanent injunction, but retains its jurisdiction over George's remaining live claim for damages.

1.  As the Court notes, "the requirement that a claimant have 'standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Dkt. 106 (citing *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "To qualify for standing, [George] must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to

1

the [District's] challenged behavior; and likely to be redressed by a favorable ruling." *Davis*, 554 U.S. at 733 (citing *Lujan*, 504 U.S. at 560-61) (insertions added).

2. In his application for injunctive relief, George asks the Court to enter an Order enjoining the District from, primarily, disciplining or enforcing the hair-length restriction for male students against him or otherwise disqualifying George from participation in the District's football program or other extracurricular activities. Dkts. 81-82. In other words, George seeks injunctive relief that would affect his relationship with the District as a student of the District. *See id*.

3. But, as George chose to withdraw from the District, he is no longer a student and subject to District policies. *See* Dkts. 102-103. And, unless George faces the prospect that he will be disciplined for violating the District's policies, his request for injunctive relief is not concrete, particularized, actual or imminent. *See Campbell v. Lamar Institute of Tech.*, 842 F.3d 375, 382-83 (5th Cir. 2016) ("Campbell's alleged prospective injury is entirely speculative, hypothetical, and lacks imminence, *as Campbell withdrew from LIT* and has repeatedly said that he will not return…Because injunctive or declaratory relief against LIT would not benefit Campbell, *a non-student*, any possibility of future injury is not redressable by the court and he lacks standing to assert a claim for equitable relief.") (emphasis added) (citing *City of LA v. Lyons*, 461 U.S. 95, 105-10 (1983); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998)); E*.T. v. Paxton*, 41 F. 4th 709, 715-16 (5th Cir. 2022) (in a suit challenging Texas' ban on mask mandates in schools, students' alleged increased risk of suffering complications from contracting COVID-19 was not an injury in fact that could support Article III standing); *see also Boudreaux v. Sch. Bd. of St.*

*Mary Parish*, 2020 WL 5367088, at *3 (W.D. La. Sept. 8, 2020) ("More importantly, the Board has no authority over students who do not attend its schools, and it has not implemented any policies affecting the education of these students. Thus, the remedy requested by Plaintiffs – injunctive relief against the St. Mary Parish School Board – would have no impact upon students who do not attend the Board's schools."). Because he is no longer a District student, George no longer faces any threat of discipline and he lacks standing to seek injunctive relief.

4. Without standing, the Court is deprived of jurisdiction over George's request for injunctive relief. *Lujan*, 504 U.S. at 560-61; *Pederson v. LSU*, 213 F.3d 858, 869 (5th Cir. 2000) ("Standing is a jurisdictional requirement…"). Accordingly, George's voluntary decision to withdraw from the District destroyed his standing to seek injunctive relief. The Court should, therefore, deny George's request for injunctive relief and dismiss his claims for injunctive relief, pursuant to Rule 12(b)(1).

5. And it is of no import whether George attempted to appeal the Court's denial of injunctive or declaratory relief – which his amended appeal makes plain he is not. *Compare* Dkt. 86 *with* Dkt. 91; *see also* Dkts. 89-90. A loss of standing is still fatal to the underlying jurisdiction. *Lujan*, 504 U.S. at 560-61; *Pederson*, 213 F.3d at 869. As such, George's appeal does not affect the above analysis.

6. Separate and apart from George's lack of standing to pursue injunctive relief, the Court retains its jurisdiction over George's Equal Protection gender discrimination claim for damages. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

And George's withdrawal from the District does not deprive him of standing to seek past damages, although the District maintains that George has not suffered a constitutional injury and is not entitled to recover damages.

## CONCLUSION

As George has withdrawn from the District, he no longer has standing to assert a claim for injunctive relief, emergency or otherwise. However, the Court retains jurisdiction over George's remaining pending and live claim, regardless of George's interlocutory appeal.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

*/s/ Jonathan G. Brush*
JONATHAN G. BRUSH
Attorney-in-Charge
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No.  3227731
ademmler@rmgllp.com
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. 15004
rmorris@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR BARBERS HILL INDEPENDENT SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 19, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

_____
Attorney for Barbers Hill ISD
