UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DARYL GEORGE, ET AL.,** | § § § | |
| **Plaintiffs** | § | |
| vs. | § | 3:24-CV-12 |
| | § | |
| **GREGG ABBOTT, ET AL.,** | § § | |
| **Defendants** | § § § § | |

**PLAINTIFF'S BRIEFING ON THE COURT'S JURISDICTION FOLLOWING GEORGE'S WITHDRAWAL FROM THE DISTRICT (DKT. 106)**

**COMES NOW** Plaintiffs Darresha George and Darryl George and files this brief addressing whether this court has jurisdiction on Plaintiff's pending application for temporary restraining order, temporary injunction, and permanent injunction after Mr. George's withdrawal from Barbers Hill Independent School District. It is the Plaintiffs contention that this Court does have jurisdiction over Plaintiff's application for a temporary restraining order over George's remaining live claim for damages.

1. To qualify for standing, [George] must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the [District's] challenged behavior; and likely to be redressed by a favorable ruling." *Davis*, 554 U.S. at 733 (citing *Lujan*, 504 U.S. at 560-61)(insertions added). Plaintiff clearly presented his injury that is concrete, particularized, and actual at the time he filed his request for injunctive relief. The Court required additional briefing to determine whether it could grant the relief during the pendency of an interlocutory appeal. Briefs were submitted and Plaintiffs believe on the merits the Court could still rule. During this period, the Plaintiff was subjected to the discplinary actions discussed in his request for injunctive relief.

2. In Plaintiff's application for injunctive relief, George was entering the school year as a student in Barbers' Hill Independent School District. Plaintiff reached out Barbers' Hill Independent School District's Attorney which stated that they would enforce the policy. Plaintiff attended school as normal and Barbers Hill Independent School District. Plaintiffs filed their Temporary Restraining Order on August 14, 2024 in anticipation and knowing that the rule would be enforced by Barbers Hill Independent School District. With that, that Plaintiff filed his restraining order with attached affidavits. Dkt. No. 81. The Plaintiff wishes to return to Barbers' Hill Independent School District to attend classes as a normal student without the hair length rule in place. George's petition for injunctive relief was timely filed but has yet to be ruled on by the Court. Again, George wishes to return to Barbers Hill without the hair length rule affecting his schooling.

3. Contrary to the Defendant's position, Plaintiff does face the prospect that he will be disciplined for violating the District's policies, and his injunctive relief is concrete, particularized, actual and imminent. It was imminent when he filed his application, imminent when the Court ordered briefing, imminent before his withdrawal and imminent when he returns. Make no mistake, Barbers Hill has relied on the delay of Court procedures and rulings to force Plaintiff to withdraw. By forcing plaintiff to withdraw, Barbers' Hill contention is that this is not ripe for the Court to hear. The Defendant's cite *Campbell v. Lamar Institute of Tech.*, 842 F.3d 375, 382-83 (5th Cir. 2016) in stating that Campbell's injury is speculative. The facts here are clearly different. In *Campbell*, he did not actually know if Lamar Institute would deny his accomodations. He had withdrawn and stated unequivocally he would not return. The Court filed that since he had not intention of returning and he was unsure if the accomodations were too far in the future that it was distant. Here, George can affirm two things 1) he wants and will return to Barbers' Hill the school he is zoned to and 2) he has received affirmative statements from the Defendants' representatives that he will be disciplined. Matter of fact, he was disciplined when he returned to school. This is a clear difference between George (this case) and *Campbell*. In *Campbell*, the Court also cites the *Lyons* case that he did not have standing to seek injunctive relief because there was no evidence that he faced a "real and imminent threat of again being illegally choked by the police. Again, this case is different is that the imminent harm and threat is present and will be present.

4. The Courts held that Plaintiffs must show that there is a substantial risk that they will suffer the potential future injury absent their requested relief. *Stringer v. Whitley*, 842. F.3d 713, 721. The Plaintiff will suffer a risk in the future. The Defendants admitted that through their attorney and through the rule that remains in effect pending litigation. The court should have a hearing on this matter.

## Conclusion

The Plaintiff does has standing in this matter to seek injunctive relief. Therefore, the Court should either have a hearing or grant the Plaintiff's request for injunctive relief as requested.

Respectfully submitted,

**THE BOOKER LAW FIRM**

*//AB//*

**ALLIE R BOOKER**

Federal Bar No. 1089873

1200 Rothwell Street

Houston, Texas 77002

(713) 292-2225 office

(713) 583-3999 facsimile

**LAW OFFICE OF JOSEPH K. PLUMBAR**

*//JKP//*

**JOSEPH K. PLUMBAR**

Federal Bar No. 1493814

1200 Rothwell Street

Houston, Texas 77002

(713) 384-5507 (office)

(866) 252-3048 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

/s/ Joseph K. Plumbar, Esq.
Joseph K. Plumbar, Esq.