IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

DARRYL GEORGE                        §
Plaintiff,                           §
                                     §
V.                                   §     NO. 3:24-cv-00012
                                     §
BHISD, GREGORY POOLE, LANCE          §
MURPHY AND RYAN RODRIGUEZ            §
Defendants.                          §

## PLAINTIFF'S SUPPLEMENT TO HIS APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Darryle George, Plaintiff herein, and files this Plaintiff's Supplemental Application for Temporary Restraining Order and Temporary and Permanent Injunction against BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendants herein, and in support thereof, shows the court the following:

1.      Plaintiff, Darryle George, is an Individual and student of BHISD school district and Barber's Hill High School.

2.      Defendants are BHISD Gregory Poole, Lance Murphy and Ryan Rodriguez.

3.      The subject matter in controversy is within the jurisdictional limits of this court.

4.      The four elements a plaintiff must establish to secure a preliminary injunction are:

(a)     a substantial likelihood of success on the merits,

(b)     a substantial threat of irreparable injury if the injunction is not issued,

(c)     that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and

(d)     that the grant of an injunction will not disserve the public interest.

### FACTS

5.      Darryl George is the plaintiff and a senior at Barber's Hill High School. Last year, Darryl George filed a lawsuit against Abbott, Paxton, BHISD, Gregory Poole, Lance Murphy, and Ryan Rodriguez. The plaintiff has worn his natural hair in locs as an outward expression of his

Black identity and culture for several years now. He has not cut his hair since the time the locs began to form. BHISD and the BHISD employee defendants have repeatedly and with malicious intent disciplined him excessively for violating the dress and grooming code by assigning him to in-school suspension (ISS) and even DAEP (Disciplinary Alternative Education Program). Last school year, BHISD and BHISD employees disciplined the plaintiff by removing him from traditional instruction since August 31, 2023.

6.      Last school year, the plaintiff was denied hot lunch each day while in ISS. When the plaintiff's mother requested hot food for her child, she was told that she must buy him hot food if she wants him to have it. The plaintiff was given a mere sandwich in a bag (made with processed meat and cheese) and an 8 oz bottle of water to drink for the entire day. Other children who were not being disciplined for their hair were allowed to eat hot food as part of the free lunch program. The plaintiff was denied adequate food and water while in ISS and denied the free lunch and breakfast program that he is entitled to under both state and federal law. The plaintiff's mother, Darresha George, does not have the money to buy the plaintiff's lunch, which is why he qualifies for free lunch and breakfast.

7.      All defendants are aware of the punishment imposed by BHISD and of the public stance that BHISD has taken regarding their dress and grooming policy and equal protection sex discrimination. Dispositive motions (in the form of motions to dismiss) were filed by all defendants. Plaintiffs filed responses. All claims were subsequently dismissed, with the exception of the plaintiff's equal protection and gender discrimination claim. Unless BHISD, Gregory Poole, Lance Murphy, and Ryan Rodriguez, the defendants herein, are immediately enjoined and restrained, they will continue to perform the same acts, and the plaintiff will suffer the same immediate and irreparable injury (to his education in and through gender discrimination).

8. Darryl George began school as he stated that he would in Exhibit 1. Exactly what he feared was going to occur, did occur. More specifically, Darryl George was forced to unenroll from BHISD and transfer to Sterling High School solely because the Defendants, in failing to follow their own internal policies, placed him in in-school detention on the very first day of school. They continued to place him in detention on the second day, which caused him significant emotional distress, ultimately leading to a nervous breakdown. As a result, we had no choice but to remove him from the school environment. Plaintiff never wanted to leave. Plaintiff wishes to return. Plaintiff still lives in the same neighborhood and is still zoned to BHISD. His siblings still attend BHISD schools and his family suffers detriment each day getting him to and from Sterling High School because there is no transportation for Plaintiff to go to Sterling as that is not a school he is zoned to. Moreover, BHISD is ranked much high in academic performance than Sterling High School, See Exhibit 4.

## SUPPLEMENTAL ARGUMENT

9.      In light of the above-described facts, Plaintiff seeks recovery from Defendant despite being forced to unenroll, as Plaintiff intends to return to the school and retains the ability to re-enroll at any time. Furthermore, the Superintendent has acknowledged that George has been negatively impacted by the lack of classroom instruction at BHISD. He was aware that placing Plaintiff in ISS would adversely affect Plaintiff's academic performance and learning ability (See Exhibit 2).

Additionally, the Superintendent has recognized that this type of issue does not exempt the Court from making a decision, as it affects the broader student population and is likely to arise again. This acknowledgment was made last year when George's transfer was under consideration, See Exhibit 3.

10.     Unless this Honorable Court immediately restrains the Defendant, the Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief.

**REMEDY**

11.     Plaintiff has met Plaintiff's burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

12.     Plaintiff requests the court to restrain Defendant from Texas students to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement. The Defendants should be compelled to halt and/or cause its schools to halt all disciplinary action pending and future, for those who have locs, braids, twists and protective styles. The Defendants should be stopped from enforcing their dressing and grooming policy against Plaintiff.

13.     It is essential that the court immediately and temporarily restrain BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant herein, from (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(a) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

(b) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(c) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

(d) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(e) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

(f) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(g) Disturbing the peace of Darryl George while attending Barber's Hill High School..  It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the

matter because irreparable harm will result if nothing is done and Darryl George has a claim that is likely to succeed on the merits.

14.     In order to preserve the status quo during the pendency of this action, Plaintiff requests that the Defendant be temporarily enjoined from (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(a) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

(b) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(c) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

(d) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(e) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

(f) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(g) Disturbing the peace of Darryl George while attending Barber's Hill High School.

15.     On final trial on the merits, that the Court permanently enjoin BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant herein, from (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(a) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

(b) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(c) making any disparaging or negative statements or comments about Darryl

George to any school, university, organization, business, individual, or other person; and

(d) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(e) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

(f) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(g) Disturbing the peace of Darryl George while attending Barber's Hill High School.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Darryle George, Plaintiff herein, respectfully prays that:

a.    BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, will be cited to appear and answer herein;

b.    A temporary restraining order will issue without notice to BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, restraining Defendant, Defendant's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys from directly or indirectly (1) Instituting any punishment or discipline against student, Darryl George for the length of his hair (as it relates to BHISD's dress and grooming code);

(2) Enforcing the Barbers Hill Independent School District ("BHISD") hair-length policy against Darryl George or otherwise seeking to force Darryl George to cut his hair;

(3) disqualifying Darryl George from participation in BHISD's football program, tutoring program or other extracurricular activities on the basis that his locs are uncut;

(4) making any disparaging or negative statements or comments about Darryl George to any school, university, organization, business, individual, or other person; and

(5) taking any further actions to retaliate against Darryl George for refusing to cut his locs;

(6) Exposing Darryl George to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are alleged to be or that are longer than the District or schools' length requirement.

(7) Removing Darryl George from Barber's Hill High School on the basis that he has not cut his locs;

(8) Disturbing the peace of Darryl George while attending Barber's Hill High School.

c.    The Court sets a reasonable bond for the temporary restraining order;

d.    After notice and hearing, a temporary injunction will issue enjoining and restraining BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly disciplining, pulling out of regular instruction and pulling out of regular instruction due to his hair and hair length;

e.    After trial on the merits, the Court permanently enjoin BHISD, Gregory Poole, Lance Murphy and Ryan Rodriguez, Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly disciplining, pulling out of regular instruction and pulling out of regular instruction due to his hair and hair length.

f.    For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BOOKER LAW FIRM**
*/s/Allie  Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873 1200
Rothwell Street
Houston, Texas 77002
(713) 292-2225 office
(713) 583-3999 facsimile


**LAW OFFICE OF JOSEPH K. PLUMBAR**

*/s/Joseph  Plumbar*
**JOSEPH K. PLUMBAR**
Federal Bar No. 1493814
1200 Rothwell Street
Houston, Texas 77002
(713) 384-5507 (office)
(866) 252-3048 (facsimile)


## NOTICE OF ELECTRONIC FILING

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have electronically
submitted for filing, a true and correct copy of the above in accordance with the
Electronic Case Files System of the Southern Texas, on this the 28TH  day of
September, 2024.

*/s/Allie Booker*
Allie Booker

## CERTIFICATE OF SERVICE

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have forwarded, a true and
correct copy of the above, to all parties in this case, in accordance with The Federal
Rules of Civil Procedure, on this on this the 28TH day of September, 2024.

*/s/Allie Booker*
Allie Booker

## <u>VERIFICATION</u>

STATE OF TEXAS                       §

                                        §

COUNTY OF Harris                 §

        BEFORE ME, the undersigned authority, personally appeared Darryl George, who, on oath, stated that the statements made in the foregoing Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction are true and correct.

_____

Darryl George

        SUBSCRIBED AND SWORN TO BEFORE ME on this the __28th__ day of __September__, 2024, to certify which witness my hand and seal of office.  This notarial act was an online notarization and was signed with an electronic signature.

_____

Notary Public, State of Texas



Ashley Spencer
Notary Public, State of Texas
Comm. Expires 09-14-2026
Notary ID 131722901

Notarized Online with NotaryLive.com