**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **DARRYL GEORGE AND**<br>**DARRESHA GEORGE,** | § <br> § <br> § | |
| *Plaintiffs,* | § <br> § | |
| **v.** | § <br> § | **C.A. No. 3:24-CV-00012** |
| **GREG ABBOTT, KEN PAXTON,**<br>**BARBERS HILL INDEPENDENT**<br>**SCHOOL DISTRICT, GREG POOLE,**<br>**LANCE MURPHY AND RYAN**<br>**RODRIGUEZ** | § <br> § <br> § <br> § <br> § <br> § | |
| *Defendants.* | § <br> § | |

## BARBERS HILL INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION (DKT. 116)

Barbers Hill Independent School District (the District) responds in opposition to Plaintiff's Supplemental Application for a Temporary Restraining Order (TRO), Temporary Injunction, and Permanent Injunction (Dkt. 116), as follows:

1.      On August 14, 2024, Plaintiff filed his re-urged Application for injunctive relief, which he supplemented on August 15, 2024. Dkts. 81-82. The District timely responded in opposition. Dkt. 84.

2.      On August 20, 2024, Plaintiff executed a Withdrawal Form and formally and officially withdrew from the District. Dkts. 96, 101-103. As such, the District filed a supplement to its Response and Suggestion of Mootness to Plaintiff's request for injunctive relief. Dkt. 96.

1

3.      On September 28, 2024 – 39 days after Plaintiff had already withdrawn from the District – Plaintiff supplemented, for a second time, his Application for a TRO and other injunctive relief. Dkt. 116. In this supplement, Plaintiff makes no new arguments, except he now claims he was "forced to unenroll" and that he "never wanted to leave." *Id.* at ¶ 8. Plaintiff offers no supporting evidence and only cites to the affidavit he executed on August 12, 2024 – before he withdrew from the District. *Id.* at Exh. 5. As such, there is no evidence before the Court that supports Plaintiff's new contention that he was "forced to unenroll" and that he indeed wants to return to the District, knowing that it will enforce its dress and grooming code.

4.      Regardless, Plaintiff's arguments are legally insufficient to support an application for a TRO or other injunctive relief. "Where a student is no longer enrolled in the school whose policies he is challenging, there is no case or controversy sufficient to support prospective injunctive relief." *Esfeller v. O'Keefe*, 391 F. App'x 337, 340 (5th Cir. 2010) (citing to *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 606 (5th Cir. 2004)). As such, even if the Court were to accept Plaintiff's unsupported assertion that he wants to re-enroll at the District, but only if the Court grants a TRO before he re-enrolls, it is not sufficient to support the "extraordinary and drastic remedy" that is injunctive relief. *Cf id.* (quoting *Concerned Women for Am. Inc. v. Lafayette Cnty.*, 883 F.2d 32, 34 (5th Cir. 1989)).

5.      Further, injunctive relief in the form of a TRO or preliminary injunction is designed to "preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits." *City of Dallas v. Delta*

*Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). Here, the status quo is that the District has enforced its lawful, facially race-neutral dress and grooming code against Plaintiff, who has admittedly been out of dress code (and, therefore, disciplined) throughout the entirety of the 2023-2024 school year and for the first two days of the 2024-2025 school year. *See generally* Dkts. 54, 81-82, 116; Dkt. 76. Plainly, Plaintiff does not seek to preserve the status quo, he wants to change it, and his request for injunctive relief should be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should deny Plaintiff's request for a TRO, with or without hearing; hearing for injunctive relief; and the entrance of a preliminary or permanent injunction against the District.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_____
JONATHAN G. BRUSH
Attorney-in-Charge
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. 15004
rmorris@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS    FOR    BARBERS    HILL
INDEPENDENT SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

_____
Attorney for Barbers Hill ISD