**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **DARYL GEORGE, ET AL.,** | § | |
| | § | |
| | § | |
| **Plaintiffs** | § | |
| **vs.** | § | **3:24-CV-12** |
| | § | |
| **GREGG ABBOTT, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants** | § | |
| | § | |
| | § | |

---

**PLAINTIFFS' ADVISORY TO THE COURT REGARDING PLAINTIFFS'**
**REQUEST FOR TEMPORARY RESTRAINING ORDER**

---

The Plaintiffs files this advisory to the Court to support the Plaintiffs' position in submitting the Temporary Restraining Order to the Court as submitted on August 14, 2024. The Plaintiffs' request for a temporary restraining order was submitted to this Court on August 14, 2024 with accompanied affidavits and an e-mail admission from Defendants' counsel.

Pursuant to Fed. R. Civ. Proc. 65 (b)(1), "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. This honorable court could have ruled and set an expedited hearing pursuant to Fed. R. Civ. Proc. 65 (b)(3).  In an effort to be proactive, Counsel emailed the Court and specifically asked, "Mr. Cardenas, Last question, does the judge not grant a TRO just on the papers?" Mr. Cardenas' response was, "We are waiting on response to be filed before deciding if a hearing is needed." **See Exhibit 1- Emails** The Plaintiffs' asked for relief on several occcassions. The Court did not need a hearing in this matter as the motion had accompanying affidavits and an e-mail from Defendants' counsel stating that Mr. George was going not going to be placed in regular classes. The admission alone by Defendants' Counsel showed the irreparable harm was imminent and was going to happen. The Court could have ruled and have an expedited hearing.

Again, the Plaintiffs file this advisory to set the timeline in support in their motion for the temporary restraining order and its insistence on a ruling or hearing.

Respectfully submitted,

**THE BOOKER LAW FIRM**

*//AB//*

**ALLIE R BOOKER**

Federal Bar No. 1089873

1200 Rothwell Street

Houston, Texas 77002

(713) 292-2225 office

(713) 583-3999 facsimile

**LAW OFFICE OF JOSEPH K. PLUMBAR**

_**//JKP//**_

**JOSEPH K. PLUMBAR**

Federal Bar No. 1493814

1200 Rothwell Street

Houston, Texas 77002

(713) 384-5507 (office)

(866) 252-3048 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

/s/ Joseph K. Plumbar, Esq.
Joseph K. Plumbar, Esq.