United States District Court
Southern District of Texas
**ENTERED**
October 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | 3:24-cv-12 |
| | § | |
| GREG ABBOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court is the plaintiff's application for "temporary restraining order, [preliminary] injunction, and permanent injunction" against Barbers Hill Independent School District, Gregory Poole, Lance Murphy, and Ryan Rodriguez (collectively, "the District"). Dkt. 81. The court will deny the application.

Darryl George ("George") has been in in-school suspension ("ISS") since the beginning of his junior year because his hair violates the school's dress and grooming policy. *Id.* ¶ 2. The policy provides, in relevant part:

> Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes when let down. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down.

Dkt. 54 ¶ 23. The parties do not dispute that George's dreadlocks, or "locs," when let down, would extend "below the top of a t-shirt collar, below the eyebrows, or below the earlobes." Dkt. 81 ¶ 7.

Initially, George[1] asserted various claims under § 1983, Title VI, Title IX, and state law. Dkt. 54. However, the court dismissed most of those claims in August, leaving only George's Equal Protection sex-discrimination claim. Dkt. 76.

On August 14, 2024, George began his senior year of high school. Dkt. 81-2 at 2. Again, the District placed him in ISS for his hair. Dkt. 82-4. George withdrew from the District six days later, citing the harmful impacts of detention on his mental health. Dkts. 102, 103, 112. George now seeks injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction. Dkt. 81.

Despite George's withdrawal, the court retains jurisdiction over his claims for equitable relief. The District argues George lacks standing to request injunctive relief because he is no longer subject to the District's policies as a non-student. *See, e.g.*, *Campbell v. Lamar Institute of Tech.*,

---

[1] George's mother, Darresha, filed suit with George. However, she brought only state-law claims. Because the court dismissed those claims, George is the only remaining plaintiff.

842 F.3d 375, 382–83 (5th Cir. 2016) (finding withdrawn student who did not intend to reenroll lacked standing for equitable relief); *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06, 109–10 (1983) (finding plaintiff lacked standing for injunctive relief because his threat of future injury was speculative, not imminent or certain).

But this case is distinguishable from *Campbell* and *Lyons*. George desires and intends to reenroll in the District where he still resides. Dkt. 112 at 1–2; *cf. Campbell*, 842 F.3d at 382 (emphasizing that student lacked standing because he did not intend to return to the school). And unlike the plaintiff in *Lyons*, whether George will suffer injury upon reenrollment is certain—the District has unequivocally stated it will enforce the policy against him. Dkt. 82-1 at 1–2; *cf. Lyons*, 461 U.S. at 105 (finding it was speculative and unlikely that the plaintiff would be illegally choked by the police again, and thus there was no live controversy).

Additionally, George continues to suffer collateral consequences of the District's policy. Dkt. 112. George's disciplinary record reflects his year-long relegation to ISS for violating the policy. Dkt. 82-1, 82-4. This sanction is a sufficient injury for Article III standing. *See Esfeller v. O'Keefe*, 391 F. App'x 337, 339–40 ("Although, absent the blemish on his academic record, Esfeller would not have a live controversy or standing to challenge the validity of the

Code now that he is no longer subject to it, the sanction is an actual, concrete injury sufficient to satisfy Article III."). And on a practical level, George remains burdened by the policy. Dkt. 112. His single-car family must coordinate driving him to school and his father to work, while his siblings ride the bus to District schools. *Id.* at 2. For these reasons, George has standing to pursue injunctive relief.

To obtain such relief, George must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). The Fifth Circuit has repeatedly cautioned that injunctive relief "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (internal quotation marks and citation omitted).

Although this court has jurisdiction to grant the requested relief, George has not shown sufficient reasons for the delay in seeking this order. "[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of

delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Wireless Agents, L.L.C. v. T–Mobile USA, Inc.*, No. 3:05–CV–0094–D, 2006 WL 1540587, at *3 (N.D. Tex. June 6, 2006) (internal citations omitted).

The court does not dispute that George reurged his request for injunctive relief, originally sought last February, immediately following the court's ruling on the District's motion to dismiss and at the start of his senior year. Dkts. 57, 81. But the fact remains that though George filed this lawsuit on September 23, 2023, Dkt. 1, he then endured ISS for more than 170 days before filing this application on August 14, 2024, nearly one year later. Dkts. 81, 112. Granting the injunction now would improperly reinstate the status quo as it existed prior to this litigation and long before George filed this application.[2] *See McKinney ex rel. N.L.R.B. v. Creative Vision Res., L.L.C.*,

---

[2] In oral argument at yesterday's hearing, counsel for the plaintiff correctly noted that this is not George's first request for a temporary restraining order. On February 23, 2023, George requested "a pre-motion conference," a type of hearing employed by some judges in this district but not contemplated by the Galveston Division Rules of Practice, to request an emergency injunction hearing. Dkt. 57. The court denied that request, also citing the plaintiff's undue delay. *See* Dkt. 59 ("[T]he plaintiffs' delay in seeking emergency injunctive relief is fatal to their contention that they risk immediate and irreparable harm absent a TRO."). At that point, the lawsuit had been on file for five months before the plaintiffs sought injunctive relief. *See Boire v. Pilot Freight Carriers, Inc.,* 515 F.2d 1185, 1193 (5th

783 F.3d 293, 295 (5th Cir. 2015) (finding the district court abused its discretion when it enjoined conduct in 2014 to preserve a status quo from 2011). Accordingly, George's initial delay still provides an independent reason for the court to deny his motion. *See Boire*, 515 F.2d at 1193.

Moreover, George has failed to establish a substantial likelihood of success on the merits. Specifically, the court has determined that the District has the clearly more compelling case on whether George will prevail on his Equal Protection sex-discrimination claim.[3] As the plaintiff has failed to establish this first element necessary for injunctive relief, there is no need to consider the others. *See, e.g.*, *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010) ("Because we have determined that [movant] cannot show a substantial likelihood of success on the merits, we need not address [the] additional arguments regarding the other necessary elements for preliminary injunctive relief."); *Wireless*, 2006 WL 1540587 at *2 (finding the court need not make findings on all the elements if the applicant fails to establish either of the first two factors).

---

Cir. 1975) (affirming district court's denial of temporary injunctive relief where movant, among other things, delayed three months in making its request).

[3] The court will shortly separately issue findings of fact and conclusions of law to support its ruling on this reurged request for injunctive relief as well as on its earlier ruling denying George's request for emergency relief. *See* Dkt. 59.

For these reasons, the court denies George's request for a temporary restraining order.

Signed on Galveston Island this 4th day of October, 2024.


_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE