IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DARRYL GEORGE, et al,** § | | |
|   Plaintiffs, § | | |
|     V. § | | 3:24 cv 00012 |
|      § | | |
| **GREG ABBOTT, et al.** § | | **Jury Trial Demanded** |
|   Defendants. § | | |

---

Plaintiffs' Notice and Motion for Certification of Interlocutory Appeal:
Denial of Injunctive Relief and Lack of Proper Discovery Outright and Before Injunctive Relief Ruling

---

NOW COMES Plaintiff, Darryl George, in the above-captioned case, hereby requesting an interlocutory appeal to the United States Court of Appeals for the Fifth Circuit from the judgment due to the Court's denial of injunctive relief and due to the court's denial of adequate discovery before injunctive relief hearing, and/or denial of a hearing on injunctive relief. In support thereof, Plaintiff states the following:

      I.     STAGE OF THE CASE

Plaintiff Darryl George has an ongoing gender discrimination claim under the Equal Protection Clause. On October 4, 2024, the Court ruled on George's request for injunctive relief without holding the requested injunction hearing. The ruling, which was framed as addressing only the temporary restraining order, effectively denied all injunctive relief without granting the hearing. Moreover, the Court never set the injunction hearing on the docket, leaving George unaware of when the matter was considered (See Docket Nos. 120-121).

Additionally, the Court granted a continuance on the motion for summary judgment due to the lack of discovery and simultaneously reversed the quashing of a deposition that George had scheduled to gather evidence for his injunction hearing. However, instead of opening discovery and scheduling a hearing for the injunction, the Court denied George's request for injunctive relief without holding the hearing. This occurred despite the Court acknowledging that George did not

delay in seeking such relief. The Court further stated that George failed to present sufficient evidence to meet his burden after preventing Plaintiff from obtaining the discovery he needed to support his claim for injunctive relief.

George now appeals the denial of his injunction hearing, the denial of injunctive relief, and the deprivation of his right to conduct discovery, both generally and in relation to the injunctive relief request. George respectfully submits his notice of appeal in light of these due process concerns, as such denials have a significant impact on the overall outcome of the case.

## II.     ARGUMENT IN SUPPORT

Under 28 U.S.C. § 1292(a)(1), (a)Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

(1)Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order," 28 U.S.C. § 1292(b).

Plaintiff asserts that all three criteria under § 1292(b) are satisfied in this case, justifying the certification of the interlocutory appeal to the Fifth Circuit Court of Appeals:

1. **Controlling Question of Law**: The Court's order involves a controlling question of law concerning the application of Title VI and the CROWN ACT to claims of racial discrimination.

2. **Substantial Ground for Difference of Opinion**: There exists a substantial ground for difference of opinion regarding the legal questions raised, particularly in relation to the interpretation and application of the statutes in question.

3. **Material Advancement of Litigation**: An immediate appeal may materially advance the ultimate termination of the litigation by potentially resolving key issues that could otherwise prolong the case.

While interlocutory appeals are generally disfavored, this case presents the exceptional circumstances envisioned by § 1292(b). The statute's purpose is fulfilled in cases like this one, where the criteria for interlocutory appeal are clearly met. The decision to certify an interlocutory appeal lies within the sound discretion of the trial court, as recognized by case law such as *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985) and *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th Cir. 1987), among others.

In light of these factors, Plaintiff respectfully requests that the Court grant certification of these issues for interlocutory appeal. The matters at hand involve significant concerns regarding discovery, which raise due process implications for this case, as well as issues related to the denial of injunctive relief.

III.     CONCLUSION

For the reasons stated, Plaintiff respectfully requests certification of appeal.

Plaintiff prays for all relief to which he is entitled at law and in equity.

Respectfully submitted,

The Booker Law Firm
1200 Rothwell Street
Houston, Texas 77002
T: 713-292-2225
F: 713-583-3995

**By:   /s/Allie Booker**
Allie R. Booker SBN: 24071071

FBN: 1089873

booker@bookerlawfirm.com

LEAD COUNSEL

Law Office of Joseph K. Plumbar 1200 Rothwell Street

Houston, Texas 77002

T: 713-384-5507

F: 866-252-3048

**By:   /s/Joseph K. Plumbar**

Joseph K. Plumbar SBN: 24062331

FBN: 1493814

jplumbar@plumbarlaw.com

CO-COUNSEL

## NOTICE OF ELECTRONIC FILING

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 18th day of October, 2024.

*/s/Allie Booker*
Allie Booker

## CERTIFICATE OF SERVICE

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have forwarded a true and correct copy of the above, to all parties in this case, in accordance with The Federal Rules of Civil Procedure, on this on this the 18th day of October, 2024.

*/s/Allie Booker*
Allie Booker