IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE, et al, | § | |
|   Plaintiffs, | § | |
|   V. | § | 3:24 cv 00012 |
| | § | |
| GREG ABBOTT, et al. | § | Jury Trial |
|   Demanded Defendants. | § | |

**PLAINTIFF'S EMERGENCY MOTION FOR DISCOVERY RE-URGED AS IT RELATES TO RACE AND CULTURAL IDENTITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Darryl George, by and through his undersigned counsel, and files this Motion for Discovery Re-Urged as it Relates to Race and Cultural Identity, requesting this Court order Barbers Hill Independent School District ("BHISD") the named Defendant to provide demographic and disciplinary statistical data relevant to race and gender. In support of this motion, Plaintiff respectfully shows the following:

**I. INTRODUCTION & NATURE OF RELIEF SOUGHT**

1. Plaintiff alleges that Defendants' grooming policy imposes gender-based discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

2. The discovery sought is directly relevant to proving disparate impact, a key element of gender discrimination under federal law.

3. Defendants have objected to producing statistical data regarding race and discipline enforcement within BHISD, despite such evidence being central to demonstrating a

pattern of discriminatory application of grooming policies. The Courts have improperly sustained that objection.

4. Plaintiff seeks an order compelling Defendants to respond fully to discovery requests concerning demographic enrollment, disciplinary actions by gender and race, and any internal or external reports analyzing disparities in disciplinary enforcement.

5. The Court has restricted discovery and has accepted Defendants' argument that Plaintiff is not entitled to discovery related to race-based data. Plaintiff has been prohibited from seeking such information through depositions or other discovery methods.

6. Plaintiff asserts that this ruling is incorrect and that restricting access to racial demographic data prevents Plaintiff from properly proving disparate impact, which is essential to his gender discrimination claim.

7. Plaintiff raised this objection at the conference on the motion to compel, which was heard by the Associate Judge, and reurges his request at this time.

8. In light of preparing Plaintiff's brief for appeal regarding the injunction, Plaintiff must now renew this request and seek reconsideration to obtain the discovery necessary to substantiate his underlying claim.

9. The district court's prior denial of discovery severely impacts Plaintiff's ability to present evidence of systemic discrimination, violating the fundamental principles outlined in *Craig v. Boren*, 429 U.S. 190 (1976), which mandates that gender-based classifications must be justified with an exceedingly persuasive rationale.

10. The restriction of discovery and denial of a hearing on this matter contravenes the well-established precedent in *Direct Biologics L.L.C. v. McQueen*, 63 F.4th 1015 (5th

Cir. 2023), where the Fifth Circuit held that discovery should not be denied when it directly relates to a plaintiff's ability to meet their burden of proof.

11. By denying discovery, the court deprived, and continues to deprive, Appellant of the opportunity to develop the factual record necessary to support his claim.

12. Even now, the Court restricts discovery, currently obstructing Plaintiff from making his case as it relates to disparate treatment of the rule by BHISD, an element of his claim.

13. This creates serious due process concerns and makes it even more critical for the court to fully evaluate the merits of the Equal Protection argument as it relates to the sought injunction.

14. Without access to discovery, Plaintiff is prevented from demonstrating the actual enforcement disparities and statistical patterns of gender-based enforcement of the grooming policy.

15. Equal Protection claims require factual evidence, such as: a. Data on the policy's impact on male vs. female students; b. Testimony or records explaining the school's rationale for the policy; c. Evidence of the policy's enforcement and any disparate impacts on students of different racial or cultural backgrounds.

## II. REQUEST FOR EXTENSION OF DISCOVERY DEADLINE

18. Plaintiff requests an extension of the discovery deadline for an additional sixty (60) days to allow sufficient time to: a. Seek and obtain the statistical and demographic data from BHISD; b. Conduct further discovery related to racial disparities in disciplinary enforcement; c. Properly prepare and supplement Plaintiff's arguments for appeal concerning disparate impact evidence.

19. The requested extension is necessary because Defendants' continued refusal to comply with discovery obligations has delayed Plaintiff's ability to access and analyze key data.

20. In Feds for *Medical Freedom v. Biden*, 63 F.4th 366 (2022), the Fifth Circuit reversed a lower court's denial of an injunction where the denial resulted in irreparable harm due to the lack of a meaningful evidentiary record. Similarly, here, restricting discovery while simultaneously denying relief based on the absence of such evidence constitutes a denial of due process that will flow to the principal matter, especially where a motion for summary judgment was previously filed and is going to be reurged.

## III. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issue an order:

1. Requiring the Defendants to produce the requested statistical and demographic data within seven (7) days of this Court's order;

2. Overruling Defendants' objections which the Court sustained as it relates to producing such information;

3. Expanding the scope of discovery to include all relevant racial and gender demographic data;

4. Extending the discovery deadline for an additional sixty (60) days to allow Plaintiff to obtain and analyze the necessary data; and

5. **Granting such other and further relief** as this Court deems just and proper.

Respectfully submitted,

The Booker Law Firm
1200 Rothwell Street
Houston, Texas 77002
T: 713-292-2225
F: 713-583-3995

***/s/Allie R. Booker***

Allie R. Booker
SBN: 24071071
FBN: 1089873
booker@bookerlawfirm.com
LEAD COUNSEL


Law Office of Joseph K. Plumbar
1200 Rothwell Street
Houston, Texas 77002
T: 713-384-5507
F: 866-252-3048

***/s/Joseph K. Plumbar***

Joseph K. Plumbar
SBN: 24062331
FBN: 1493814
jplumbar@plumbarlaw.com
CO-COUNSEL


### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I certify that I conferred with counsel for Defendants regarding the relief sought in Plaintiff's Motion for Discovery Re-Urged as it Relates to Race and Cultural Identity. The undersigned counsel for Plaintiff communicated with counsel for Defendants via email on 02/04/2025, in a good faith attempt to resolve this dispute without Court intervention.

Defendants oppose the relief requested in this motion and maintain their position that Plaintiff is not entitled to discovery related to racial and cultural demographic data. Despite

multiple attempts to reach a resolution, the parties were unable to come to an agreement, necessitating the filing of this motion.

Accordingly, this motion is submitted to the Court for consideration.

## NOTICE OF ELECTRONIC FILING

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 4th day of February, 2025.

*/s/Allie Booker*
Allie Booker

## CERTIFICATE OF SERVICE

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have forwarded a true and correct copy of the above, to all parties in this case, in accordance with The Federal Rules of Civil Procedure, on this on this the 4th day of February, 2024.

*/s/Allie Booker*
Allie Booker