Case 3:24-cv-00012   Document 189   Filed on 07/24/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | 3:24-cv-12 |
| GREG ABBOTT, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

Before the court is George's motion to reconsider the memorandum opinion and order granting the district's motion for summary judgment. Dkts. 183, 185. Also pending is the plaintiff's response to the court's show-cause order. Dkts. 183 at 9–10; 184. The court denies the motion and sanctions George's counsel of record as detailed below.

### I. Motion to reconsider

George has made his grounds for opposing summary judgment abundantly clear. *See* Dkts. 97, 173, 174, 184, 185, 188; Minute Entry 04/23/2025 (briefing and hearing on the motion). He has repeated these grounds in his motion for reconsideration. *See generally* Dkts. 185, 188. The court understands George's position well. Nevertheless, the district remains entitled to summary judgment. End of story. *See Bellard v. Univ. of Tex. MD*

*Anderson Cancer Ctr.*, 2023 WL 6371028, at *2 (S.D. Tex. Aug. 2, 2023) (stating courts are less likely to "reopen issues" as case "nears final disposition," particularly when party seeking reconsideration "relitigate[s] matters, raise[s] arguments, or submit[s] evidence that could have been presented" sooner (citations omitted)); *Tex. Instruments, Inc. v. Hyundai Elecs. Indus. Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) ("A motion to reconsider based on recycled arguments only serves to waste the resources of the court."). So the court denies the plaintiff's motion to reconsider. Dkt. 185.

## II. Rule 11 sanctions

"District courts have an independent duty to maintain the integrity of the judicial process." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 808 (5th Cir. 2003) (en banc). And attorneys have a duty to conduct a "reasonable inquiry into the facts and law of a case" when they affix their "signature[s] on any papers to the court." *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); Fed. R. Civ. P. 11. Accordingly, "[i]t is sanctionable conduct for counsel to file pleadings with no legal or factual justification." *Esparza v. Contreras*, No. 5:23-CV-98, 2023 WL 9316921, at *3 (S.D. Tex. Dec. 28, 2023), *report and recommendation adopted*, No. 5:23-CV-98, 2024 WL 287697 (S.D. Tex. Jan. 25, 2024). Whether counsel

have satisfied Rule 11 is "an objective, not subjective, standard of reasonableness under the circumstances," considering the following factors:

> [T]he time available for investigation; the extent to which an attorney relied on [his or her] client for factual support; the feasibility of a pre-filing investigation; whether the attorney accepted the case from another member of the bar; the complexity of the factual and legal issues; and the extent to which the development of the factual circumstances of the claim requires discovery.

*Whitehead*, 332 F.3d at 802 (citation omitted); *Thornton v. GMC*, 136 F.3d 450, 454 (5th Cir. 1998).

The court ordered George's counsel, Allie R. Booker and Joseph K. Plumbar, to show cause in writing as to why their conduct in responding to the motion for summary judgment, Dkts. 174–82, did not violate Rule 11(b). Dkt. 183 at 10. Booker and Plumbar admit the brief at issue is littered with inaccurate citations, but chalk them up to inadvertent errors arising from an inexplicable repaginating of the documents they obtained in discovery. Dkt. 184 at 1. The court does not doubt counsel acted without malice. That said, Booker and Plumbar's justification engenders skepticism. The district puts it well—"How can a transposition error create a quote a witness never said?" Dkt. 187 at 4. Worse, George's "amended" response with "corrected citations" again runs afoul of Rule 11. *See* Fed. R. Civ. P. 11(b)(3) (attorney certifies "the factual contentions have evidentiary support" by filing brief with the court);

Dkts. 185-1 (corrected response); 187-1 (appendix comparing George's updated citations with actual evidence, noting numerous discrepancies).[1]

The court finds that none of the reasonable-inquiry factors under Rule 11 excuse Booker and Plumbar from their duty to ensure the accuracy of the facts supporting George's argument. Precedent applying intermediate scrutiny to gender-discrimination claims is well settled and relatively straightforward. Counsel had adequate time to draft George's summary-judgment response and verify its accuracy. *See* Dkts. 85 (district's motion for summary judgment filed in August 2024); Minute Entry 04/23/2025 (permitting George to file a supplemental response as late as May). The

---

[1] *Compare* Dkt. 185-1 at 12 (claiming Mandy Malone "testified that the hair policy did not reflect any direct instructional need or empirical foundation" and when asked whether the district had evidence "showing long hair disrupted instruction, she replied, 'No, I don't believe we do,'" citing Dkt. 184-5 at 43), *with* Dkt. 184-5 at 43 (notary's certification for deposition, without the cited quotation nor any other testimony); *compare* Dkt. 185-1 at 13 (claiming deponent "admitted: 'I don't believe the current policy is based on educational need' and 'it reflects what our community is used to seeing,'" citing Dkt. 184-5 at 24, 37), *with* Dkt. 184-5 at 24, 37 (testimony containing neither quote, instead discussing irrelevant topics, *i.e.*, who drafted the "when let down" language in the policy, the district's public statements supporting the policy, and George's state law claims); *see also* Dkt. 185-1 at 4 (claiming Dr. Poole "conced[ed] that 'neatness' and 'discipline' are values derived from local customs, not proven educational benefits," but citing Rick Kana's deposition testimony that concerned unrelated topics); Dkt. 185-1 at 3 (claiming Fred Skinner, among others, testified the "grooming policy was not implemented on the basis of any empirical studies, safety assessments, or expert recommendations," yet citing portions of contradictory testimony where Skinner confirms the district conducted multiple studies). The list goes on. *See* Dkts. 187 at 5–7; 187-1. These inaccuracies go beyond "a discrepancy in interpretation." Dkt. 188 at 3.

district identified the supplemental brief's flaws in great detail, and counsel had weeks to show cause for the factual inaccuracies that brief contained. Dkts. 174, 182, 183. Clearly, lack of time is not the issue. The numerous "erroneous quotation[s] could have been discovered through simple proofreading"—indeed, the district had no trouble identifying the errors. *Jenkins v. Methodist Hosps. of Dall. Inc.*, No. CIV.A.3:02CV1823-M, 2004 WL 2871006, at *2 (N.D. Tex. Dec. 14, 2004), *aff'd*, 478 F.3d 255 (5th Cir. 2007); *see also Esparza*, 2023 WL 9316921, at *3 ("[W]hen a reasonable amount of research would have revealed that a party's position is groundless, Rule 11 sanctions are appropriate." (citation omitted)); *see* Dkts. 182-1, 187-1 (identifying and explaining inaccuracy of each citation). For these reasons, the court finds sanctions are appropriate.

"Rule 11 limits sanctions 'to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.'" *Whitehead*, 332 F.3d at 808 (quoting Fed. R. Civ. P. 11(c)(4)). "[T]he district court retains broad discretion in determining the appropriate sanction," which "may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances."[2] *Thomas v. Cap. Sec. Servs., Inc.*, 836

---

[2] In determining what Rule 11 sanction to impose, the court also considers: (1) whether the conduct was willful, negligent, or intended to cause injury, isolated

F.2d 866, 878 (5th Cir. 1988) (quotations omitted). When, as here, the court *sua sponte* issues the show-cause order, "sanctions are limited to nonmonetary directives or penalties paid to the [c]ourt." *Esparza*, 2023 WL 9316921, at *6 (citation omitted).

For the reasons above, the court finds the minimum sanction necessary to deter repetition by Booker and Plumbar, and others similarly situated, is completion of three hours of State Bar of Texas-certified continuing legal education on a subject related to federal civil procedure by June 30, 2026. Counsel must submit proof of completion in writing to the court. This order shall serve as a public reprimand to Allie Booker and Joseph Plumbar.

A final judgment will issue separately.

Signed on Galveston Island this 24th day of July, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

or repeated, and affected a single event or the whole case; (2) similar prior conduct by counsel; (3) the time and expense associated with the conduct; and (4) whether the responsible party was trained in the law. *Bullard v. Chrysler Corp.*, 925 F. Supp. 1180, 1190 (E.D. Tex. 1996).