

United States Courts
Southern District of Texas
FILED
August 12, 2025
Nathan Ochsner, Clerk of Court

# United States Court of Appeals
## for the Fifth Circuit

Certified as a true copy and issued
as the mandate on Aug 12, 2025

Attest:  *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 24-40700

United States Court of Appeals
Fifth Circuit
**FILED**
July 22, 2025

Lyle W. Cayce
Clerk

DARRYL GEORGE,

*Plaintiff—Appellant,*

versus

BARBERS HILL INDEPENDENT SCHOOL DISTRICT; LANCE MURPHY; RYAN RODRIGUEZ,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:24-CV-12

---

## UNPUBLISHED ORDER

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges.*

PER CURIAM:

    The plaintiff-appellant in this case alleges that the defendants-appellees have unlawfully discriminated against him by imposing certain hairstyle requirements at his high school. The district court denied preliminary relief to restrain the school from further enforcement of its grooming policy against the plaintiff. This appeal was taken from that interlocutory order. The defendants have moved to dismiss the appeal on

the premise that "graduation or impending graduation renders" a student's "claims for injunctive relief" against a school "moot." *See Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000).

The plaintiff argues that he has a continuing stake in the controversy because of the collateral consequences of school discipline. The plaintiff alleged that he was "repeatedly and non-stop" disciplined by the school district and its employees, including long-term in-school suspension, arguing that an injunction was necessary to address harms including "damage to his educational and disciplinary file." In his opposition to this motion, he reiterates that "[t]he disciplinary actions taken against him appear in his official records, affecting future employment, college applications, and/or military eligibility."

We agree that formal school discipline, like a criminal conviction, can be expected to have collateral consequences on the student after the discipline concludes. *See* Eve Rips, *The Collateral Consequences of School Disciplinary Records*, 2024 Mich. St. L. Rev. 175, 185; *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 128 n.*, 129 (1975) (per curiam) (noting, where case was dismissed for mootness because of the plaintiff students' graduation, that the appeal did not implicate expungement from the students' records). From the papers before us, we see no reason that a declaratory judgment that the challenged policies are unlawful would not redress those collateral consequences. And in any case, as the defendants concede, the plaintiff's claims for damages would be equally unaffected by his graduation. *See Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017), *as revised* (July 3, 2017).

Nonetheless, this appeal comes to us in an interlocutory posture, and we are concerned only with the specific and preliminary relief requested. We are unable to see how, particularly in light of the opportunity for relief on the

No. 24-40700

merits, the preliminary relief at issue in this appeal, involving enforcement of the school's grooming policy against a graduated student, has the potential to "affect the rights of litigants in the case." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). And because we anticipate that continuing collateral consequences are likely to provide the plaintiff a justiciable stake in this controversy despite his graduation, we defer consideration of the contention that the issues are capable of repetition yet evade review. *See U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 (5th Cir. 2023). Whether or not that is so will, if necessary, become clearer upon review of the whole case on the merits.

IT IS ORDERED that the appellees' motion to dismiss appeal as moot is GRANTED.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

August 12, 2025

Mr. Nathan Ochsner
Southern District of Texas, Galveston
United States District Court
601 Rosenberg Street
Room 411
Galveston, TX 77550-0000

    No. 24-40700    George v. Barbers Hill ISD
                          USDC No. 3:24-CV-12

Dear Mr. Ochsner,

Enclosed is a copy of the judgment issued as the mandate.

                      Sincerely,

                      LYLE W. CAYCE, Clerk

                      *Melissa Mattingly*
                      By: _____
                      Melissa V. Mattingly, Deputy Clerk
                      504-310-7719

cc:
     Mrs. Allie R. Booker
     Mr. Jonathan Griffin Brush
     Ms. Jennesa Calvo-Friedman
     Ms. Amy Dawn Demmler
     Ms. Alexandra Johnson
     Mr. Brian Klosterboer
     Ms. Linda Morris
     Mr. Richard Alan Morris
     Mr. Joseph Kelly Plumbar
     Mr. Kyle Stone